IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROSS DETTMERING, FRANCIS, MANGUBAT, and all other similarly situated individuals, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | C.A. No.: 1:22-cv-01482-CFC-SRF |
| VBIT TECHNOLOGIES CORP., VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, KATIE VOE, SEAN TU, JIN GAO, LILLIAN ZHAO, JOHN DOE INDIVIDUALS 1-10, and ABC COMPANIES 1-10, | : : : : : : : : : | |
| Defendants. | : : | |

**DEFENDANT JIN GAO'S OPENING BRIEF
IN SUPPORT OF MOTION TO DISMISS**

HEYMAN ENERIO
GATTUSO & HIRZEL LLP
Samuel T. Hirzel, II (# 4415)
Kelly E. Rowe (# 6199)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
shirzel@hegh.law
krowe@hegh.law

*Attorneys for Defendant Jin Gao*

## <u>TABLE OF CONTENTS</u>

NATURE AND STATE OF THE PROCEEDINGS ........................................................ 1

SUMMARY OF THE ARGUMENT ........................................................................... 1

STATEMENT OF FACTS .......................................................................................... 3

   A.  Summary of Plaintiffs' General Allegations. ................................................... 3

   B.  Summary of Plaintiffs' Allegations Involving Gao. ........................................ 3

ARGUMENT ............................................................................................................... 4

   A.  PLAINTIFFS' CLAIMS AGAINST GAO SHOULD BE DISMISSED
       FOR LACK OF PERSONAL JURISDICTION. ........................................... 4

   B.  PLAINTIFFS' CLAIMS AGAINST GAO SHOULD BE DISMISSED
       FOR IMPROPER VENUE ............................................................................ 6

   C.  PLAINTIFFS' CLAIMS AGAINST GAO—WHICH CONSIST ENTIRELY OF
       IMPROPER "LUMPING"—FAIL TO COMPLY WITH RULE 8. ................... 7

   D.  PLAINTIFFS' RICO CLAIMS (COUNTS I–II) SHOULD BE
       DISMISSED BECAUSE (1) THE ARE EXPRESSLY BARRED
       BY 18 U.S.C. § 1964(c); AND (2) THEY FAIL TO STATE CLAIMS
       UPON WHICH RELIEF CAN BE GRANTED. .............................................. 8

     1.  Plaintiffs' RICO claims are barred by 18 U.S.C. § 1964 (c) which excepts
        from RICO's ambit any conduct that could be actionable as
        alleged securities fraud. ............................................................................ 8

     2.  Plaintiffs failed to sufficiently plead a 18 U.S.C. § 1962(c)
        "RICO Participation" claim (Count I) against Gao. ................................ 10

        a.  Plaintiffs failed to sufficiently allege that Gao "conducted or
           participated" in the affairs of an alleged RICO enterprise. ................ 10

        b.  Plaintiffs failed to sufficiently allege the predicate acts constituting
           "racketeering activity." ........................................................................ 12

     3.  Plaintiffs failed to sufficiently plead a 18 U.S.C. § 1962(d)
        "RICO Conspiracy" (Count II) claim against Gao. ................................ 13

   E.  PLAINTIFFS FRAUD (COUNT III) AND NEGLIGENT
       MISREPRESENTATION (COUNT X) CLAIMS SHOULD BE DISMISSED
       UNDER RULE 9(B). .................................................................................... 15

F. PLAINTIFFS' CIVIL CONSPIRACY CLAIM (COUNT IV) SHOULD BE DISMISSED BECAUSE PLAINTIFFS FAILED TO ALLEGE GAO ENTERED INTO AN AGREEMENT TO CONSPIRE ........................................................................ 16

G. PLAINTIFFS' CONVERSION CLAIM (COUNT V) SHOULD BE DISMISSED BECAUSE (1) PLAINTIFFS DO NOT ALLEGE THAT GAO HIMSELF
H. " CONVERTED" ANYTHING; AND (2) IT IS PRECLUDED BY PLANTIFFS' BREACH-OF-CONTRACT CLAIM. ............................................................................... 17

I. PLAINTIFFS' CLAIMS FOR DECEPTIVE TRADE PRACTICES AND CONSUMER FRAUD (COUNTS VI & VII) FAIL BECAUSE PLAINTIFFS DO NOT ALLEGE THAT GAO HIMSELF ENGAGED IN ANY DECEPTIVE TRADE  PRACTICE OR CONSUMER FRAUD. ........................................................... 18

CONCLUSION..................................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES</u>

*Aladdin Knowledge Sys. Ltd. v. Feitian Techs. Co.*,
  2006 WL 8432749 (D. Del. 2006) ........................................................ 4

*Adverio Pharma GmbH v. Alembic Pharms. Ltd.*,
  2019 WL 581618 (D. Del. Feb. 13, 2019) ............................................ 7

*Aliperio v. Bank of Am., N.A.*
  764 F. App'x 236 (3d Cir. 2019)). ...................................................... 13

*AmeriMark Interactive, LLC v. AmeriMark Holdings, LLC*,
  2022 WL 16642020 (Del. Super. Ct. Nov. 3, 2022). .......................... 16

*BAM Int'l, LLC v. MSBA Grp. Inc.*,
  2021 WL 5905878 (Del. Ch. Dec. 14, 2021) ........................................ 6

*Belfi v. USAA Fed. Sav. Bank*,
  No. CV 22-2083,
  2022 WL 4097325 (E.D. Pa. Sept. 7, 2022) ........................................ 12

*Bell v. Dave*,
  2022 WL 2667017 (D.N.J. July 11, 2022) ............................................ 12

*Blueprint Cap. Advisors, LLC v. Murphy*,
  2022 WL 17887229 (D.N.J. Dec. 23, 2022) .......................................... 13

*Brown v. Access Midstream Partners, L.P.*,
  141 F. Supp. 3d 323 (M.D. Pa. 2015) ................................................... 10

*Burton v. Ken-Crest Servs., Inc.*,
  127 F. Supp. 2d 673 (E.D. Pa. 2001) ..................................................... 8

*Chaney v. Dreyfus Serv. Corp.*,
  595 F.3d 219 (5th Cir. 2010) ................................................................. 13

*Crowe v. Henry*,
  43 F.3d 198 (5th Cir. 1995)). ................................................................ 13

