IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROSS DETTMERING, FRANCIS MANGUBAT, ) <br> and all other similarly situated individuals, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> VBIT TECHNOLOGIES CORP., VBIT MINING ) <br> LLC, ADVANCED MINING GROUP, DANH ) <br> CONG VO a/k/a DON VO, PHUONG D VO a/k/a ) <br> KATIE VO, SEAN TU, JIN GAO, and JOHN ) <br> DOE INDIVIDUALS 1-10, and ABC ) <br> COMPANIES 1-10, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 22-1482-CFC-SRF |

## MEMORANDUM ORDER

At Wilmington this **2nd** day of **June, 2023**, the court having considered the motion of Brett M. McCartney, Elizabeth A. Powers, and Ronald P. Golden III (collectively, the "Movants") to withdraw as counsel (the "Renewed Motion") for defendants VBit Technologies Corp. and VBit Mining, LLC (the "VBit Defendants") on behalf of themselves and Bayard P.A. (D.I. 71),[1] IT IS ORDERED that the Motion is GRANTED for the following reasons.

1. **Background.** On March 2, 2023, the Movants filed a motion to withdraw as counsel for the VBit Defendants on behalf of themselves and Bayard P.A. (D.I. 56) The court denied the motion without prejudice to renew on the same date for failure to comply with D. Del. Local Rule 83.7. (D.I. 60)

---

[1] The briefing and filings associated with the Renewed Motion are found at D.I. 72, D.I. 73, D.I. 74, D.I. 79, and D.I. 81.

2. The Movants renewed their motion to withdraw as counsel on March 31, 2023 (the "Renewed Motion"). (D.I. 71) The Renewed Motion included proof of service of the Renewed Motion and associated filings by certified mail on March 3, 2023 to VBit Technologies Corp., and on March 7, 2023 to VBit Mining, LLC. (D.I. 74, Ex. A)

3. On April 6, 2023, the court entered an Order scheduling a hearing on the Renewed Motion on May 9, 2023. (D.I. 77) The Movants certified that they served the Order setting the May 9 hearing on the VBit Defendants by certified mail on the same date. (D.I. 78)

4. On April 14, 2023, Plaintiffs filed their response to the Renewed Motion, citing concerns that the withdrawal of counsel may negatively impact the preservation of discoverable information and requesting that the court conduct an *in camera* review of attorney-client communications between the Movants and the VBit Defendants. (D.I. 79)

5. The court held a hearing on the Renewed Motion on May 9, 2023. At the hearing, the Movants represented that they have been unable to establish contact with any client representative having sufficient knowledge, authority, or access to information necessary for the Movants to competently represent the VBit Defendants. (D.I. 72) In response, Plaintiffs asked the court to delay granting the motion to withdraw until the opportunity to move for a default in appearance arises.

6. On May 16, 2023, the parties filed a stipulated proposed order agreeing to the Movants' withdrawal from their representation of the VBit Defendants in this matter. (D.I. 86)

7. **Legal standard.** In the Third Circuit, "there is no multi-factor test that a district court must apply to decide a motion for attorney withdrawal." *Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 295 (3d Cir. 2014). Instead, "[a] lawyer is entitled to withdraw once [he] demonstrates to the satisfaction of the district court that [his] appearance

2

serves no meaningful purpose." *LabMD Inc. v. Boback*, 47 F.4th 164, 190 (3d Cir. 2022) (internal citations and quotation marks omitted). A withdrawing firm serves no meaningful purpose where "efforts to communicate with [the client] through the Firm are futile." *Ohntrup*, 760 F.3d at 295. Accordingly, "it would be an abuse of discretion to deny [a] motion to withdraw" when the withdrawing firm serves no meaningful purpose. *Id.*

8. The law is well-established that a corporate defendant may appear in federal courts only through licensed counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217 (1993); *Simbraw, Inc. v. United States*, 367 F.2d 373, 373-74 (3d Cir. 1966). Nonetheless, there is no requirement that counsel must not withdraw until a corporate client has retained substitute counsel. *See Ohntrup*, 760 F.3d at 295. The failure of a corporate defendant to retain licensed counsel within the time frame ordered by the court may result in the entry of default in appearance and/or default judgment under Federal Rule of Civil Procedure 55. *See Endobotics, LLC v. Medrobotics Corp.*, C.A. No. 19-381-CFC, 2020 WL 7042892, at *1-2 (D. Del. Dec. 1, 2020).

9. **Analysis.** The Movants have satisfied the standard for withdrawing as counsel for a corporate defendant by confirming that they unsuccessfully tried to contact the VBit Defendants on thirteen occasions between December 28, 2022 and February 21, 2023. (D.I. 73) The record supports the Movants' position that their continued representation of the VBit Defendants would serve no meaningful purpose. *Ohntrup*, 760 F.3d at 295.

10. Plaintiffs' request to delay the withdrawal of representation until an opportunity to move for default in appearance arises is now moot. Plaintiffs have since stipulated to the relief requested by the Movants, with no constraints on the timing of that relief. (D.I. 86)

11. **Conclusion.** For the foregoing reasons, IT IS ORDERED that:

3

a. The Motion is GRANTED pursuant to D. Del. LR 83.7.

b. The Movants and the law firm of Bayard P.A. are permitted to withdraw as counsel of record for the VBit Defendants and are relieved of any and all further obligations on behalf of the VBit Defendants.

c. The VBit Defendants are granted **thirty (30) days** from the date of this Memorandum Order to retain new counsel, which shall enter its appearance within that time period.

d. Failure of the VBit Defendants to retain new counsel in accordance with this Memorandum Order may result in the entry of default in appearance against the VBit Defendants.

e. Until the entry of appearance of the VBit Defendants' substitute counsel, all future pleadings, motions, discovery, and any and all other communications concerning this matter will be addressed to the VBit Defendants at:

| | |
|---|---|
| VBit Technologies, Corp.<br>1625 Washington Ave.<br>Philadelphia, PA 19146 | VBit Mining LLC<br>1625 Washington Ave.<br>Philadelphia, PA 19146 |
| VBit Technologies, Corp.<br>c/o LegalInc Corporate Services, Inc.<br>651 N. Broad Street, Suite 201<br>Middletown, DE 19709 | VBit Mining LLC<br>c/o LegalInc Corporate Services, Inc.<br>651 N. Broad Street, Suite 201<br>Middletown, DE 19709 |
| Lillian Zhou<br>l.zhou@vbittech.com | Lillian Zhou<br>l.zhou@vbittech.com |

12. IT IS FURTHER ORDERED that the Movants shall serve a copy of this Order upon the VBit Defendants via certified mail and electronic mail, with a read receipt, on or before **June 12, 2023.**

13. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to two (2) pages each.

14. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge