IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROSS DETTERMING, FRANCIS MANGUBAT, and all other similarly situated individuals, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 22-1482-CFC-SRF |
| VBIT TECHNOLOGIES CORP., VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, PHUONG D VO a/k/a KATIE VO, SEAN TU, JIN GAO, and JOHN DOE INDIVIDUALS 1-10, and ABC COMPANIES 1-10, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

At Wilmington this **5th** day of **July, 2023**, the court having considered the unopposed motion of plaintiffs Ross Dettmering and Francis Mangubat (collectively, "Plaintiffs") to appoint interim co-lead and liaison counsel (D.I. 50), and the associated filings, (D.I. 51; D.I. 52; D.I. 66; D.I. 67), IT IS ORDERED that the motion is GRANTED for the following reasons.

1. **Background.** On November 10, 2022, Plaintiffs filed this civil RICO action against VBit Technologies, VBit Mining LLC, Advanced Mining Group, Dahn Cong Vo a/k/a Don Vo, Phuong D Vo a/k/a Katie Vo, Sean Tu, and Jin Gao (collectively, "Defendants"). (D.I. 1) The complaint alleges that Defendants "promised the sales, leasing, and servicing of specialized computer hardware to produce Bitcoins for customers, but in reality functioned as a massive Ponzi scheme that paid out the promised Bitcoins only as long as new victims provided additional funds to do so." (*Id.* at ¶ 1) When Defendants could no longer attract new customers

in sufficient numbers, they froze their customers' virtual wallets to prevent them from accessing their Bitcoin. (*Id.* at ¶¶ 20-21)

2. The causes of action and proposed class in this action are identical to those in *Eichler v. VBit Technologies Corp.*, C.A. No. 22-1574-CFC-SRF (D. Del.). (D.I. 1 at ¶ 181; C.A. No. 22-1574-CFC-SRF, D.I. 1 at ¶ 180) The pending motion to appoint interim lead counsel represents that parties in both actions intend to move for consolidation and for leave to file a consolidated amended complaint. (D.I. 51 at 3)

3. Plaintiffs filed a statement pursuant to D. Del. LR 7.1.1 representing that the parties could not reach agreement on the pending motion. (D.I. 52) Plaintiffs indicated that Katie Vo took no position on the motion, and the remaining Defendants failed to respond regarding their position on the motion to appoint interim lead counsel. (*Id.*) Ms. Vo reiterated her position in a responsive filing, stating that "the Court is free to determine whether Plaintiffs' counsel should be appointed as Interim Co-Lead and Liaison Counsel based solely on the representations contained in the Motion." (D.I. 66) Jin Gao filed a responsive letter also taking no position on the pending motion. (D.I. 67) No other responsive submissions were filed. Under these circumstances, the court considers the motion unopposed.

4. **Legal standard.** Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the class." Fed. R. Civ. P. 23(g)(3). "Appointment of interim lead counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Breakwater Trading LLC v.*

*JPMorgan Chase & Co.*, 2020 WL 5992344, at *2 (S.D.N.Y. Oct. 9, 2020) (internal quotations and citations omitted). In making this determination, the court considers:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A).

5. **Analysis.** Plaintiffs move to appoint the law firms of Boni, Zack & Snyder LLC ("BZS") and Langer Grogan & Diver P.C. ("LGD") as interim co-lead counsel for the proposed class. (D.I. 51 at 1) Plaintiffs also request the appointment of the law firm of Chimicles Schwartz Kriner & Donaldson-Smith LLP ("CSKDS") as liaison counsel. (*Id.*) Plaintiffs have shown that all four criteria under Rule 23(g)(1)(A) are satisfied by the proposed interim counsel.

6. As an initial matter, the record confirms that BZS, LGD, and CSKDS investigated Defendants and the structure of their business and researched threshold legal issues about whether to bring the case as a RICO or securities action before filing the litigation. (D.I. 1)

7. With respect to the second and third factors, Plaintiffs have provided documents sufficient to confirm the extensive experience of BZS, LGD, and CSKDS in handling class actions and RICO actions, as well as counsel's knowledge of the applicable law. (D.I. 51, Ex. A)

8. Finally, Plaintiffs represent that BZS, LGD, and CSKDS have ample resources to litigate this type of case, and there is no evidence on the record to suggest otherwise. (D.I. 51 at 9)

9. **Conclusion.** For the foregoing reasons, IT IS ORDERED that Plaintiffs' motion to appoint interim co-lead and liaison counsel is GRANTED. (D.I. 50)

10.   This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to two (2) pages each.

11.   The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge