

2711 CENTERVILLE ROAD
SUITE 201
WILMINGTON, DE 19808
PHONE: 302-656-2500
FAX: 302-656-9053

SCOTT M. TUCKER
SMT@CHIMICLES.COM

August 3, 2023

**VIA ECF**

Magistrate Judge Sherry R. Fallon
J. Caleb Boggs Federal Building
844 N. King Street
Unit 14, Room 6100
Wilmington, DE 19801-3555

      Re:    *Dettmering v. VBit Technologies Corp.*
                Case No. 22-1482-CFC-SRF

Dear Judge Fallon:

     Pursuant to Your Honor's Discovery Matters and Disputes procedure and as directed by the Court's July 24, 2023 Order, Plaintiffs submit this letter in advance of the Court's August 9, 2023 Discovery Dispute Motion Hearing. *See* D.I. 111. A Proposed Order is attached hereto as Ex. A. The issue in dispute is whether Defendant Sean Tu has satisfied his heavy burden under *Nat'l Life Ins. Co. v. Hartford Acc. & Indem. Co.*, 615 F.2d 595, 598-600 (3d Cir. 1980), and the Court's June 26, 2023 Order from the bench that he is not required to complete his document production in response to Plaintiffs' First and Second Sets of Requests for Production due to his blanket assertion that any subsequent production would infringe his Fifth Amendment right against self-incrimination.

**I.**      **Relevant Background**

     Plaintiffs Ross Dettmering and Francis Mangubat ("Plaintiffs"), on behalf of themselves and all others similarly situated, seek to recover damages they and members of the Class incurred as a result of Defendants' violations of 18 U.S.C. § 1962(c) and (d), as well as other common law and statutory violations, as part of Defendants' illegal Bitcoin mining Ponzi scheme. As alleged in the Complaint, Defendants defrauded their customers by collecting payments without ever intending to provide the agreed upon services. To date, Defendant Tu is the only party[1] to produce discovery in this action. As Mr. Tu was employed by VBit from August 2020 until February 2023,

---

[1] The Clerk entered a default against Don Vo (D.I. 62) and the VBit entities (D.I. 107). Neither Mr. Vo nor the VBit entities have responded to any discovery. Plaintiffs have subpoenaed the following third parties: Kenneth Ho, Ted Mucellin, Procyon LLC, Frontier Mining, Power Block Coin, LLC, Coinbase, Inc., Citizens Bank, TD Bank, United Savings Bank, and Republic Bank.

Magistrate Judge Sherry R. Fallon
August 3, 2023
Page 2

and served as VBit's Chief Operating Officer at the time this action was filed, he is uniquely important to discovery.

On January 30, 2023, Plaintiffs served their First Set of Requests for Production of Documents on Mr. Tu ("First Set of RFP"). Ex. B. On March 1, 2023, Mr. Tu served objections and responses to the First Set of RFP without invoking (or even mentioning) the Fifth Amendment. Ex. C. Mr. Tu made his initial document production on March 15, 2023, which was 1,235 documents spanning 1,941 pages. On that same day, Mr. Tu's counsel represented that she was "currently reviewing Mr. Tu's emails and expect[ed] to produce them by the end of the week." Ex. D. On March 3, 2023, Plaintiffs served their First Set of Interrogatories (Ex. E) and Second Set of Requests for Production (Ex. F), to which Mr. Tu served responded on April 3, 2023. Ex. G; Ex. H. Again, Mr. Tu did not assert a Fifth Amendment objection. Ex. G; Ex. H.

Plaintiffs diligently pursued this discovery but agreed to stand down for thirty days to give Mr. Tu's criminal counsel time to advise Mr. Tu and his counsel in this case on how to handle Mr. Tu's Fifth Amendment rights. Ex. I. On June 5, 2023, after the stand down period expired and shortly before counsel for Plaintiffs and Mr. Tu were scheduled to speak by phone, Mr. Tu's counsel unilaterally cancelled the call, stating Mr. Tu "will be substituting himself into all the pending matters." Ex. J at 2 (attachment omitted). Bayard, P.A. filed a Motion for Leave to Withdraw as Counsel for Sean Tu on June 8, 2023. D.I. 91.

On June 26, 2023, the Court held a hearing on Plaintiffs' motion to compel and Bayard, P.A.'s motion for leave to withdraw. Minute Entry, June 26, 2023. During the June 26, 2023 hearing, the Court ordered (a) the Bayard firm to convene a teleconference by July 3 with the Plaintiffs so that Plaintiffs could explain to Mr. Tu the information sought through Interrogatories Nos. 10 and 11, and (b) Bayard counsel to confer with Mr. Tu's court-appointed criminal defense lawyer, Conor Wilson, to assess Mr. Tu's position with respect to completing his document production. Ex. K, June 26, 2023 Tr. at 38-39, 41. The Court further ordered that as a condition of any renewed motion to withdraw, "there's going to have to be some formal response made by the Bayard firm on behalf of Mr. Tu responding to these discovery requests and identifying specifically why they can't be responded to, because of either privilege under the attorney/client privilege or the fifth amendment prohibition against self-incrimination applies on a document by document and request by request basis." *Id*. at 39:19-40:4; *see also id.* at 41:5-8 ("And that hasn't be[en] done here. And before I entertain letting counsel out of the case, I think that that needs to be done, it should have been done prior to this hearing . . . ."). But the Bayard firm has not complied with the Court's June 26, 2023 Order.

