## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROSS DETTERMING, FRANCIS ) 
MANGUBAT, and all other similarly )
situated individuals, )
 )
        Plaintiffs, )
 )
       v. )     Civil Action No. 22-1482-CFC-SRF
 )
VBIT TECHNOLOGIES CORP., VBIT )
MINING LLC, ADVANCED MINING )
GROUP, DANH CONG VO a/k/a DON )
VO, PHUONG D VO a/k/a KATIE VO, )
SEAN TU, JIN GAO, and JOHN DOE )
INDIVIDUALS 1-10, and ABC )
COMPANIES 1-10, )
 )
        Defendants. )

## <u>MEMORANDUM ORDER</u>

At Wilmington this **9th** day of **August, 2023**, the court having considered the discovery

dispute letter submissions of plaintiffs Ross Dettmering and Francis Mangubat (collectively,

"Plaintiffs"), defendant Sean Tu, and Tu's counsel, Bayard, P.A., (D.I. 113; D.I. 114; D.I. 115),

IT IS ORDERED that Plaintiffs' motion to compel Tu to complete his document production is

GRANTED-IN-PART, and the motion of Brett M. McCartney, Elizabeth A. Powers, and Ronald

P. Golden III to withdraw as attorney for Tu (D.I. 116) is DENIED without prejudice, for the

following reasons.

      1.    **Background.** Tu is the former Chief Technology Officer of VBit Technologies

Corp. and VBit Mining LLC and the Chief Operating Officer of Advanced Mining. (D.I. 1 at ¶

42) Between January and March of 2023, Plaintiffs served written discovery requests on Tu.

(D.I. 113, Ex. B) Tu made an initial document production on March 15 and represented that she

was reviewing Tu's emails and expected to produce them the following week.  (*Id.*, Ex. D; D.I. 98, Ex. D)  Tu responded to interrogatories and document requests on April 3.  (D.I. 113, Exs. G-H)  There has been no representation by Tu's California counsel, Bayard, or Tu himself that they lack possession of his emails.

2.     In May of 2023, Tu disclosed that he had received a grand jury subpoena, and the parties agreed to pause discovery efforts while Tu conferred with his criminal counsel and counsel in this matter on how to preserve his Fifth Amendment rights.  (D.I. 113, Ex. I)  When the pause on discovery expired in June, Tu's counsel in this matter informed Plaintiffs that Tu would be proceeding pro se and filed a motion to withdraw as counsel.  (*Id.*, Ex. J at 2; D.I. 91)

3.     On June 8, 2023, Plaintiffs filed a motion for a discovery dispute hearing to resolve Tu's refusal to complete his document production and responses to interrogatories based on his assertion of his Fifth Amendment right against self-incrimination.  (D.I. 90)

4.     The court held a hearing on Plaintiffs' motion to compel discovery and Bayard's motion to withdraw as counsel on June 26, 2023.  (D.I. 113, Ex. K)  Noting that Bayard had already collected email communications from Tu for discovery purposes, the court denied the motion to withdraw without prejudice and ordered Bayard and Tu to meet and confer with Plaintiffs and Tu's criminal counsel to discuss the scope of any privilege assertions under the Fifth Amendment or the attorney-client privilege.  (*Id.* at 38-39)  The court also ordered Bayard to make formal responses to the discovery requests on behalf of Tu before renewing the motion to withdraw.  (*Id.* at 39)

5.     The parties scheduled a meet and confer teleconference on July 3, 2023, and all but counsel from Bayard participated on the call.  (*Id.*, Ex. L)  The court ordered the parties to hold another meet and confer with Plaintiffs' counsel, Tu, and Tu's counsel at Bayard

participating.  (D.I. 109)  During the second meet and confer on July 13, Tu agreed to

supplement his response to Interrogatory No. 11 and to verify all interrogatory responses, but the

parties did not reach agreement on the production of documents.  (D.I. 113, Ex. N)

6.      Plaintiffs filed a second motion for a discovery dispute hearing on July 21, 2023,

renewing its motion to compel Tu to complete his document production.  (D.I. 110)

7.      On August 4, 2023, Brett McCartney, Elizabeth Powers, and Ronald Golden filed

a renewed motion to withdraw as counsel for Tu.  (D.I. 116)

8.      **Legal standard.**  The Fifth Amendment states that "[n]o person . . . shall be

compelled in any criminal case to be a witness against himself."  The privilege may be invoked

in civil proceedings.  *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972).  However, a party

"cannot relieve himself of the duty to answer questions that may be put to him by a mere blanket

invocation of the privilege[.]"  *Nat'l Life Ins. Co. v. Hartford Accident & Indem. Co.*, 615 F.2d

595, 599 (D.N.J. 1980).  To claim the Fifth Amendment privilege in response to written

discovery requests, the defendant must respond to each interrogatory or request for production in

a manner that shows a responsive answer could be used against him in a criminal proceeding.

