IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROSS DETTMERING, FRANCIS MANGUBAT, and all other similarly situated individuals, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 22-1482-CFC-SRF |
| VBIT TECHNOLOGIES CORP., VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, PHUONG D VO a/k/a KATIE VO, SEAN TU, JIN GAO, and JOHN DOE INDIVIDUALS 1-10, and ABC COMPANIES 1-10, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

At Wilmington this **12th** day of **September, 2023**, having considered the unopposed Motion to Intervene for the Limited Purpose of Seeking a Partial Stay of Discovery filed by the United States (D.I. 119), IT IS ORDERED that the motion is GRANTED for the following reasons.

**1. Background.** On November 10, 2022, plaintiffs Ross Dettmering and Francis Mangubat (collectively, "Plaintiffs"), on behalf of themselves and all other similarly situated individuals, filed this putative class action against VBit Technologies Corp., VBit Mining LLC, Advanced Mining Group, Dahn Cong Vo a/k/a Don Vo, Katie Vo, Sean Tu, and Jin Gao (collectively, "Defendants"), alleging RICO and state law violations in connection with a Bitcoin mining business purportedly operating as a Ponzi scheme. (D.I. 1 at 1) The United States seeks to intervene in this action for the limited purpose of seeking a partial, time-limited

stay of discovery due to an ongoing federal criminal investigation arising from substantially the same conduct and circumstances underlying the civil action. (D.I. 120 at 1)

**2. Legal standard.** A non-party may intervene as of right when the party seeking to intervene "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Alternatively, courts may permit a non-party to intervene when the applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In deciding whether to grant permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

**3. Analysis.** The United States satisfies the standard for permissive intervention for the purpose of seeking a limited stay of discovery. On the present record, there is no indication that the intervention itself will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3); *see JPMorgan Chase Bank, N.A. v. Javice*, C.A. No. 22-1621-JDW, D.I. 68 at ¶ 2 (D. Del. Aug. 17, 2023) (explaining that intervention to allow the Government to argue for a stay would not delay the proceedings, and delay caused by the Government prevailing on a stay request is "not a harm from intervention."). And there is no dispute that "[t]he Venn diagram of fact and legal issues in this litigation and the related criminal matter is nearly a complete overlap," based on the United States' characterization of the criminal investigation in its brief in support of the motion. *Id.*; (D.I. 120 at 1) (describing the ongoing investigation into the Bitcoin mining Ponzi scheme described in the civil complaint).

4. **Conclusion.** For the foregoing reasons, IT IS ORDERED that the United States' unopposed Motion to Intervene for the Limited Purpose of Seeking a Partial Stay of Discovery is GRANTED. (D.I. 119) The United States shall be entered as an intervenor in the above-captioned action for the limited purpose of filing its anticipated Motion to Partially Stay Discovery.

5. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to two (2) pages each.

6. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge