IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROSS DETTMERING, FRANCIS MANGUBAT, and all other similarly situated individuals,<br><br>                    Plaintiffs,<br><br>    v.<br><br>VBIT TECHNOLOGIES CORP., VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, KATIE VO, SEAN TU, JIN GAO, LILLIAN ZHAO, JOHN DOE INDIVIDUALS 1-10, and ABC COMPANIES 1-10<br><br>                    Defendants. | Civil Action No. 22-1482-CFC-SRF |

## **MEMORANDUM ORDER**

Pending before me in this class action are Plaintiffs' objections (D.I. 118) to

the Magistrate Judge's Report and Recommendation issued on July 27, 2023

(D.I. 112).  The Magistrate Judge recommended in her Report and

Recommendation that I grant Defendant Jin Gao's motion to dismiss the

Complaint (D.I. 30) without prejudice and deny Defendant Phuong D. Vo's motion

to dismiss (D.I. 33) as moot.  D.I. 112 at 20.

The Magistrate Judge had the authority to make her findings and recommendations under 28 U.S.C. § 636(b)(1)(B).  I review her findings and recommendations de novo. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

Plaintiffs accuse Defendants of perpetrating a massive "Bitcoin mining Ponzi scheme" that duped Plaintiffs into buying so-called "mining packages." D.I. 1.  The Complaint defines the mining packages to "include (a) a lease on computer hardware (with an option to purchase at the end of the lease) used to mine Bitcoin, and (b) hosting services that power the hardware and connect it to a network." D.I. 1 ¶ 53.  The Complaint has ten counts.  Counts I and II allege federal claims under the Racketeer Influenced and Corrupt Organization (RICO) Act, 18 U.S.C. §§ 1964(c), 1962(c)–1962(d).  The remaining counts allege state law claims.

Section 1964(c) expressly precludes a party from bringing a RICO claim that "rel[ies] upon any conduct that would have been actionable as fraud in the purchase or sale of securities."  18 U.S.C. § 1964(c).  Section 77b of the Securities Act of 1933 defines "security" as including among other things an "investment contract."  15 U.S.C. § 77b.  In *S.E.C. v. W.J. Howey Co.*, 328 U.S. 293 (1946), the Supreme Court held that "[t]he test" for determining whether the instrument of an

2

alleged scheme constitutes an investment contract "is whether the scheme involves [1] an investment of money [2] in a common enterprise with [3] profits [that] come solely from the efforts of others." 328 U.S. at 301.

The Magistrate Judge concluded in her Report and Recommendation that allegations in the Complaint provide a plausible basis from which to infer that the alleged mining packages are investment contracts and that therefore "the pleaded allegations in the [Complaint] would have been actionable under a theory of securities fraud" and the Complaint's RICO claims should be dismissed under § 1964(c). D.I. 112 at 17. The Magistrate Judge further recommended that I dismiss the remaining state law claims for lack of supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). D.I. 112 at 2, 20.

As Plaintiffs note in their objections, the Magistrate Judge's recommendation of "dismissal of Plaintiffs' claims turns on whether the Mining Packages are 'investment contracts' under *Howey*." D.I. 118 at 3. I agree with the Magistrate Judge that there are allegations in the Complaint that plausibly imply an actionable theory of securities fraud. Indeed, as the Magistrate Judge noted, "the [C]omplaint expressly describes Defendants' conduct as a violation of securities laws." D.I. 112 at 10 (citing D.I. 1 ¶ 184, which alleges that "Plaintiffs and members of the Class sustained damages arising out of Defendants' common

3

course of conduct in violation of federal and state securities laws as alleged

herein"). I also agree that in the absence of cognizable federal claims, I should

exercise my discretion and dismiss the remaining state law counts under

§ 1367(c)(3).

The Magistrate Judge recommended, and I agree, that the Complaint should

be dismissed without prejudice. D.I. 112 at 20. The Complaint alleges that "the

mining packages and hosting services sold by Defendants are not securities under

federal law." D.I. 1 at 31 n.6. It also contains allegations that plausibly imply that

the mining packages purchased by Plaintiffs did not involve a pooling of investors'

contributions or a distribution of profits and losses among investors on a pro-rata

basis. *See, e.g.,* D.I. 1 ¶¶ 8, 91–97. Under Third Circuit law, *Howey*'s common

enterprise requirement is satisfied by so-called "horizontal commonality," which is

characterized by "a pooling of investors' contributions and distribution of profits

and losses on a pro-rata basis among investors." *S.E.C. v. Infinity Grp. Co.*, 212

F.3d 180, 187–188 (3d Cir. 2000) (internal quotation marks and citation omitted).

It could well be the case that Plaintiffs can plead a RICO claim that does not rely

upon any conduct that would have been actionable as fraud in the purchase or sale

of securities.

4

Finally, I reject Plaintiffs' argument that the Magistrate Judge's Report and Recommendation "is at odds with" Federal Rule of Civil Procedure 8(d)(3). D.I. 118 at 7.  Plaintiff says that Rule 8(d)(3) "permit[s] Plaintiffs to allege alternative legal theories." D.I. 118 at 7.  Rule 8(d)(3), however, allows a plaintiff to "state as many separate *claims* . . . as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3) (emphasis added).  Rule 8(d)(3) says nothing about alleging—as Plaintiffs seem to have done here—inconsistent legal theories in support of a claim.  Had Plaintiffs alleged both RICO and securities claims, Rule 8(d)(3) arguably would be relevant.

NOW THEREFORE, at Wilmington on this Twenty-fifth day of 2023, IT IS HEREBY ORDERED that:

1.   Plaintiffs' Objections (D.I. 118) are OVERRULED;

2.   The Magistrate Judge's Report and Recommendation (D.I. 112) is ADOPTED;

3.   Defendant Jin Gao's Motion to Dismiss (D.I. 30) is GRANTED;

4.   Plaintiffs' Complaint (D.I. 1) is DISMISSED WITHOUT PREJUDICE;

5.   Defendant Phuong D. Vo's Motion to Dismiss (D.I. 33) is DENIED as MOOT; and

5

6.    If Plaintiffs seek to file an amended complaint, they must do so no

later than October 25, 2023.


_____

CHIEF JUDGE