

| | |
|---|---|
| 600 N. King Street • Suite 400 | Ronald P. Golden III, Esquire |
| P.O. Box 25130 • Wilmington, DE 19899 | 302-429-4238 |
| Zip Code For Deliveries 19801 | rgolden@bayardlaw.com |

February 23, 2024

**VIA ELECTRONIC FILING**
Honorable Sherry R. Fallon
United States District Court
District of Delaware
844 North King Street
Wilmington, DE  19801

     Re: *Ross Dettmering, et al., v. VBit Technologies Corp., et al.* - C.A. No. 22-1482-JLH-SRF

Dear Judge Fallon:

     Bayard, P.A. ("Bayard") respectfully submits this letter brief in accordance with Your Honor's February 12, 2024 Oral Order (D.I. 159) scheduling a hearing to commence on February 28, 2024 at 3:00 PM in Courtroom 6C.

**I.    THE ISSUE TO BE DECIDED REGARDING VBIT PRIVILEGE (NOT MR. TU)**

     Contrary to Plaintiffs' assertion (*see, e.g.*, D.I. 162 at 1.), Defendant Sean Tu ("Mr. Tu") is not asserting the attorney client privilege on behalf of VBit or attempting to act on VBit's behalf. (*See, e.g.*, Ex. 1 at 4 ("Bayard is not authorized to produce documents that are protected by VBit's attorney-client privilege."); *see also id.* at 7 ("Please provide your authority for the proposition that VBit, in its current state, is defunct and no longer can maintain the attorney-client privilege.").)  Mr. Tu is a natural person asserting privilege only on behalf of himself. (*Id.*)  Rather, Bayard and Mr. Tu have identified documents that implicate VBit's attorney-client privilege, should that privilege continue to exist.  While Plaintiffs contend that the issue before this Court is whether Mr. Tu can assert the attorney-client privilege on behalf of VBit, that statement misconstrues the true question. (D.I. 162 at 4.)  The core issue for this Court to decide is whether VBit's attorney-client privilege continues to exist.  If so, Bayard is ethically obligated to protect the attorney-client privilege of former clients and should not be ordered to produce the disputed documents.  If this Court holds that VBit is defunct and no longer enjoys the protection of the attorney-client privilege, Bayard will facilitate the production of the withheld documents.  Bayard is unaware of any authority that permits it (as VBit's former counsel), or Mr. Tu (as VBit's former agent), to produce documents implicating VBit's attorney-client privilege in the absence of a finding by this Court that VBit's attorney-client privilege does not exist and the production of the disputed documents does not constitute a waiver of privilege.  To be clear: Mr. Tu and Bayard are not attempting to obstruct the document production process.  Bayard is

ethically prohibited from violating the holy grail of its duties to a client by producing VBit's privileged documents absent a client consent or waiver because the attorney-client privilege runs with the (former) client—VBit. Should this Court determine that VBit's attorney-client privilege no longer exists and that the production of the disputed documents does not constitute a waiver of the attorney-client privilege, Bayard stands prepared to make a final production of those documents to Plaintiffs.

## II.    PROCEDURAL POSTURE AND FACTS

Bayard does not dispute Plaintiffs' recitation of the case history set forth in Plaintiffs' Letter Brief and will not repeat the obvious procedural facts and circumstances in this letter in order to alleviate burdening the Court with unnecessary characterizations. (*See* D.I. 162 at 1-2.) But to add some color: Bayard facilitated the production of 5,692 documents (32,860 pages) on behalf of Mr. Tu that were in his possession. Despite having its legal engagement with Mr. Tu terminated by the client, Bayard incurred thousands of dollars in additional attorney time as well as costs associated with the production of documents, in performing a privilege analysis of the documents in Mr. Tu's possession. Among the relevant materials, 523 documents were determined to be protected by the attorney-client privilege. The 523 privileged documents that were in Mr. Tu's possession were either privileged as to just Mr. Tu; privileged as to Mr. Tu and VBit; or privileged as to just VBit. (*See, e.g.*, D.I. 162 at 2; *see also id.*, Ex. D.) Regardless of which party the privilege relates to, Bayard (as counsel or former counsel to Mr. Tu and VBit) cannot waive Mr. Tu or VBit's privilege without their approval or Court order.

VBit's status as a corporate entity is unknown and Bayard takes no position on that legal issue. As this Court recognized in its Order granting Bayard's Motion to Withdraw as Counsel on behalf of VBit, Bayard "unsuccessfully tried to contact the VBit defendants on thirteen occasions between December 28, 2202 and February 21, 2023." (D.I. 88 ¶ 9).[1]  Bayard still has never heard from a VBit representative as of the date of this filing, despite the fact that VBit owes Bayard thousands of dollars in legal fees and costs. Notwithstanding, Plaintiffs know that multiple lawsuits and governmental investigations involving VBit are ongoing. (*See, e.g.*, D.I. 119, 120 (United States Attorney's Office Motion to Stay).)[2]  But, to Bayard's knowledge, no other Court has issued a decision finding that VBit is defunct and that ***VBit's attorney-client privilege*** no longer exists. Even the United States Attorneys Office has not taken a position in this case that VBit is defunct. The only evidence that Plaintiffs present to this Court regarding the status of VBit's existence is this Court's Order granting Bayard's Motion to Withdraw as Counsel (D.I. 88) and the honorable Clerk of Court's entry of Default against VBit (D.I. 107.)[3]

---

[1] This Court granted Bayard's Motion to Withdraw as counsel in C.A. No. 22-1164-JLH-SRF, *D.I. 94 (D. Del. June 26, 2023) and C.A. No.22-1574-JLH-SRF, *D.I. 42 (D. Del. June 26, 2023) on the same bases.

[2] Mr. Tu has asserted his Fifth Amendment right to silence under the United States Constitution in connection with discovery matters in this instant litigation.

[3] Default judgment against VBit has not been entered in the instant matter because Plaintiffs' Complaint was dismissed for failure to state a claim. (*See, e.g.*, D.I. 112, 128.)

## LEGAL STANDARD

The attorney-client privilege is the "oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).  It is well settled that the attorney-client privilege is essential "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.*  Confidential attorney-client communications are "worthy of maximum legal protection."  *Haines v. Liggett Grp.*, 975 F.2d 81, 89 (3d Cir. 1992).  Setting this privilege aside is an "extreme remedy[.]"  *Unigene Labs., Inc. v. Apotex*, *Inc.*, 655 F.3d 1352, 1359 (Fed. Cir. 2011).

Authority generally holds that even though the attorney-client privilege survives the death of a natural person, the same rule does not apply to defunct companies.  While the issue of whether the "corporate attorney client privilege survives the dissolution of the corporate entity" is still unsettled, the weight of authority "holds that a dissolved or defunct company retains no privilege." *S.E.C. v. Carrillo Huettel LLP*, No. 13 CIV. 1735 GBD, 2015 WL 1610282, at *2 (S.D.N.Y. Apr. 8, 2015).

Given that the attorney-client privilege depends on whether the client is communicating some legal interest to their attorney, courts hold that "once the business of a corporation is completely wound up, the company no longer has legal interests to protect or a reputation to maintain." *Jiaxing Super Lighting Elec. Appliance Co. v. Lunera Lighting, Inc.*, No. 18CV05091EMCTSH, 2021 WL 2711229, at *1 (N.D. Cal. July 1, 2021).  As such, a corporation without directors or assets is unable to assert attorney-client privilege. *In re Reinz Wisconsin Gasket, LLC*, No. CV 2022-0859-MTZ, 2023 WL 3300042, at *2 (Del. Ch. May 8, 2023), *cert. denied*, (Del. Ch. 2023).  Accordingly, "absent some compelling reason to the contrary," the attorney client privilege is not extended to defaulting companies.  *Id.*

## BAYARD AND MR. TU'S POSITION ON PLAINTIFFS' MOTION

Mr. Tu stands on his assertion of privilege on his own behalf and is not *asserting* the attorney-client privilege on behalf of VBit.  Rather, Mr. Tu and Bayard contend that they are not authorized to waive the attorney-client privilege of VBit, either as a former agent or former counsel of the company.  Bayard maintains that it cannot produce the documents Plaintiffs seek in the absence of an Order from this Court finding that VBit's attorney-client privilege no longer exists.  Bayard does not take a position on whether VBit is a defunct entity.  Moreover, as previously noted, Bayard is not aware of any other courts having held that VBit is a defunct entity.  At bottom, Bayard is prepared to produce the withheld documents, or continue to withhold the same, at the direction of the Court.

Respectfully submitted,

*/s/ Ronald P. Golden III*
Ronald P. Golden III (#6254)