*D'Ambly v. Exoo*,
  No. CV 20-12880,
  2022 WL 3040929 (D.N.J. Aug. 1, 2022). ........................................... 15

*Dayhoff Inc. v. H.J. Heinz Co.*,
    86 F.3d 1287 (3d Cir. 1996)). .......................................................................... 4

*ECB USA, Inc. v. Savencia, S.A.*,
    2020 WL 11762200 (D. Del. July 10, 2020); .................................................... 7

*Grand Ventures, Inc. v. Whaley*,
    632 A.2d 63 (Del. 1993) ................................................................................. 19

*Humana, Inc. v. Indivior, Inc.*,
    No. 21-2573, 2022 WL 17718342 (3d Cir. Dec. 15, 2022 .............................. 10

*Huntley v. VBit Technologies Corp., et al.*,
    Case No. 1:22-cv-001164-UNA (D. Del. September 2, 2022). ......................... 9

*Joint Stock Soc. Trade House of Descendants of Peter Smirnoff, Official Purveyor
    to the Imperial Court v. Heublein, Inc.*,
    936 F. Supp. 177 (D. Del. 1996) (citations omitted) ....................................... 4

*King v. Pratt & Whitney Canada Corp.*,
    2021 WL 663059 (D. Del. Feb. 19, 2021*)* ................................................... 15

*Kolfenbach v. Mansour*,
    36 F. Supp. 2d 1351 (S.D. Fla. 1999) .............................................................. 8

*Kuroda v. SPJS Hldgs., L.L.C.*,
    971 A.2d 872 (Del. Ch. 2009) ........................................................................ 18

*Macrophage Therapeutics, Inc. v. Goldberg*,
    2021 WL 2582967 (Del. Ch. June 23, 2021) .................................................. 17

*MLSMK Inv. Co. v. JP Morgan Chase & Co.*,
    651 F.3d 268 (2d Cir. 2011) ............................................................................. 8

*Nieves v. All Star Title, Inc.*,
    No. CIVAN10C03191PLA,
    2010 WL 2977966 (Del. Super. Ct. July 27, 2010 .......................................... 19

*Odesser v. Cont'l Bank*,
    676 F.Supp. 1305 (3d Cir. 1987)). ................................................................. 14

*Otto Candies, LLC v. KPMG LLP*,
    2019 WL 994050 (Del. Ch. Feb. 28, 2019) .................................................... 15

*Ranieri v. AdvoCare Int'l, L.P.*,
    336 F. Supp. 3d 701 (N.D. Tex. 2018) .................................................*Passim*

*Reves v. Ernst & Young*,
    507 U.S. 170 (1993) ................................................................................ 10

*Rinaldi v. Iomega Corp.*,
    1999 WL 1442014(Del. Super. Ct. Sept. 3, 1999) .................................. 20

*Ryanair DAC v. Booking Holdings Inc.*,
    2022 WL 13946243 D. Del. Oct. 24, 2022) ............................................ 15

*Smith v. Berg*, 247 F.3d 532 (3d Cir. 2001)) ................................................ 14

*The Knit With v. Knitting Fever, Inc.*,
    No. CIV.A. 08-4221
    2011 WL 1161716 (E.D. Pa. Mar. 30, 2011), ......................................... 14

*Truinject Corp. v. Nestle Skin Health, S.A.*,
    2019 WL 6828984 (D. Del. Dec. 13, 2019) .............................................. 4

*University of Maryland at Baltimore v. Peat, Marwick, Main & Co.*,
    996 F.2d 1534 (3d Cir. 1993) ................................................................. 10

*W.D.C. Holdings, LLC v. IPI Partners, LLC*,
    2022 WL 2235005 (Del. Ch. June 22, 2022). ......................................... 18

## STATUTES

18 U.S.C. § 1961(1). ..................................................................................... 12
18 U.S.C. § 1962(c). ..................................................................................... 10
18 U.S.C. § 1962(d). ..................................................................................... 13
18 U.S.C. § 1964(c), ................................................................................... 8, 9
28 *U.S.C.* § 1391(b). ...................................................................................... 6

## RULES

Fed. R. Civ. P. 8(a). ....................................................................................... 7
Fed. R. Civ. P. 9(b)) .................................................................................... 12
Fed. R. Civ. P. 9(b). .................................................................................... 15

Defendant Jin Gao ("Gao") moves, pursuant to Federal Rules of Civil Procedure 8(a), 9(b), 12(b)(2), and 12(b)(6), to dismiss the above-captioned Complaint.

## NATURE AND STATE OF THE PROCEEDINGS

Plaintiffs filed their class action Complaint against several defendants, including Gao, on November 10, 2022. (D.I. 1). The Complaint contains ten counts in total, eight of which are alleged against all Defendants generally, inclusive of Gao (*i.e.*, Counts I–VII, X). Plaintiffs assert Counts VIII ("Breach of Contract") and IX ("Breach of the Implied Covenant of Good Faith and Fair Dealing") against only the Entity Defendants. The only counts that actually mention Gao by name, however, are Counts I & II (*i.e.*, the two RICO claims). Defendant Gao now moves to dismiss the Complaint for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief may be granted, and respectfully submits this opening brief in support of his motion.

## SUMMARY OF THE ARGUMENT

This Court does not have personal jurisdiction over Gao. Gao is a Pennsylvania resident, who is alleged to be associated with a Pennsylvania-based company. Gao is not alleged to have taken any act in or directed towards Delaware. In short, Plaintiffs have not set forth any basis for this Court to exercise personal jurisdiction over Gao. Similarly, Plaintiffs' only basis for venue in this Court is a forum-selection clause contained in contracts they entered into with VBit Technologies Corp and VBit Mining LLC (collectively, "VBit"). *See* (D.I. 1 at ¶ 26). Gao is not a party to those contracts; thus, Plaintiffs have not alleged any basis for venue as to Gao.

Additionally, Plaintiffs' claims against Gao fail as a matter of law. The scattershot pleadings are insufficient, lacking the essential who, what, where, why, and when details, and do not even come close to the heightened pleading standards applicable to Plaintiffs' fraud, negligent misrepresentation, RICO, and consumer fraud claims.

1

In short, Plaintiffs' minimal allegations against Gao are as follows: (1) he is a salesperson working for VBit and/or Advanced Mining with the marketing title "Vice Chairman"; (2) he participated in VBit's presentation of BMWs as gifts to two of VBit's high-performing salespersons; and (3) he himself owns a BMW, and a picture of him with that car was posted to VBit's social media account. It should go without saying that neither posting a picture of one's car to social media nor presenting gifts to co-workers, in and of themselves, give rise to legal liability. Despite this self-evident fact, Plaintiffs have failed to provide any explanation for why these actions somehow constitute torts. Indeed, despite referencing these acts in the body of their Complaint, Plaintiffs make no mention of them whatsoever within any of their actual counts.

Moreover, Gao is not a director, officer, member, manager, or owner of VBit or Advanced Mining Group ("Advanced Mining")—nor is he alleged to be. Although Gao did work as a salesperson for the aforementioned entities (and was awarded the title of "Vice-Chairman" based upon his level of sales), he has never met or spoken with either of the named Plaintiffs (and no such contact or communications are alleged). Despite this fact, Plaintiffs decided to casually "lump" Gao into almost all of their claims with virtually no explanation.

Plaintiffs' improper tactic of "lumping" is pervasive. Plaintiffs have created a web of allegations that all vaguely reference the "Defendants," but do not actually identify any tortious act or statement by Gao himself. Given the size of this web (*i.e.*, Plaintiffs have alleged eight counts against all Defendants generally, including Gao), it requires some effort to untangle. But the crux of this motion is simple: Plaintiffs have failed to allege Gao himself did anything wrong.

## STATEMENT OF FACTS

### A.   Summary of Plaintiffs' General Allegations.

The Complaint centers on RICO claims arising out of "Bitcoin mining packages" sold by Defendants VBit and Advanced Mining. (D.I. at ¶ 7). Plaintiffs describe these "Bitcoin mining packages" as follows:

> By offering Plaintiffs and the Class the chance to own mining packages, Defendants promised Plaintiffs they could generate a steady stream of Bitcoin and, as such, obtain Bitcoin by purchasing the machines and servicing of those machines needed to generate it without taking on the higher risks associated with trading Bitcoin by simply attempting to time the market.

(*Id.*) According to Plaintiffs, VBit promised a "steady stream of Bitcoin" that would be generated by hardware controlled and maintained by VBit. (*Id.* at ¶¶ 7–8, 94–95).

Plaintiffs argue, however, that VBit's mining packages "were a complete sham" used to "perpetrat[e] a classic Ponzi scheme." (*Id.* at ¶ 10). According to Plaintiffs, "Defendants sold and leased. . . far more computing power than they actually controlled" and "converted for their own benefit any Bitcoin mined from any hardware they purported to lease." (*Id.* at ¶ 11). Plaintiffs claim VBit's "scheme" fell apart "[w]hen the price of Bitcoin plummeted" in early 2022. (*Id.* at ¶ 17). Around that same time, Plaintiffs allege (1) "Defendants" orchestrated a fake "sale" of VBit to Advanced Mining; and (2) "Defendants" "[froze] their customers' virtual wallets, preventing customers from accessing the valuable Bitcoin they supposedly held." (*Id.* at ¶ 18). Critically, however, Plaintiffs do not allege that Gao himself was involved with either of those two events.

### B.   Summary of Plaintiffs' Allegations Involving Gao.

In summary, the Complaint's minimal factual allegations involving Gao are as follows:

- Gao is a "Vice Chairman" of Advanced Mining and a former "Vice President" of VBit. (*Id.* at ¶ 44).

3

- "Upon information and belief, Mr. Gao was also a co-founder of VBit." (*Id.*)

- Gao and others—some of whom are not even named as Defendants—"posted videos online as a means of recruiting VBit customers." (*Id.* at ¶ 106). As an example, Plaintiffs cite to an online video in which Gao participated in VBit's presentation of "new BMW sports cars" to two of VBit's "top performers." (*Id.* at ¶ 108).

- VBit posted to its social media account a picture of Gao next to his own "BMW sports car." (*Id.* at ¶ 136).

As explained more fully below, these minimal allegations are insufficient to state *any* claim against Gao—let alone RICO claims.

## ARGUMENT

### A.   PLAINTIFFS' CLAIMS AGAINST GAO SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.

"Once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Truinject Corp. v. Nestle Skin Health, S.A.*, 2019 WL 6828984, at *7 (D. Del. Dec. 13, 2019) (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996)). "To meet this burden, [the plaintiff] must adduce facts which establish with reasonable particularity that jurisdiction over [the defendant] exists." *Aladdin Knowledge Sys. Ltd. v. Feitian Techs. Co.*, 2006 WL 8432749, at *3 (D. Del. 2006) (internal quotation marks and citations omitted). Prior to the start of discovery, the nonmoving party may rely on the good faith factual allegations of its complaint, if such allegations establish sufficient contacts between the moving party and Delaware. *Joint Stock Soc. Trade House of Descendants of Peter Smirnoff, Official Purveyor to the Imperial Court v. Heublein, Inc.*, 936 F. Supp. 177, 192 (D. Del. 1996) (citations omitted). Of course, the Court need not allow discovery when the allegations of personal jurisdiction are clearly frivolous. *Id.*

4

Plaintiffs concede (accurately) that Gao resides in and is a citizen of Pennsylvania. (D.I. 1 ¶ 43) (Ex. A, Gao Aff. ¶ 2).  Despite suing Gao in Delaware, however, Plaintiffs do not allege that Gao took any act in or directed towards Delaware. *Indeed, the Complaint hardly mentions Gao at all*. The reason for the Complaint's dearth of allegations against Gao is simple: Gao has never even met or spoken with the named Plaintiffs. (Ex. A, Gao Aff. ¶ 9).

Rather than focus on Gao's actual conduct or communications, the Complaint instead relies upon generic allegations that Gao was a "Vice Chairman of Advanced Mining," "previously held the position of Vice President of VBit," and, "[u]pon information and belief . . . was also a co-founder of VBit." (D.I. 1 ¶ 44). The last part of this statement is simply not true: Gao is *not* "a co-founder of VBit." (Gao Aff. ¶ 5). Rather, Gao was recruited to join VBIT's marketing/sales team by Defendant Don Vo, who is VBIT's actual founder. (*Id.* ¶ 5).

Although Gao was given the "Vice Chairman" title with Advanced Mining—a "Philadelphia based tech start-up" (*i.e.*, not a Delaware corporation)—that was merely a marketing title. (*Id.* ¶ 3). In fact, the Complaint concedes "Vice Chairman" just signifies a certain "status" given to high-performing salespersons. (D.I. ¶¶ 115–117).  Similarly, Gao's former "Vice President of Marketing" title with VBit was also a mere marketing title—just like "Vice Chairman" (*i.e.*, it was a title given to high-performing salespersons; it was not an officer title). (Gao Aff. ¶ 4). To be clear:  Gao is not (nor has he ever been) a director, officer, member, manager, or owner of VBit or Advanced Mining. (*Id.* ¶ 6). Moreover, and consistent with the fact that he is just a salesperson (as opposed to a corporate officer), Gao was not involved in any way with VBit's decision to "freeze" anyone's "virtual wallet" or with the sale of VBit to Advanced Mining (nor does the Complaint allege any such involvement by Gao). (*Id.* ¶ 8). In fact, Gao himself was frozen

5

out of his own "virtual wallet" controlled by Advanced Mining. (*Id.* ¶ 8). In that respect, Gao is more similarly situated to the Plaintiffs than the company defendants.

Regardless, Delaware law is clear that a person's mere company title at a Delaware entity, in and of itself, is insufficient to confer personal jurisdiction without the existence of "minimum contacts." *BAM Int'l, LLC v. MSBA Grp. Inc.*, 2021 WL 5905878, at *2 (Del. Ch. Dec. 14, 2021) (holding personal jurisdiction did not exist over two individual defendants because they lacked sufficient minimum contacts with Delaware—even though those individuals were the CEO and CFO of the defendant Delaware corporation). Thus, even assuming *arguendo* Gao were an officer of one of the Delaware-incorporated defendant companies (which he is not), even that hypothetical circumstance, in and of itself, would not support personal jurisdiction.

In summary: (1) Gao is a Pennsylvania citizen; (2) Plaintiffs have not alleged that Gao took any act in or directed towards Delaware, and (3) Gao's mere status as a salesperson for VBit does not subject him to personal jurisdiction in Delaware. Accordingly, Plaintiffs' claims against Gao are due to be dismissed for lack of personal jurisdiction.

## B.   PLAINTIFFS' CLAIMS AGAINST GAO SHOULD BE DISMISSED FOR IMPROPER VENUE.

To establish venue in this Court, Plaintiffs rely exclusively on provisions in contracts they entered into with VBit. (D.I. 1 at ¶ 26,). Gao is not a party to these agreements; thus, the provisions in the agreements, notably including the venue provisions, do not apply to Gao and he is not bound by them. There are no other allegations referring to any activity that occurred in Delaware or that otherwise ties any of the claims in the case to Delaware. *See generally* 28 *U.S.C.* § 1391(b). As a result, this case should be dismissed as to Gao for improper venue.

## C.   PLAINTIFFS' CLAIMS AGAINST GAO—WHICH CONSIST ENTIRELY OF IMPROPER "LUMPING"—FAIL TO COMPLY WITH RULE 8.

Under Rule 8(a), a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Even this lenient "notice pleading" standard, however, is not satisfied when the Plaintiff's allegations merely "lump" defendants together without delineating what the defendants "are said to have done individually." *ECB USA, Inc. v. Savencia, S.A.*, 2020 WL 11762200, at *22 (D. Del. July 10, 2020); *see also, Adverio Pharma GmbH v. Alembic Pharms. Ltd.*, 2019 WL 581618, at *6 (D. Del. Feb. 13, 2019) ("[A]llegations lumping multiple defendants together without providing allegations of individual conduct are . . . insufficient to satisfy the notice pleading standard.").

The Plaintiffs' Complaint presents a clear case of improper "lumping." The Complaint is rife with vague allegations "attributable" to all Defendants generally. Indeed, the **<u>only</u>** Counts that even mention Gao by name are Plaintiffs' RICO claims (Counts I & II)—and even those claims merely "lump" Gao into a list with all of the other individual Defendants. This "lumping" tactic is legally impermissible, and for good reason. If the rule were otherwise, plaintiffs could allege a cognizable claim against one defendant, and then "lump in" as many other defendants as they wanted without the need to substantiate their claims against those other defendants. This, unfortunately, is precisely what the Plaintiffs have done here. Accordingly, Plaintiffs' claims against Gao should be dismissed for failing to comply with Rule 8.

**D.    PLAINTIFFS' RICO CLAIMS (COUNTS I–II) SHOULD BE DISMISSED BECAUSE (1) THE ARE EXPRESSLY BARRED BY 18 U.S.C. § 1964(c); AND (2) THEY FAIL TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED.**

**1.    Plaintiffs' RICO claims are barred by 18 U.S.C. § 1964(c), which excepts from RICO's ambit any conduct that could be actionable as alleged securities fraud.**

Although the RICO statute provides a private right of action, it excepts from that right claims based "upon any conduct that would have been actionable as fraud in the purchase or sale of securities." 18 U.S.C. § 1964(c). This exception was inserted via amendment as part of Congress' enactment of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). *Kolfenbach v. Mansour*, 36 F. Supp. 2d 1351, 1352 (S.D. Fla. 1999). "[T]he amendment was not intended merely 'to eliminate securities fraud as a predicate offense in a civil RICO action,' but also to prevent a plaintiff from 'plead[ing] other specified offenses, such as mail or wire fraud, as predicate acts under civil RICO if such offenses are based on conduct that would have been actionable as securities fraud.'" *Burton v. Ken-Crest Servs., Inc.*, 127 F. Supp. 2d 673, 676 (E.D. Pa. 2001) (quoting H.R. Conf. Rep. No. 104–369, at 47).

Section 1964(c)'s bar against RICO claims based upon "any conduct" that could be actionable as securities fraud "applies regardless of whether a plaintiff can plead a cause of action under the federal securities laws." *Ranieri v. AdvoCare Int'l, L.P.*, 336 F. Supp. 3d 701, 713 (N.D. Tex. 2018). Stated differently, "the RICO Amendment bars claims based on conduct that could be actionable under the securities laws even when the plaintiff, himself, cannot bring a cause of action under the securities laws." *MLSMK Inv. Co. v. JP Morgan Chase & Co.*, 651 F.3d 268, 276 (2d Cir. 2011) (internal quotations and citations omitted).

Here, Plaintiffs concede their claims arise out of conduct that could be—and actually was—"actionable as fraud in the purchase or sale of securities." Plaintiffs allege as follows:

- "Plaintiffs and members of the Class sustained damages arising out of Defendants' common course of conduct **in violation of federal and state securities laws**." (D.I. ¶ 184) (emphasis added).

- "VBit entered into a Consent Order with the **Securities Division for the State of Washington** . . . which concludes that VBIT's offer and/or sale of the combined Bitcoin mining hardware and services package **constitute the offer and/or sale of a security[.]**" (Compl. ¶ 153) (emphasis added).

- "Defendants conspired to and did participate in the fraudulent scheme to defraud VBit and Advanced Mining's customers by making false statements of fact about the quality and nature of the products sold by VBit and Advanced Mining." (Compl. ¶ 213).

In summary, Plaintiffs allege: (1) the mining packages at issue constitute securities, as already determined by the Securities Division for the State of Washington; (2) Defendants participated in a "fraudulent scheme" by misrepresenting the "quality and nature" of those mining packages; and (3) Defendants' alleged conduct was taken "in violation of federal state and securities laws." (D.I. 1 at ¶ 184). Further, presently pending before this Court is another action against the same Defendants arising out of the exact same conduct at issue here—and that parallel action is premised on alleged securities fraud. *See Huntley v. VBit Technologies Corp.*, *et al.*, Case No. 1:22-cv-001164-UNA (D. Del. September 2, 2022). The parallel *Huntley* action, however, was recently dismissed against Gao on January 12, 2023.

Because Plaintiffs concede their RICO claims arise out of conduct that could be actionable as fraud in the purchase or sale of securities (and, in fact, action has already been taken by the Securities Division for the State of Washington), those claims are precluded by the unambiguous, plain language of 18 U.S.C. § 1964(c), which excepts such claims from the RICO statute.

> **2.** **Plaintiffs failed to sufficiently plead a 18 U.S.C. § 1962(c) "RICO Participation" claim (Count I) against Gao.**

18 U.S.C. § 1962(c) states that "[i]t shall be unlawful for any person employed by or associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity[.]" 18 U.S.C. § 1962(c). Stated differently, the elements of a "RICO participation" claim are as follows: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Humana, Inc. v. Indivior, Inc.*, No. 21-2573, 2022 WL 17718342, at *3 (3d Cir. Dec. 15, 2022) (internal quotation marks and citations omitted). "The plaintiff must, of course, allege each of these elements to state a claim." *Id.* As explained below, Plaintiffs' "RICO participation" claim against Gao fails because, at a minimum, Plaintiffs failed to sufficiently alleged the first and fourth elements (*i.e.*, they failed to sufficiently allege both Gao's "conduct" as well as the alleged "racketeering activity.").

> **a.** **Plaintiffs failed to sufficiently allege that Gao "conducted or participated" in the affairs of an alleged RICO enterprise.**

"In order for a defendant 'to conduct or participate' in the affairs of a RICO enterprise, a defendant must, in some capacity, direct the affairs of the enterprise." *Brown v. Access Midstream Partners, L.P.*, 141 F. Supp. 3d 323, 338 (M.D. Pa. 2015) (citing *Reves v. Ernst & Young*, 507 U.S. 170, 178–79 (1993)). "To say it another way, the [defendant] must knowingly engage in 'directing the enterprise's affairs through a pattern of racketeering activity.'" *Id.* (quoting *University of Maryland at Baltimore v. Peat, Marwick, Main & Co.*, 996 F.2d 1534, 1539 (3d Cir. 1993)). "To satisfy the 'conduct or participate' requirement, the plaintiff must set forth facts plausibly establishing that the defendant . . . had 'some part in directing the enterprise's affairs.'" *Ranieri,* 336 F. Supp. 3d at 717 (quoting *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993)).

Allegations that an individual worked as a high-ranking salesperson and produced "training and recruiting" videos for an alleged RICO enterprise are, in and of themselves, legally insufficient to demonstrate that such individual "direct[e]d the enterprise's affairs." *Ranieri*, 336 F. Supp. 3d at 717–718. In *Ranieri*, the plaintiffs alleged "RICO participation" claims again certain salespersons employed by a company operating as an alleged pyramid scheme. *Id.* at 717. The Plaintiffs alleged those individuals had "reached the top two percent of Distributors, [had] brought in massive downlines, [had] maintained websites and produced training and recruiting videos, and [had] been defined [by the company as] 'Leadership.'" *Id.* at 717. Nevertheless, the district court dismissed the "RICO participation" claims against those individuals because the aforementioned facts did not demonstrate they actually operated or managed the alleged enterprise. *Id.* at 718. The court explained that the individuals' creation of "training and recruiting videos" and generation of profits did not "show that [they] had the power to direct the enterprise's affairs." *Id.* Further, the court emphasized that the Plaintiffs' description of the individuals as being company "Leadership" was "misleading." *Id.* This was so because "Leadership" was merely a marketing term the company gave to successful salespersons. *Id.*

Like the Plaintiffs in *Ranieri*, the Plaintiffs here merely allege that Gao was a high-ranking salesperson and was involved in a VBit's video-recorded presentation of gifts to two other high-ranking salespersons. Importantly, Plaintiffs do not allege that Gao "had the power to direct the enterprise's affairs." *Ranieri*, 336 F. Supp. 3d at 717. Although Plaintiffs allude to Mr. Gao's current "Vice Chairman" title, that title—like the "Leadership" titles that were at issue in *Ranieri*—is merely a marketing title VBit gave to successful salespersons, such as Mr. Gao. (D.I. ¶¶ 115–117). In short, Plaintiffs allege nothing more than that Gao was a successful salesperson and

11

appeared in a rather innocuous VBit promotional video. Those allegations, as a matter of law, are insufficient to demonstrate that Gao "conducted" the affairs of an alleged RICO "enterprise."

### b. Plaintiffs failed to sufficiently allege the predicate acts constituting "racketeering activity."

"Racketeering activity" is defined to include a variety of criminal offenses, including, but not limited to, mail and wire fraud. *See* 18 U.S.C. § 1961(1). "Mail or wire fraud consists of (1) a scheme to defraud, (2) use of the mail or interstate wires to further that scheme, and (3) fraudulent intent." *Belfi v. USAA Fed. Sav. Bank*, No. CV 22-2083, 2022 WL 4097325, at *7 (E.D. Pa. Sept. 7, 2022). Further, although "RICO itself need only be plead under Rule 8(a) . . . Rule 9(b) applies . . . to RICO predicate acts that themselves require the higher pleading standard." *Bell v. Dave*, 2022 WL 2667017, at *6 (D.N.J. July 11, 2022). Because mail and wire fraud are both forms of fraud, they must be alleged in compliance with Rule 9(b)'s heightened pleading standard, which "requires pleading with particularity the 'who, what, when and where details of the alleged fraud.'" *Belfi*, 2022 WL 4097325, at *7 (quoting Fed. R. Civ. P. 9(b)) (applying Rule 9(b) to allegations of mail and wire fraud that served as the alleged basis for a RICO claim).

Here, Plaintiffs do not sufficiently allege the "who what, when and where" details of the wire and mail fraud they claim constitute the predicate acts at issue. (D.I. ¶ 16).  For example, Plaintiffs "do[] not point to any particular wire or mail transmissions." *Belfi*, 2022 WL 4097325, at *7 (dismissing RICO claims because, among other reasons, the plaintiff failed to identify "any particular wire or mail transmissions"). Further, Plaintiffs do not allege with any particularity that Gao had the requisite "fraudulent intent." "Civil RICO claims based on mail and wire fraud violations require allegations that the defendants acted 'with the specific intent to deceive or to defraud.'" *Ranieri*, 336 F. Supp. 3d at 716. These "scienter allegations must meet the heightened pleading requirements of Rule 9(b)." *Id.* "Thus, while intent can be averred generally . . . a RICO

mail fraud averment must nonetheless provide some factual basis for conclusory allegations of intent, which must, in turn, give rise to a strong interference of fraudulent intent." *Id.*

Here, Plaintiffs have not even alleged the underlying predicate acts with the requisite specificity; thus, they have certainly not alleged that Gao had the requisite scienter. Indeed, Plaintiffs have not alleged any facts indicating that Gao was even aware of, let alone participated in, VBit's alleged "fraud." Plaintiffs have merely alleged that Gao was a salesperson who appeared in a video in which VBit presented gifts to two of its other salespersons. Those allegations plainly do not "give rise to a strong inference of fraudulent intent" by Gao.

### 3. Plaintiffs failed to sufficiently plead a 18 U.S.C. § 1962(d) "RICO Conspiracy" (Count II) claim against Gao.

18 U.S.C. § 1962(d) states as follows: "It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."  18 U.S.C. § 1962(d). "To plead a RICO conspiracy claim, a plaintiff must show: (1) an agreement between two or more people to commit a substantive RICO offense; and (2) that defendants knew of and agreed to the overall objective of the RICO offense." *Ranieri*, 336 F. Supp. 3d at 715 (citing *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 239 (5th Cir. 2010)); *see also Blueprint Cap. Advisors, LLC v. Murphy*, 2022 WL 17887229, at *27 (D.N.J. Dec. 23, 2022) ("A claim under § 1962(d) requires "an (1) agreement to commit the predicate acts" and "(2) knowledge that those acts were a part of a pattern of racketeering activity conduct in such a way as to violate section 1962(a), (b), or (c).") (quoting *Aliperio v. Bank of Am., N.A.* 764 F. App'x 236, 239 (3d Cir. 2019)).

Importantly, "[t]he plaintiff must plead specific facts 'implying [an] agreement to commit predicate acts of racketeering.'" *Ranieri*, 336 F. Supp. 3d at 715 (citing *Crowe v. Henry*, 43 F.3d 198, 206 (5th Cir. 1995)). Indeed, "[t]he Third Circuit has emphasized that those who innocently provide services will not incur § 1962(d) liability; rather 'liability will only arise from services

which were purposefully and knowingly directed at facilitating a criminal pattern of racketeering activity.'" *The Knit With v. Knitting Fever, Inc.*, No. CIV.A. 08-4221, 2011 WL 1161716, at *3 (E.D. Pa. Mar. 30, 2011), *aff'd*, 625 F. App'x 27 (3d Cir. 2015) (quoting *Smith v. Berg*, 247 F.3d 532, 538 (3d Cir. 2001)).

In light of this law, "[i]t is not enough for a complaint to simply make 'conclusory allegations of concerted action but [be] devoid of facts actually reflecting joint action.'" *Id.* at *4 (internal quotation marks and citations omitted). "**Bare allegations of conspiracy described in general terms may be dismissed**." *Id.* (emphasis added). Thus, to sufficiently allege a RICO conspiracy claim, the Plaintiff "must allege facts to show that each Defendant objectively manifested an agreement to participate . . . in the affairs of a RICO enterprise" and "commit the predicate acts of fraud." *Id.* (internal quotation marks and citations omitted). As emphasized above, the Plaintiff must allege that the Defendants' entered into this agreement with "'knowledge that [the predicate acts] were part of a pattern of racketeering activity.'" *Id.* (quoting *Odesser v. Cont'l Bank*, 676 F.Supp. 1305, 1312 (3d Cir. 1987)).

Here, Plaintiffs have not even attempted to allege that Defendants, and specifically Gao, entered into an "agreement" to participate in a RICO enterprise and commit the predicate acts of fraud. Indeed, Plaintiffs' Count II does not even contain the words "agree" or "agreement." (D.I. ¶¶ 199–205). Without specific factual allegations demonstrating any sort of agreement involving Gao, Plaintiffs' Complaint fails to allege the most fundamental element of any conspiracy claim— an actual, knowing agreement to conspire.

Moreover, as explained above, Plaintiffs have failed to allege the predicate acts of mail or wire fraud with the specificity required by Rule 9(b), and have thus failed to sufficiently allege a substantive RICO claim. "Without a substantive RICO claims, Plaintiffs [can] not allege a RICO

14

conspiracy." *D'Ambly v. Exoo*, No. CV 20-12880, 2022 WL 3040929, at *3 (D.N.J. Aug. 1, 2022). In summary, Plaintiffs' RICO conspiracy claim fails because (1) Plaintiffs failed to allege an agreement to conspire—let alone an agreement in which Gao participated with the requisite scienter; and (2) Plaintiffs have failed to allege an underlying, substantive RICO claim that can be the basis of a RICO conspiracy claim.

**E.     PLAINTIFFS FRAUD (COUNT III) AND NEGLIGENT MISREPRESENTATION (COUNT X) CLAIMS SHOULD BE DISMISSED UNDER RULE 9(B).**

Assuming *arguendo* Plaintiff's fraud and negligent misrepresentation claims—**neither of which even mention Gao**—comply with Rule 8 despite their pervasive use of "lumping allegations," those claims are nevertheless still due to be dismissed because they fail to comply with Rule 9(b)'s heightened pleading requirements. *King v. Pratt & Whitney Canada Corp.*, 2021 WL 663059, at *4 (D. Del. Feb. 19, 2021*), report and recommendation adopted*, 2021 WL 7416434 (D. Del. Mar. 17, 2021) ("Plaintiffs were required to plead the negligent misrepresentation claims in a manner that satisfies Rule 9(b).") *see also Otto Candies, LLC v. KPMG LLP*, 2019 WL 994050, at *7 (Del. Ch. Feb. 28, 2019) ("Delaware courts routinely apply the more stringent Rule 9(b) standard to negligent misrepresentation claims.").

Rule 9(b) requires that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "That is, in cases subject to Rule 9(b), the plaintiff must articulate the who, what, when, where, and how of the events at issue." *Ryanair DAC v. Booking Holdings Inc.*, 2022 WL 13946243, at *8 (D. Del. Oct. 24, 2022) (internal quotation marks and citations omitted).

With regard to Gao, Plaintiff's Complaint does not allege any of the facts required by Rule 9(b). Indeed, the Complaint does not allege a single false statement attributable to Gao. Given that the Complaint fails to accomplish even that basic first step (*i.e.*, identifying the alleged false

statements at issue), the Complaint necessarily does not contain any of the other required information (*e.g.*, where the statement was made, when it was made, why it is believed to be false, *etc.*). Accordingly, Plaintiffs' common law fraud and negligent misrepresentation claims are due to be dismissed as to Gao under Rule 9(b).

## F.  PLAINTIFFS' CIVIL CONSPIRACY CLAIM (COUNT IV) SHOULD BE DISMISSED BECAUSE PLAINTIFFS FAILED TO ALLEGE GAO ENTERED INTO AN AGREEMENT TO CONSPIRE

Assuming *arguendo* Plaintiffs' conspiracy claim—**which does not even mention Gao**— complies with Rule 8 despite its improper usage of "lumping allegations," that claim is nevertheless due to be dismissed because Plaintiffs failed to allege that Gao entered into an agreement to conspire.

"The elements for civil conspiracy under Delaware law are: (i) a confederation or combination of two or more persons; (ii) an unlawful act done in furtherance of the conspiracy; and (iii) damages resulting from the action of the conspiracy parties." *AmeriMark Interactive, LLC v. AmeriMark Holdings, LLC*, 2022 WL 16642020, at *12 (Del. Super. Ct. Nov. 3, 2022). Here, Plaintiffs have not alleged that Gao entered into an agreement to conspire with anyone. In summary, Plaintiffs have merely alleged that (1) Gao was a salesperson for VBIT; and (2) in his capacity as a salesperson, Gao appeared in a video in which VBit presented "new BMW sports cars" to two "top performers" at VBit. (Compl at ¶ 108). Those allegations do not support a "reasonable inference" that Gao was part of some larger conspiracy. Indeed, the Plaintiffs allege no facts indicating that Gao even knew about VBit's alleged "fraud." Accordingly, without the requisite agreement to conspire, Plaintiffs' conspiracy claim fails as a matter of law as to Gao.

G.   **PLAINTIFFS' CONVERSION CLAIM (COUNT V) SHOULD BE DISMISSED BECAUSE (1) PLAINTIFFS DO NOT ALLEGE THAT GAO HIMSELF " CONVERTED" ANYTHING; AND (2) IT IS PRECLUDED BY PLAINTIFFS' BREACH-OF-CONTRACT CLAIM.**

Assuming *arguendo* Plaintiffs' conversion claim—**which yet again does not even mention Gao**—complies with Rule 8 despite its improper usage of "lumping allegations," that claim is nevertheless due to be dismissed because (1) Plaintiffs fail to allege that Gao himself "converted" any of their property; (2) it is precluded by Plaintiffs' breach-of-contract claim.

"Conversion is the "act of dominion wrongfully exerted over the property of another, in denial of his right, or inconsistent with it." *Macrophage Therapeutics, Inc. v. Goldberg*, 2021 WL 2582967, at *20 (Del. Ch. June 23, 2021), *judgment entered*, (Del. Ch. 2021) (internal quotation marks and citations omitted). "Generally, the necessary elements for a conversion under Delaware law are that a plaintiff had a property interest in the converted goods; that the plaintiff had a right to possession of the goods; and that the plaintiff sustained damages." *Id.* (internal quotation marks and citations omitted).  "For a plaintiff to recover under a theory of conversion, he must prove . . . precisely what property the defendant converted." *Id.*

Plaintiffs do not allege that Gao himself converted anything. As such, Plaintiffs have failed to allege the most basic element of a "conversion" claim against Gao. Further, what Plaintiffs actually allege is that VBit failed to disburse funds to Plaintiffs in accordance with their contracts (*i.e.*, the mining packages at issue). *Compare* (Compl. ¶¶ 240–244) (alleging a breach-of-contract claim arising out of VBit allegedly "preventing Plaintiffs from freely withdrawing their mining Bitcoin from their virtual wallets") *with* (Compl. ¶¶ 218) (alleging a conversion claim arising out of VBit allegedly having "frozen the virtual wallets of their customers"). Because Plaintiffs' conversion claim merely restates their breach-of-contract claim under a different legal theory, it is precluded as a matter of law. As one court explained:

17

> A claim for conversion is a tort claim. "[I]n order to assert a tort claim along with a contract claim, the plaintiff must generally allege that the defendant violated an independent legal duty, apart from the duty imposed by contract." *Kuroda v. SPJS Hldgs., L.L.C.*, 971 A.2d 872, 889 (Del. Ch. 2009). That is because "[w]here ... the plaintiff's claim arises solely from a breach of contract, the plaintiff generally must sue in contract, and not in tort." *Id.*

*W.D.C. Holdings, LLC v. IPI Partners, LLC*, 2022 WL 2235005, at *13 (Del. Ch. June 22, 2022). Here, Plaintiffs' remedy for VBit's alleged failure to disburse funds in compliance with their contracts is a breach-of-contract action against VBit—not a "conversion" claim against Gao (who, again, is not alleged to have "converted" anything). As such Plaintiffs' conversion claim is due to be dismissed as to Gao.

**H.   PLAINTIFFS' CLAIMS FOR DECEPTIVE TRADE PRACTICES AND CONSUMER FRAUD (COUNTS VI & VII) FAIL BECAUSE PLAINTIFFS DO NOT ALLEGE THAT GAO HIMSELF ENGAGED IN ANY DECEPTIVE TRADE PRACTICE OR CONSUMER FRAUD.**

Assuming *arguendo* Plaintiffs' deceptive trade practices and consumer fraud claims— **none of which even mention Gao**—comply with Rule 8 despite their improper usage of "lumping" allegations, those claims nevertheless should be dismissed because (1) Plaintiffs failed to allege that Gao himself  made any of the alleged "misrepresentations" giving rise to those claims; (2) Plaintiffs lack standing to bring a claim under Delaware's Deceptive Trade Practices Act ("DTPA"); (3) Plaintiffs' assertion of a claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") is hypocritical, given that Plaintiffs allege their contracts require the application of Delaware law; and (4) Plaintiffs' consumer fraud claim fails to meet the heightened pleading standards required by Rule 9(b).

Plaintiffs allege that the principal basis for their Counts VI and VII is that, "Defendants made materially false misrepresentations to Plaintiffs and Class members." (Compl. ¶¶ 226, 230, 238). Plaintiffs list a handful of other bases for these claims, which center on alleged false

"advertisements." (*Id.*) Plaintiffs, however, do not actually identify any specific "misrepresentations" or "advertisements" under either Counts VI or VII. Further, Plaintiffs attribute these unidentified "misrepresentations" and "advertisements" to Defendants generally—there is no explanation as to which Defendant (or Defendants) is alleged to be responsible for any of these unidentified "misrepresentations" and "advertisements." In short, Plaintiffs' Counts VI and VII are so vague that it is impossible to decipher the purported factual basis for these claims.

Indeed, Plaintiffs do not even reference Gao in either Counts VI or VII. Just as importantly, the Complaint itself does not identify a single "misrepresentation" or "advertisement" attributable to Gao. In fact, Plaintiffs do not allege they have even communicated with Gao (because Plaintiffs did not communicate with Gao). Put simply, Plaintiffs fail to allege that Gao himself did or said anything that could conceivably constitute "consumer fraud" or a "deceptive trade practice."

Additionally, Plaintiffs lack standing to bring a claim under Delaware's DTPA. This is so because "[c]onsumers lack standing to raise deceptive trade practice claims under the DTPA." *Nieves v. All Star Title, Inc.*, No. CIVAN10C03191PLA, 2010 WL 2977966, at *6 (Del. Super. Ct. July 27, 2010). Delaware's DTPA "protects *competing business interests* against unfair trade practices," and thus claims brought under the DTPA must be asserted by those with a "business interest" in the dispute. *Id.* (emphasis in original). As explained by the Supreme Court of Delaware, "a litigant has standing under the DTPA only when such person has a business or trade interest at stake which is the subject of interference by the unfair or deceptive trade practices of another." *Grand Ventures, Inc. v. Whaley*, 632 A.2d 63, 70 (Del. 1993). Here, Plaintiffs merely allege that they are consumers who contracted with VBit. Plaintiffs do not allege that they have any "business or trade interest at stake" in this litigation. Thus, Plaintiffs lack standing under Delaware's DTPA.

Further, Plaintiffs' assertion of a claim under Pennsylvania's UTPCPL is nonsensical. Plaintiffs filed this action in Delaware pursuant to their contracts with VBit, which contain Delaware forum-selection clauses. (Compl. ¶ 26). As Plaintiffs acknowledge, those same contracts also provide for the applicability of Delaware law. (*Id.* at ¶ 225). Thus, to the extent those contracts apply to Gao, Delaware's DTPA would apply—not Pennsylvania's UTPCPL. On the other hand, to the extent those contracts do not apply to Gao (which is what Gao contends because he is not a party to them), then there is no basis for venue in this Court as to Gao, who is a Pennsylvania citizen alleged to be doing business in Pennsylvania. Plaintiffs cannot have it both ways—claiming their contracts apply to provide venue as to Gao, but that they do not apply for purposes of determining the applicable law. In any event, Plaintiffs have failed to state a claim against Gao under either Delaware's DTPA or Pennsylvania's UTPCPL.

Finally, Plaintiffs' claim under Delaware's Consumer Fraud Act (which is buried within Count VI) is also due to be dismissed because it does not satisfy the heightened pleading requirements of Rule 9(b). *Rinaldi v. Iomega Corp.*, 1999 WL 1442014, at *8 (Del. Super. Ct. Sept. 3, 1999) (dismissing a claim under Delaware's Consumer Fraud Act because it failed to comply with Rule 9(b)'s heightened pleading requirements). As mentioned above, Plaintiffs' Count VI does not identify a single, specific misrepresentation at all—let alone the other information required by Rule 9(b) (*e.g.*, who made the misrepresentation, when the misrepresentation was made, where the misrepresentation was made, *etc.*).

## **CONCLUSION**

WHEREFORE, for each of the foregoing reasons, Defendant Mr. Gao respectfully requests that the Court dismiss the Complaint against him under Federal Rules of Civil Procedure 8(a), 9(b), 12(b)(2), and 12(b)(6).

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

*/s/ Kelly E. Rowe*
Samuel T. Hirzel, II (# 4415)
Kelly E. Rowe (# 6199)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
shirzel@hegh.law
krowe@hegh.law
*Attorneys for Defendant Jin Gao*

Dated:  January 13, 2023