Plaintiffs' counsel, Mr. Tu, Mr. Golden, and Mr. Wilson all agreed to schedule the meet and confer for 9:00 AM on July 3, 2023. Ex. L. At the agreed upon time, Plaintiffs' counsel, Mr. Tu, and Mr. Wilson all dialed into the conference line to participate in the meet and confer, but no attorney from the Bayard firm joined the call. With Mr. Tu and Mr. Wilson's agreement that the call should proceed, Plaintiffs' counsel explained to Mr. Tu what information was sought by Interrogatories Nos. 10 and 11 and why Mr. Tu's prior responses were deficient. Following the meet and confer, Plaintiffs emailed Mr. Golden concerning Bayard, P.A.'s failure to participate in

Magistrate Judge Sherry R. Fallon
August 3, 2023
Page 3

the Court-ordered meet and confer and asked that Mr. Golden confirm that Bayard, P.A. would file the response described by Your Honor during the June 26, 2023 hearing by July 7, 2023. Ex. M. On July 10, 2023, when Bayard, P.A. had failed to respond to Plaintiffs' July 3, 2023 email, Plaintiffs sent a letter to the Court asking that the motion to compel be granted. D.I. 108. On July 11, 2023, the Court ordered the parties to hold another meet and confer before July 14, 2023 and that if the parties had not resolved the dispute, they should submit a joint motion requesting a discovery dispute teleconference. D.I. 109.

Following the July 13, 2023 meet and confer, Mr. Tu agreed to supplement his response to Interrogatory No. 11 and to verify all of his interrogatory responses, which he has now done. The parties remain at an impasse concerning Mr. Tu's document production. Mr. Tu has not produced any additional documents and his counsel refuses to engage in the document by document analysis required by the Court's June 26, 2023 Order. Ex. N (attachment omitted).

The Bayard firm has almost entirely stopped acting as Mr. Tu's counsel in this case[2] despite their continuing professional obligations to do so. *See Taylor v. United States*, CIV.A. 12-12-SLR-SRF, 2013 U.S. Dist. LEXIS 64820, at *4 (D. Del. May 7, 2013) ("When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.") (quoting Model Rule 1.16 as adopted by the District of Delaware).

**II.      The Court Should Order Mr. Tu to Complete His Document Production**

The law is clear. A witness cannot invoke his Fifth Amendment rights as a blanket. *Nat'l Life Ins. Co.*, 615 F.2d at 598-600. With respect to documents, Fifth Amendment protections are limited, because the Fifth Amendment only protects "compelled testimony. It does not protect the content of voluntarily created documents." *United States v. Bell*, 217 F.R.D. 335, 339 (M.D. Pa. 2003). "[I]n order to be testimonial, an accused's communication must itself, explicitly or implicitly, relate a factual assertion or disclose information." *Doe v. United States*, 487 U.S. 201, 210, (1988). The burden is on Mr. Tu to demonstrate (a) "that his fear of being incriminated by his testimony is reasonable," *United States v. Stelmokas*, No. 92-3440, 1993 U.S. Dist. LEXIS 5129, at *33 (E.D. Pa. Apr. 16, 1993) (citing *Hoffman v. United States*, 341 U.S. 479, 486 (1951), and (b) the Fifth Amendment applies to each question asked and document subject to production. *See United States v. Parker*, No. 85-5669, 1986 U.S. Dist. LEXIS 21599, at *1 (E.D. Pa. Aug. 13, 1986).

As the Court acknowledged during the June 26, 2023 hearing, it is not apparent how any production of emails by Mr. Tu could be testimonial in nature. *See* Ex. K 40:16-22 ("these are preexisting e-mails that have already been collected and gathered and if one of the reasons for asserting a [F]ifth [A]mendment privilege is to protect information about the very existence of them, well, that's a moot point now, because we know that there's a collection of e-mails out there"). Because Mr. Tu has already disclosed that these emails exist and his role within VBit is well-known, it is difficult to see how the act of production would "relate a factual assertion or

---

[2] *See e.g.* Ex. L at 3 ("we no longer represent Mr. Tu even though we are counsel of record.)

Magistrate Judge Sherry R. Fallon
August 3, 2023
Page 4

disclose information." *See Doe*, 487 U.S. at 210; *see also Brown v. Caldwell*, No. 1:20-cv-07907-NLH-AMD, 2022 U.S. Dist. LEXIS 124699, at *6-7 (D.N.J. July 14, 2022) ("Because the parties already know that Captain Joynes has a personal cell phone and that it contains information pertinent to the operation of the jail around the time of the shakedown event, admitting that he has it and turning it over adds little or nothing to the sum total of the information available to the government in any prosecution.") (cleaned up).

      Bayard, P.A. and Mr. Tu have failed to comply with the Court's June 26, 2023 order requiring them to "identify specifically" why the Fifth Amendment privilege against self-incrimination "applies on a document by document and request by request basis." Ex. K at 39-40. Plaintiffs accordingly request that the Court grant their Motion to Compel and order Bayard, P.A. to complete Mr. Tu's document production. If Plaintiffs' Motion is granted, Plaintiffs' request leave to file a motion pursuant to Fed. R. Civ. P. 37(a)(5)(A) seeking fees and costs associated with litigating this issue against Mr. Tu and Bayard, P.A.

Respectfully submitted,

*/s/ Scott M. Tucker*

Scott M. Tucker

cc:   Ronald P. Golden III
      Brett M. McCartney
      Elizabeth A. Powers
      Joshua D. Snyder
      Michael J. Boni
      Robert J. Kriner
      Scott M. Tucker
      Peter Leckman
      David Nagdeman