*Brock v. Gerace*, 110 F.R.D. 58, 65 (D.N.J. 1986).  It is the burden of the party asserting the

privilege to show that responsive answers to the discovery requests could have a real and

appreciable tendency to incriminate him.  *Id.*

9.      **Analysis.**  As a preliminary matter, the court addresses Bayard's position on the

status of the motion to withdraw, which comprises more than half of Bayard's letter submission.

(D.I. 114; *see also* D.I. 116)  The District of Delaware has adopted the American Bar

Association's Model Rules of Professional Conduct ("Model Rules").  *See* D. Del. LR 83.6(d).

Model Rule 1.16(c) provides that "[a] lawyer must comply with applicable law requiring notice

to or permission of a tribunal when terminating a representation.  When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Model Rule 1.16(c); *see Taylor v. U.S.*, C.A. No. 12-12-SLR-SRF, 2013 WL 1897839, at *2 (D. Del. May 7, 2013).  Subsection (c) of Model Rule 1.16 forms an exception to the lawyer's right to withdraw from representing a client after being discharged by the client under Model Rule 1.16(a)(3).  Consequently, Tu's discharge of Bayard has no bearing on Bayard's continuing obligations in this matter.  Unless and until the court enters an order permitting Bayard's withdrawal from the representation, Bayard must fulfill its obligations.  For these reasons, Bayard's renewed motion to withdraw is DENIED without prejudice to renew after Tu has satisfied his discovery obligations in accordance with the balance of this Memorandum Order.  (D.I. 116)

  10. Plaintiffs' motion to compel Tu to complete his document production in response to Plaintiffs' first and second sets of requests for production is GRANTED-IN-PART.  The motion is GRANTED to the extent that it seeks to compel Tu to complete his document production.  However, the motion is DENIED to the extent that it requests Tu's compliance within 10 days of the date of this Memorandum Order.  Instead, Tu's deadline to comply with this Memorandum Order shall be held in abeyance pending resolution of objections, if any, to the Report and Recommendation on Jin Gao's motion to dismiss.  (D.I. 112)

  11. Tu seeks to withhold the requested documents based on his assertion of his Fifth Amendment right against self-incrimination.  (D.I. 114 at 2; D.I. 115 at 1)  The court made clear at the June 26 hearing that Tu bears the burden to assert this privilege, and a blanket assertion of privilege would not be enough.  (D.I. 113, Ex. K at 40)  And "the law is clear that if a litigant wishes to assert his Fifth Amendment privilege in response to interrogatories or requests for

production of documents, he must assert timely objections in response to individual discovery requests." *Pelullo v. Schwartz*, 1999 WL 142380, at *7 (E.D. Pa. Mar. 16, 1999). Yet Tu continues to assert a blanket privilege. This is simply not enough to satisfy his burden under the law.

12.    Tu argues that he cannot make individualized determinations about the applicability of the privilege on a document-by-document basis because he still lacks information or notice from the government regarding which of his statements to authorities are alleged to be false or misleading. (D.I. 115 at 1) But "[t]he requirement that [Tu] respond to each interrogatory, document request, or deposition question—either by answering it or by asserting a specific privilege—is not merely a formalistic duty. . . . At a minimum, the plaintiffs and the court are entitled to his individual consideration of each request." *Foley v. Juron Assocs.*, 1986 WL 13030, at *3 (E.D. Pa. Nov. 18, 1986). The status of the criminal proceedings does not render a blanket assertion of the Fifth Amendment privilege permissible. *See Sakhai v. Funding Am. Mortg. Corp.*, 20069 WL 8457168, at *1 (D.N.J. Dec. 19, 2006); *see also U.S. v. One Million Three Hundred Twenty-Two Thousand Two Hundred Forty-Two Dollars & Fifty-Eight Cents*, 938 F.2d 433, 439 (3d Cir. 1991) (explaining that a party wishing to assert his Fifth Amendment privilege in response to document requests is "required to assert timely objections in response to individual discovery requests.").

13.    **Conclusion.** For the foregoing reasons, IT IS ORDERED that Plaintiffs' motion to compel Tu to complete his document production in response to Plaintiffs' first and second sets of requests for production is GRANTED-IN-PART. (D.I. 113) Tu shall complete his document production following the resolution of objections, if any, to the Report and Recommendation on

Jin Gao's motion to dismiss.  (D.I. 112)  IT IS FURTHER ORDERED that Bayard's motion to withdraw as counsel for Tu is DENIED without prejudice.  (D.I. 116)

14.     This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to two (2) pages each.

15.     The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge