# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

ROSS DETTMERING, FRANCIS
MANGUBAT, and all other similarly
situated individuals,

        Plaintiffs,

        v.

VBIT TECHNOLOGIES CORP.,
VBIT MINING LLC, ADVANCED
MINING GROUP, DANH CONG VO
a/k/a/ DON VO, PHUONG D VO a/k/a
KATIE VO, SEAN TU, JIN GAO, and
JOHN DOE INDIVIDUALS 1-10, and
ABC COMPANIES 1-10,

        Defendants.

Case No. 1:22-cv-01482-CFC-SRF

# EXHIBIT 1
# TO D.I. 163

| | |
|---|---|
| **From:** | Benjamin Eichel <beichel@bonizack.com> |
| **Sent:** | Tuesday, February 13, 2024 11:55 AM |
| **To:** | Ronald P. Golden III; Sean Tu; Ian D. McCauley; Brett M. McCartney |
| **Cc:** | Joshua Snyder; Peter Leckman; David Nagdeman; Scott M. Tucker |
| **Subject:** | RE: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023. |
| **Attachments:** | Tu 1550.pdf |

Ian and Ron,

I expect that we will attach as an exhibit to our forthcoming discovery dispute letter the attached document I referenced in a prior email. It is designated as "Confidential", and we would like to avoid filing a separation motion for leave to file the document under seal.

Please let me know whether we may file the document on the docket and whether any information should be redacted. Happy to discuss how best to efficiently address this issue.

Thanks.
-Ben

---

**From:** Ronald P. Golden III <rgolden@bayardlaw.com>
**Sent:** Friday, February 9, 2024 12:20 PM
**To:** Benjamin Eichel <beichel@bonizack.com>; Sean Tu <saj.tu@outlook.com>; Ian D. McCauley <imccauley@bayardlaw.com>; Brett M. McCartney <BMcCartney@bayardlaw.com>
**Cc:** Joshua Snyder <jsnyder@bonizack.com>; Peter Leckman <pleckman@langergrogan.com>; David Nagdeman <dnagdeman@langergrogan.com>; Scott M. Tucker <smt@chimicles.com>
**Subject:** RE: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

Ben,

We can make 2/23, 2/26, 2/28, 2/29, and 3/1 for a conference.

Ron


**Ronald P. Golden III**
**Associate |** rgolden@bayardlaw.com
**Bayard P.A.**
600 North King Street, Suite 400
Wilmington, DE 19801
Direct: +1 302-429-4238  | Fax: +1 302-658-6395
Mobile: +1 609-972-3577

---

**From:** Benjamin Eichel <beichel@bonizack.com>
**Sent:** Thursday, February 8, 2024 10:25 AM
**To:** Ronald P. Golden III <rgolden@bayardlaw.com>; Sean Tu <saj.tu@outlook.com>; Ian D. McCauley <imccauley@bayardlaw.com>; Brett M. McCartney <BMcCartney@bayardlaw.com>
**Cc:** Joshua Snyder <jsnyder@bonizack.com>; Peter Leckman <pleckman@langergrogan.com>; David Nagdeman

<dnagdeman@langergrogan.com>; Scott M. Tucker <smt@chimicles.com>
**Subject:** RE: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

Ron and Ian,

As we discussed on the call, we plan to file a motion for a teleconference to resolve a discovery dispute on whether Mr. Tu can assert the attorney client privilege on behalf of VBit. You stated that you would not oppose the motion unless it alleges obstruction by the Bayard firm. I confirmed that we did not intend to make any such allegations in the motion. Please let us know your availability for a conference with Judge Fallon during the weeks of February 19th and 26th.

We agreed that we would hold the issue of the redaction log in abeyance while the privilege motion is pending. If the motion is denied and it is determined that Mr. Tu can assert the privilege on behalf of VBit, Mr. Tu would then produce a privilege log addressing all redactions. If it is granted, Mr. Tu would only need to log any remaining redactions that apply to the assertion of the privilege personally as to him (to the extent there are any).

Finally, we discussed the individual document issues addressed in my January 19 and January 23 emails. You agreed that you would take another look at those documents and get back us with your position.

Thank you.
Best,
-Ben

**From:** Ronald P. Golden III <rgolden@bayardlaw.com>
**Sent:** Wednesday, February 7, 2024 12:58 PM
**To:** Sean Tu <saj.tu@outlook.com>; Benjamin Eichel <beichel@bonizack.com>; Ian D. McCauley <imccauley@bayardlaw.com>; Brett M. McCartney <BMcCartney@bayardlaw.com>
**Cc:** Joshua Snyder <jsnyder@bonizack.com>; Peter Leckman <pleckman@langergrogan.com>; David Nagdeman <dnagdeman@langergrogan.com>; Scott M. Tucker <smt@chimicles.com>
**Subject:** RE: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

Ben,

Tomorrow at 10 ET works for Ian and me.

Ron

**Ronald P. Golden III**
Associate | rgolden@bayardlaw.com
**Bayard P.A.**
600 North King Street, Suite 400
Wilmington, DE 19801
Direct: +1 302-429-4238  | Fax: +1 302-658-6395
Mobile: +1 609-972-3577

**From:** Sean Tu <saj.tu@outlook.com>
**Sent:** Wednesday, February 7, 2024 11:15 AM
**To:** Benjamin Eichel <beichel@bonizack.com>; Ian D. McCauley <imccauley@bayardlaw.com>; Ronald P. Golden III <rgolden@bayardlaw.com>; Brett M. McCartney <BMcCartney@bayardlaw.com>
**Cc:** Joshua Snyder <jsnyder@bonizack.com>; Peter Leckman <pleckman@langergrogan.com>; David Nagdeman <dnagdeman@langergrogan.com>; Scott M. Tucker <smt@chimicles.com>
**Subject:** Re: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

10 AM EST Thursday (Tomorrow, Feb 8) works for me.

--
*The content of this email is confidential and intended for the recipient specified in message only. It is strictly forbidden to share any part of this message with any third party, without a written consent of the sender. If you received this message by mistake, please reply to this message and follow with its deletion, so that we can ensure such a mistake does not occur in the future.*

---

**From:** Benjamin Eichel <beichel@bonizack.com>
**Date:** Wednesday, February 7, 2024 at 8:52 AM
**To:** Ian D. McCauley <imccauley@bayardlaw.com>, Ronald P. Golden III <rgolden@bayardlaw.com>, Brett M. McCartney <BMcCartney@bayardlaw.com>
**Cc:** Sean Tu <saj.tu@outlook.com>, Joshua Snyder <jsnyder@bonizack.com>, Peter Leckman <pleckman@langergrogan.com>, David Nagdeman <dnagdeman@langergrogan.com>, Scott M. Tucker <smt@chimicles.com>
**Subject:** RE: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

Ian,

Does 10 AM on Thursday work? If it doesn't, please provide an alternate time that works for your team. Thanks.
-Ben

---

**From:** Ian D. McCauley <imccauley@bayardlaw.com>
**Sent:** Tuesday, February 6, 2024 6:03 PM
**To:** Benjamin Eichel <beichel@bonizack.com>; Ronald P. Golden III <rgolden@bayardlaw.com>; Brett M. McCartney <BMcCartney@bayardlaw.com>
**Cc:** Sean Tu <saj.tu@outlook.com>; Joshua Snyder <jsnyder@bonizack.com>; Peter Leckman <pleckman@langergrogan.com>; David Nagdeman <dnagdeman@langergrogan.com>; Scott M. Tucker <smt@chimicles.com>
**Subject:** RE: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

Ben:

Good evening.  Please find below a new version of the November 17th, this time with the clawed back documents removed.  The password will be provided in a separate communication.  Please let us know if you have any questions regarding this production.

https://bayardlaw.sharefile.com/d-s793f0d8096a743a09018575b7cc71102

In addition, please let us know your availability on Thursday and Friday of this week for a meet and confer.

Thank you,
Ian

Ian D. McCauley
Director
BAYARD, P.A.
+1 302-429-4278
imccauley@bayardlaw.com

**From:** Benjamin Eichel <beichel@bonizack.com>
**Sent:** Friday, February 2, 2024 3:30 PM
**To:** Ronald P. Golden III <rgolden@bayardlaw.com>; Brett M. McCartney <BMcCartney@bayardlaw.com>
**Cc:** Sean Tu <saj.tu@outlook.com>; Joshua Snyder <jsnyder@bonizack.com>; Peter Leckman <pleckman@langergrogan.com>; David Nagdeman <dnagdeman@langergrogan.com>; Scott M. Tucker <smt@chimicles.com>; Ian D. McCauley <imccauley@bayardlaw.com>
**Subject:** RE: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

Ron,

Thanks for getting back to us. I am flexible on Monday and Tuesday of next week. Please let me know a time that would work for you.

Have a good weekend.
-Ben

---

**From:** Ronald P. Golden III <rgolden@bayardlaw.com>
**Sent:** Friday, February 2, 2024 3:11 PM
**To:** Brett M. McCartney <BMcCartney@bayardlaw.com>; Benjamin Eichel <beichel@bonizack.com>
**Cc:** Sean Tu <saj.tu@outlook.com>; Joshua Snyder <jsnyder@bonizack.com>; Peter Leckman <pleckman@langergrogan.com>; David Nagdeman <dnagdeman@langergrogan.com>; Scott M. Tucker <smt@chimicles.com>; Ian D. McCauley <imccauley@bayardlaw.com>
**Subject:** RE: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

Ben,

In light of the multiple lawsuits against VBit in various districts and the lack of relevant authority regarding the continued existence of VBit's attorney-client privilege, we maintain that Bayard is not authorized to produce documents that are protected by VBit's attorney-client privilege. We have searched for authority as well and have not located any basis under Delaware law that permits Bayard to produce the documents Plaintiffs are seeking, absent a Court order indicating that VBit no longer has an attorney-client privilege. To the extent Plaintiffs need to seek relief from the Court to determine that VBit's privilege no longer exists, Bayard will not oppose such a motion and takes no position. If Plaintiffs intend to seek relief from the Court and suggest that Bayard is somehow obstructing production of discovery, we certainly dispute that position. As such, please let us know a time next week to schedule a meet and confer to discuss (1) whether Plaintiffs intend to seek relief from the Court on this issue and (2) if so, what the substance of your proposed motion would be under the circumstances here. We are also willing to meet and confer regarding the specific documents noted in your earlier email.

As to a redaction log, we intend to provide one to you by Tuesday, February 6, 2024.

As to re-production of the 11/17 production, your deletion of the entire production, as opposed to just the clawed back documents, has created a substantial amount of manual work for Bayard that has required us to expend a considerable amount of resources to re-create the production. Notwithstanding, we likewise intend to re-produce this production as well by Tuesday, February 6, 2024.

Ron

**Ronald P. Golden III**
Associate | rgolden@bayardlaw.com



**Bayard P.A.**
600 North King Street, Suite 400
Wilmington, DE 19801
Direct: +1 302-429-4238  | Fax: +1 302-658-6395
Mobile: +1 609-972-3577

. .
Bayard P.A. places the highest priority on the security and privacy of our Clients.
Therefore, we have put our efforts into ensuring that this message is free of errors and
viruses. Despite our efforts, you should always scan all emails for any threats with
proper software, as the sender does not accept liability for any damage inflicted by
viewing the content of this email.
. . . .

**From:** Brett M. McCartney <BMcCartney@bayardlaw.com>
**Sent:** Friday, January 26, 2024 3:59 PM
**To:** Benjamin Eichel <beichel@bonizack.com>; Ronald P. Golden III <rgolden@bayardlaw.com>
**Cc:** Sean Tu <saj.tu@outlook.com>; Joshua Snyder <jsnyder@bonizack.com>; Peter Leckman
<pleckman@langergrogan.com>; David Nagdeman <dnagdeman@langergrogan.com>; Scott M. Tucker
<smt@chimicles.com>; Ian D. McCauley <imccauley@bayardlaw.com>
**Subject:** RE: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

Ben,

We are trying to recreate the 11/17 production, which requires a fair amount of work.  As indicated in Ron's email, we are willing to meet and confer, but we will not do this piecemeal.  We will get back to you next week on all issues raised in your prior emails.

Have a nice weekend.

Brett

**Brett M. McCartney**
Director | BMcCartney@bayardlaw.com



**Bayard P.A.**
600 North King Street, Suite 400
Wilmington, DE 19801
Direct: +1 302-429-4218  | Fax: +1 302-658-6395

. .
Bayard P.A. places the highest priority on the security and privacy of our Clients.
Therefore, we have put our efforts into ensuring that this message is free of errors and
viruses. Despite our efforts, you should always scan all emails for any threats with
proper software, as the sender does not accept liability for any damage inflicted by
viewing the content of this email.
. . . .

**From:** Benjamin Eichel <beichel@bonizack.com>
**Sent:** Friday, January 26, 2024 3:55 PM
**To:** Ronald P. Golden III <rgolden@bayardlaw.com>
**Cc:** Brett M. McCartney <BMcCartney@bayardlaw.com>; Sean Tu <saj.tu@outlook.com>; Joshua Snyder <jsnyder@bonizack.com>; Peter Leckman <pleckman@langergrogan.com>; David Nagdeman <dnagdeman@langergrogan.com>; Scott M. Tucker <smt@chimicles.com>
**Subject:** RE: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

Ron,

Please get back to us by the end of the day on Monday, January 29 on whether we are at an impasse on these issues. If the parties are at an impasse, please let us know available dates that we can include in a joint motion to resolve the discovery dispute. If the parties are not at an impasse, please provide us with your availability for a meet and confer call next week.

Thank you.

---

**From:** Benjamin Eichel
**Sent:** Tuesday, January 23, 2024 11:08 AM
**To:** Ronald P. Golden III <rgolden@bayardlaw.com>
**Cc:** Brett M. McCartney <BMcCartney@bayardlaw.com>; Sean Tu <saj.tu@outlook.com>; Joshua Snyder <jsnyder@bonizack.com>; Peter Leckman <pleckman@langergrogan.com>; David Nagdeman <dnagdeman@langergrogan.com>; Scott M. Tucker <smt@chimicles.com>
**Subject:** RE: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

Ron,

I have addressed the three issues in your email below. Please let us know when you are available for a meet and confer.

**Mr. Tu's Assertion of the Attorney Client Privilege on Behalf of VBit**

As explained in my January 19 email, the following facts support our position that VBit is "defunct":

- There are currently multiple lawsuits against VBit and for more than a year VBit has done nothing to defend itself in the face of these lawsuits, resulting in entries of default against it in multiple cases, including this one;
- VBit's CEO stopped communicating with VBit's lawyers in late 2022 and no VBit management has ever surfaced to speak for the companies; and
- The list of individuals on the privilege log includes all former employees and officers, and you have not identified, nor have the documents produced by Mr. Tu pointed to, any current officer, director, or manager of VBit.

Additionally, Mr. Tu terminated all of VBit's U.S. employees on January 6, 2023. Tu/Dettmering-001551. And, as shown in the attached form generated by the Delaware Secretary of State's Office, VBit Technologies Corp. is not in good standing. As a result, it appears to be beyond dispute that VBit is "a non-operating/defunct corporation." *See Gilliland v. Geramita*, No. 2:05-cv-01059, 2006 U.S. Dist. LEXIS 65546, at *12 (W.D. Pa. Sep. 14, 2006) ("there should be a presumption that the attorney-client privilege is no longer viable after a corporate entity ceases to function, unless a party seeking to establish the privilege demonstrates authority and good cause."); *see also id*. at *9-10 ("[N]o person presently has the ability to either assert or waive the attorney-client privilege, the question of burden becomes dispositive. The Court concludes that the burden should be on the person seeking to invoke the privilege."). If Mr. Tu has facts suggesting otherwise, it is his burden to come forward with them.

As the party seeking to invoke the privilege, the burden is on Mr. Tu to show that it applies. *Id.* at *10. Just as in *Gilliland*, Mr. Tu "cannot meet [his] burden to prove that the privilege has been validly asserted because there is no person with authority to properly invoke the privilege." *Id.* at *11. In my January 12 email, I asked for you to provide any authority that supports your position that Mr. Tu, as VBit's former employee/officer, can assert the privilege on behalf of VBit and you have offered none.

**Logging of Redactions**

As the party asserting the privilege, Mr. Tu bears the burden of demonstrating the existence of the privilege. *Wise Invs., Inc. v. Bracy Contracting, Inc.*, No. 01-3458, 2002 U.S. Dist. LEXIS 22263, at *4 (E.D. Pa. Oct. 22, 2002). Without a privilege log identifying the holder of the privilege (VBit and/or Sean Tu), a description of the withheld information, and the type of privilege asserted, Plaintiffs cannot assess the applicability of the claimed privilege. *See Guerrido-Lopez v. City of Allentown*, No. 15-1660, 2016 U.S. Dist. LEXIS 40021, at *10 (E.D. Pa. Mar. 28, 2016) (ordering defendants to produce a privilege log "specifying the nature of the redacted information with sufficient detail to permit Plaintiff's counsel to understand precisely what type of information was redacted and identifying the legal basis on which such information was redacted."). Whether any other parties to this case have produced a redaction log is beside the point, particularly where no other parties have produced any documents.

**November 17 Production**

The issue here is that we simply need a new version of this production that includes the slip sheets that replaced the clawed back documents. At your direction, we deleted the November 17 production. Dec. 13 email ("Please destroy any and all copies of these documents in your possession and confirm once they have been destroyed."). As a result, the supplemental production that consisted only of the overlay with slipsheets did not work.

Finally, you did not respond to the three other issues identified at the end of my email: (1) Tu_Dettmering_009804 and Tu_Dettmering_008947 (asserting privilege on behalf of Katie Vo); (2) Tu_Dettmering_009941 (asserting privilege on behalf of Don Vo); and (3) Tu_Dettmering_014011, Tu_Dettmering_014013, Tu_Dettmering_014015, Tu_Dettmering_014018, Tu_Dettmering_014021 (privilege waived by sending documents to a third party).

Thanks.
-Ben

---

**From:** Ronald P. Golden III <rgolden@bayardlaw.com>
**Sent:** Monday, January 22, 2024 2:41 PM
**To:** Benjamin Eichel <beichel@bonizack.com>
**Cc:** Brett M. McCartney <BMcCartney@bayardlaw.com>; Sean Tu <saj.tu@outlook.com>; Joshua Snyder <jsnyder@bonizack.com>; Peter Leckman <pleckman@langergrogan.com>; David Nagdeman <dnagdeman@langergrogan.com>; Scott M. Tucker <smt@chimicles.com>
**Subject:** RE: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

Ben,

Please provide your authority for the proposition that VBit, in its current state, is defunct and no longer can maintain the attorney-client privilege. Should you have such authority, which you neglected to provide in your email below, we are happy to consider it. To be clear, neither Bayard nor Mr. Tu are looking to stand in the shoes of VBit or otherwise protect the company's interests. Nevertheless, neither Bayard nor Mr. Tu are authorized to waive the attorney-client privilege for VBit. We will not be producing any VBit attorney-client privileged documents absent a directive from an officer of the company or by order of the Court. Since you are not arguing that Bayard or Mr. Tu waived privilege, rather that the attorney-client privilege can no longer exist because of VBit's present condition, Bayard would not take a position on your request for the Court to order the production of privileged documents.

Regarding your request for a redaction log, please indicate what other parties have served redaction logs in this litigation. We are willing to meet and confer on this issue, but we do not understand, and you have not noted with any specificity, what information (beyond the specific privilege identified) cannot be gleaned from the redacted documents and related metadata you list that would be provided in a log.

The November 17 production contained 4,018 documents and 6,880 pages. The December 5 production contained placeholder images for privileged documents that were previously inadvertently produced. All of these placeholder images read "Withheld as Privileged." There is no non-privileged content in this production.

Please let us know what additional information you have related to the November 17 and December 5 productions and my colleague will contact you directly.

Ron

**Ronald P. Golden III**
**Associate** | rgolden@bayardlaw.com
**Bayard P.A.**
600 North King Street, Suite 400
Wilmington, DE 19801
Direct: +1 302-429-4238 | Fax: +1 302-658-6395
Mobile: +1 609-972-3577

**From:** Benjamin Eichel <beichel@bonizack.com>
**Sent:** Friday, January 19, 2024 11:24 AM
**To:** Ronald P. Golden III <rgolden@bayardlaw.com>
**Cc:** Brett M. McCartney <BMcCartney@bayardlaw.com>; Sean Tu <saj.tu@outlook.com>; Joshua Snyder <jsnyder@bonizack.com>; Peter Leckman <pleckman@langergrogan.com>; David Nagdeman <dnagdeman@langergrogan.com>; Scott M. Tucker <smt@chimicles.com>
**Subject:** RE: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

Ron,

As discussed in my December 21, 2023 email, Mr. Tu cannot assert the attorney client privilege on behalf of VBit because he is not "current management." Moreover, no person can currently assert the privilege on behalf of VBit because VBit has ceased operations and does not have any management. *See* Restatement 3d of the Law Governing Lawyers, § 73, comment k ("When a corporation or other organization has ceased to have a legal existence such that no person can act in its behalf, ordinarily the attorney-client privilege terminates."); *In re KiOR, Inc.*, 621 B.R. 313, 325 (Bankr. D. Del. 2020) ("A completely defunct company should not be allowed to assert privilege, regardless of whether it has technically maintained its legal status. Because a corporation's management controls its privilege, the corporation must also retain current management capable of asserting the privilege"). Where there is no management that can assert the privilege, "it is impossible to satisfy the burden of one invoking the privilege to show that 'the privilege has been claimed and is not waived by the client.'" *Red Vision Sys. v. Nat'l Real Estate Info. Servs., L.P.*, 108 A.3d 54, 68 (Pa. Super. Ct. 2015) (quoting *Nationwide Mut. Ins. Co. v. Fleming*, 924 A.2d 1259, 1264 (Pa. Super. Ct. 2007)).

While the corporate defendants have not formally dissolved, they are "defunct" for all practical purposes. As represented in Bayard's motion to withdraw (D.I. 58), Lillian Zhou stopped communicating with VBit's counsel in December 2022, and she is identified in Mr. Tu's "List of Individuals on Privilege Log" as VBit's former CEO. As such, the VBit entities have been without management for at least a year and made no attempt to litigate the multiple lawsuits filed against them. Indeed, that list identifies only VBit employees, officers, and directors as "former" employees, officers and directors, and no one currently employed by the company.

Separate from this overarching issue, the privilege log is also deficient because it does not include most documents in the production with privilege redactions. The following non-exhaustive list provides examples of documents with redactions that do not appear on the log:

Tu_Dettmering_009054; Tu_Dettmering_009057; Tu_Dettmering_009060; Tu_Dettmering_009258;
Tu_Dettmering_009264; Tu_Dettmering_009272; Tu_Dettmering_009265; Tu_Dettmering_009281;
Tu_Dettmering_009805; Tu_Dettmering_009294; Tu_Dettmering_009792; Tu_Dettmering_009797;
Tu_Dettmering_009808; Tu_Dettmering_009819; Tu_Dettmering_009824; Tu_Dettmering_009826;
Tu_Dettmering_009835; Tu_Dettmering_009837; Tu_Dettmering_009844; Tu_Dettmering_009846;
Tu_Dettmering_009848; Tu_Dettmering_009857; Tu_Dettmering_009865; Tu_Dettmering_009880;
Tu_Dettmering_009898; Tu_Dettmering_009907; Tu_Dettmering_009913; Tu_Dettmering_009915;
Tu_Dettmering_009922; Tu_Dettmering_009926; Tu_Dettmering_009936; Tu_Dettmering_010212;
Tu_Dettmering_010237; Tu_Dettmering_010495; Tu_Dettmering_010494; Tu_Dettmering_010591;
Tu_Dettmering_010666; Tu_Dettmering_010879; Tu_Dettmering_010882; Tu_Dettmering_010889;
Tu_Dettmering_010897; Tu_Dettmering_010899; Tu_Dettmering_010912; Tu_Dettmering_010923;
Tu_Dettmering_010936; Tu_Dettmering_010953; Tu_Dettmering_010960; Tu_Dettmering_010969;
Tu_Dettmering_010989; Tu_Dettmering_011058; Tu_Dettmering_011064; Tu_Dettmering_011195;
Tu_Dettmering_011342; Tu_Dettmering_011349; Tu_Dettmering_011698; Tu_Dettmering_011740;
Tu_Dettmering_012002; Tu_Dettmering_012327; Tu_Dettmering_012446; Tu_Dettmering_012456;
Tu_Dettmering_012494; Tu_Dettmering_012505; Tu_Dettmering_012511; Tu_Dettmering_012517;
Tu_Dettmering_012518; Tu_Dettmering_012850; Tu_Dettmering_012945; Tu_Dettmering_013011;
Tu_Dettmering_013232; Tu_Dettmering_013335; Tu_Dettmering_013340; Tu_Dettmering_013342;
Tu_Dettmering_013344; Tu_Dettmering_013539; Tu_Dettmering_013549; Tu_Dettmering_013956;
Tu_Dettmering_013987; Tu_Dettmering_014011; Tu_Dettmering_014015; Tu_Dettmering_014018;
Tu_Dettmering_014021; Tu_Dettmering_014105; Tu_Dettmering_014114; Tu_Dettmering_014116;
Tu_Dettmering_014827; Tu_Dettmering_014968; Tu_Dettmering_014970; Tu_Dettmering_014973

We also identified the following additional issues with the privilege log:

Tu_Dettmering_009804 and Tu_Dettmering_008947 appear to both be engagement letters signed by Katie Vo. Sean Tu cannot claim attorney client privilege over a document that Ms. Vo sent to Jin Gao and Don Vo at a time when neither were employed by VBit.

Tu_Dettmering_009941 is withheld based on VBit's assertion of the attorney client privilege, but the attachment (an October 24, 2022 SEC subpoena directed to Don Vo personally) makes clear that the withheld communication concerns Don Vo's personal legal issues.

Tu_Dettmering_014011, Tu_Dettmering_014013, Tu_Dettmering_014015, Tu_Dettmering_014018, Tu_Dettmering_014021 cannot be withheld as privileged because any privilege that may have existed was waived when the contents of the email were forwarded to VBit's outside recruiter.

Please let us know if you are willing to meet and confer on these issues. I can be available for a call this afternoon or Monday/Tuesday of next week except from 12-2 on Tuesday.

Additionally, please get back to me concerning the new version of the November 17 production.

Thank you.

---

**From:** Ronald P. Golden III <rgolden@bayardlaw.com>
**Sent:** Friday, January 12, 2024 4:54 PM
**To:** Benjamin Eichel <beichel@bonizack.com>
**Cc:** Brett M. McCartney <BMcCartney@bayardlaw.com>; Sean Tu <saj.tu@outlook.com>; Joshua Snyder <jsnyder@bonizack.com>; Peter Leckman <pleckman@langergrogan.com>; David Nagdeman

<[dnagdeman@langergrogan.com](mailto:dnagdeman@langergrogan.com)>
**Subject:** RE: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

Ben,

Attached please find Bayard's former clients' Privilege Log of documents withheld from production in this matter. A List of Names that appear on the Privilege Log is also included.

We will respond to the balance of your email early next week.

Thank you,
Ron

**Ronald P. Golden III**
**Associate** | [rgolden@bayardlaw.com](mailto:rgolden@bayardlaw.com)
**Bayard P.A.**
600 North King Street, Suite 400
Wilmington, DE 19801
Direct: [+1 302-429-4238](tel:+13024294238) | Fax: +1 302-658-6395
Mobile: [+1 609-972-3577](tel:+16099723577)

**From:** Benjamin Eichel <[beichel@bonizack.com](mailto:beichel@bonizack.com)>
**Sent:** Friday, January 12, 2024 1:14 PM
**To:** Ronald P. Golden III <[rgolden@bayardlaw.com](mailto:rgolden@bayardlaw.com)>
**Cc:** Brett M. McCartney <[BMcCartney@bayardlaw.com](mailto:BMcCartney@bayardlaw.com)>; Sean Tu <[saj.tu@outlook.com](mailto:saj.tu@outlook.com)>; Joshua Snyder <[jsnyder@bonizack.com](mailto:jsnyder@bonizack.com)>; Peter Leckman <[pleckman@langergrogan.com](mailto:pleckman@langergrogan.com)>; David Nagdeman <[dnagdeman@langergrogan.com](mailto:dnagdeman@langergrogan.com)>
**Subject:** RE: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

Ron,

Do you have an update on when you expect to produce the privilege log?

Additionally, do you have any authorities you can share that support your position that Mr. Tu can assert the attorney client privilege on behalf of the corporate entities that he is no longer associated with and that are no longer operating? As the party asserting the privilege, the burden is on Mr. Tu to show that the privilege applies. *See Matter of Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 805 F.2d 120, 126 (3d Cir. 1986).

Additionally, we requested that you provide a new version of the November 17 production that did not include the privileged emails that we identified. You said on December 13 that you were checking with your team about the issue. Please advise.

Thank you.

**From:** Ronald P. Golden III <[rgolden@bayardlaw.com](mailto:rgolden@bayardlaw.com)>
**Sent:** Friday, January 5, 2024 4:34 PM
**To:** Benjamin Eichel <[beichel@bonizack.com](mailto:beichel@bonizack.com)>
**Cc:** Brett M. McCartney <[BMcCartney@bayardlaw.com](mailto:BMcCartney@bayardlaw.com)>; Sean Tu <[saj.tu@outlook.com](mailto:saj.tu@outlook.com)>; Joshua Snyder <[jsnyder@bonizack.com](mailto:jsnyder@bonizack.com)>; Peter Leckman <[pleckman@langergrogan.com](mailto:pleckman@langergrogan.com)>; David Nagdeman

<dnagdeman@langergrogan.com>
**Subject:** Re: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

Ben,


We are in the process of drafting the privilege log; the log will make clear which privilege claim is on behalf of Mr. Tu, and which is on behalf of the VBit entities.

We disagree with your view that the privilege log in this matter may not also include VBit's privilege claims. In fact, counsel for Mr. Tu does not have the right to waive VBit's privilege by not making these claims.

We plan on producing a privilege log on Monday, January 8th.

Ron


**Ronald P. Golden III**
**Associate** | rgolden@bayardlaw.com
**Bayard P.A.**
600 North King Street, Suite 400
Wilmington, DE 19801
Direct: +1 302-429-4238  | Fax: +1 302-658-6395
Mobile: +1 609-972-3577


On Dec 21, 2023, at 11:26 AM, Benjamin Eichel <beichel@bonizack.com> wrote:


Ron,

We have begun our review of Mr. Tu's December 13 production and note that there are many documents withheld or redacted based on the attorney client privilege. While we anticipate that the basis of each privilege assertion will be addressed in a privilege log, we wanted to alert you to an important consideration that we think should inform your privilege determinations.

It appears that through this production, Mr. Tu and/or your firm as VBit's former counsel, is asserting the attorney client privilege not just on behalf of Mr. Tu but also on behalf of the VBit corporate entities. However, because Mr. Tu resigned from VBit in January of 2023, he is no longer "current management" and therefore does not have the authority to assert the privilege on behalf of any VBit entity. *Gilliland v. Geramita*, No. 2:05-cv-01059, 2006 U.S. Dist. LEXIS 65546, at *7-8 (W.D. Pa. Sep. 14, 2006). The *Gilliland* case is instructive because it similarly involved a former executive of a corporation that ceased operations. The court held that the former manager could not assert the privilege and "there should be a presumption that the attorney-client privilege is no longer viable after a corporate entity ceases to function, unless a party seeking to establish the privilege demonstrates authority and good cause." *Id.* at *12. The court in that case also held that the law firm did not have any obligation to preserve the corporation's privilege. *Id.* at *13; *see also United States v. Cox*, No. 8:14-cr-0140-T-23MAP, 2015 U.S. Dist. LEXIS 172594, at *17 (M.D. Fla. Oct. 7, 2015) ("while officers and directors have the authority to assert (and therefore waive) the privilege, former officers and directors do not.").

While we have no intention to intrude upon privileged communications between Mr. Tu and his counsel concerning his personal legal issues, communications between Mr. Tu and VBit's former counsel concerning VBit legal matters should be produced. It appears that most of the withheld documents exclusively contain information that only VBit could claim as privileged. *See* Tu_Dettmering_009826-27 (email chain that appears to be discussing request for information sent to VBit by the Pennsylvania Department of Banking and Securities); Tu_Dettmering_009831-32 (email with VBit's counsel discussing a refund for a particular customer); Tu_Dettmering_009918-21 (email string discussing a court summons addressed to VBit); Tu_Dettmering_0010305 (email withheld with the subject line "Scheduled of all assets own, leased, or otherwise held by VBit - Copy of 1625 Washington Avenue Lease.msg").

Please let us know by January 5 whether you intend to reconsider your privilege determinations in light of the above.

Thank you.

---

**From:** Benjamin Eichel
**Sent:** Wednesday, December 13, 2023 3:21 PM
**To:** Ronald P. Golden III <rgolden@bayardlaw.com>; Brett M. McCartney <BMcCartney@bayardlaw.com>; Sean Tu <saj.tu@outlook.com>
**Cc:** Joshua Snyder <jsnyder@bonizack.com>; Peter Leckman <pleckman@langergrogan.com>; David Nagdeman <dnagdeman@langergrogan.com>
**Subject:** RE: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

Ron,

We deleted the November 17 production that contained the privileged documents. Can you please resend that production with those documents removed or with the overlay? Also, do you anticipate making additional productions?

Thanks.
-Ben

---

**From:** Ronald P. Golden III <rgolden@bayardlaw.com>
**Sent:** Wednesday, December 13, 2023 1:34 PM
**To:** Benjamin Eichel <beichel@bonizack.com>; Brett M. McCartney <BMcCartney@bayardlaw.com>; Sean Tu <saj.tu@outlook.com>
**Cc:** Joshua Snyder <jsnyder@bonizack.com>; Peter Leckman <pleckman@langergrogan.com>; David Nagdeman <dnagdeman@langergrogan.com>
**Subject:** RE: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

Counsel,

Please see the link below to find a document production for Sean Tu in the Dettmering case.

The bates range of these three productions are Tu_Dettmering_008829-Tu_Dettmering_012857, Tu_Dettmering_012858-Tu_Dettmering_015013, and Tu_Dettmering_015014-Tu_Dettmering_015023.   These are linked below:

https://bayardlaw.sharefile.com/d-se5073f7218b646d8a56e757d5dac360c

Password to zip to follow by separate email.

Also, regarding your question about the 18kb, this was an overlay production with slip sheets.  They were designed to replace the previously produced records and have no content.  The password for that production is Ah8GXYsR5Edx.

If you have any further issues accessing it, please let us know.

Ron



**Ronald P. Golden III**
Associate | rgolden@bayardlaw.com
**Bayard P.A.**
600 North King Street, Suite 400
Wilmington, DE 19801
Direct: +1 302-429-4238  | Fax: +1 302-658-6395
Mobile: +1 609-972-3577

---

**From:** Benjamin Eichel <beichel@bonizack.com>
**Sent:** Wednesday, December 6, 2023 9:52 AM
**To:** Ronald P. Golden III <rgolden@bayardlaw.com>; Brett M. McCartney <BMcCartney@bayardlaw.com>; Sean Tu <saj.tu@outlook.com>
**Cc:** Joshua Snyder <jsnyder@bonizack.com>; Peter Leckman <pleckman@langergrogan.com>; David Nagdeman <dnagdeman@langergrogan.com>
**Subject:** RE: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

Ron,

I can confirm that we have deleted the original production and have destroyed any copies of the clawed back documents, however, I am having trouble accessing the new production. It appears that the zip file does not contain the full production as it is only 18 kb and no password was provided.

Additionally, can you give us any update when you expect to complete the production and provide a privilege log.

Thanks.
-Ben

---

**From:** Ronald P. Golden III <rgolden@bayardlaw.com>
**Sent:** Tuesday, December 5, 2023 6:42 PM
**To:** Brett M. McCartney <BMcCartney@bayardlaw.com>; Benjamin Eichel <beichel@bonizack.com>; Sean Tu <saj.tu@outlook.com>
**Cc:** Joshua Snyder <jsnyder@bonizack.com>; Peter Leckman <pleckman@langergrogan.com>; David

Nagdeman <dnagdeman@langergrogan.com>
**Subject:** RE: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

Counsel:

Pursuant to Paragraph 19 of the Stipulated Protective Order, we are clawing back to the below list produced documents with the following bates ranges:

Tu_Dettmering_002358 – Tu_Dettmering_002359
Tu_Dettmering_002376 – Tu_Dettmering_002379
Tu_Dettmering_002380
Tu_Dettmering_008626 – Tu_Dettmering_008628
Tu_Dettmering_008629 – Tu_Dettmering_008632
Tu_Dettmering_008776
Tu_Dettmering_008777

Please destroy any and all copies of these documents in your possession and confirm once they have been destroyed.

A replacement production consisting of replacement slip sheets (with the prior bates numbers referenced in the load file) can be downloaded using the link below.

https://bayardlaw.sharefile.com/d-sa0921697e5ca41b69e1eb74856e9a7c0

Please contact us with any questions you have regarding the clawback of the documents.

**Ronald P. Golden III**
Associate | rgolden@bayardlaw.com
**Bayard P.A.**
600 North King Street, Suite 400
Wilmington, DE 19801
Direct: +1 302-429-4238 | Fax: +1 302-658-6395
Mobile: +1 609-972-3577

**From:** Brett M. McCartney <BMcCartney@bayardlaw.com>
**Sent:** Wednesday, November 22, 2023 10:29 AM
**To:** Benjamin Eichel <beichel@bonizack.com>; Ronald P. Golden III <rgolden@bayardlaw.com>; Sean Tu <saj.tu@outlook.com>
**Cc:** Joshua Snyder <jsnyder@bonizack.com>; Peter Leckman <pleckman@langergrogan.com>; David Nagdeman <dnagdeman@langergrogan.com>
**Subject:** Re: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

Ben,

We are working on these issues.

Have a nice holiday.

Brett

**Brett M. McCartney**
**Director** | BMcCartney@bayardlaw.com
**Bayard P.A.**
600 North King Street, Suite 400
Wilmington, DE 19801
Direct: +1 302-429-4218 | Fax: +1 302-658-6395

---

**From:** Benjamin Eichel <beichel@bonizack.com>
**Sent:** Wednesday, November 22, 2023 10:25 AM
**To:** Ronald P. Golden III <rgolden@bayardlaw.com>; Sean Tu <saj.tu@outlook.com>
**Cc:** Joshua Snyder <jsnyder@bonizack.com>; Brett M. McCartney <BMcCartney@bayardlaw.com>; Peter Leckman <pleckman@langergrogan.com>; David Nagdeman <dnagdeman@langergrogan.com>
**Subject:** RE: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

Please also let us know when you expect to complete the production and provide a privilege log.

Thanks.

---

**From:** Ronald P. Golden III <rgolden@bayardlaw.com>
**Sent:** Tuesday, November 21, 2023 8:16 PM
**To:** Sean Tu <saj.tu@outlook.com>; Benjamin Eichel <beichel@bonizack.com>
**Cc:** Joshua Snyder <jsnyder@bonizack.com>; Brett M. McCartney <BMcCartney@bayardlaw.com>; Peter Leckman <pleckman@langergrogan.com>; David Nagdeman <dnagdeman@langergrogan.com>
**Subject:** RE: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

Thank you for your email, Ben.  It is our understanding that Mr. Tu intends to claw back the communications you identified in your email.  We will provide you a revised production set with the aforementioned communications removed.

Ron

**Ronald P. Golden III**
**Associate** | rgolden@bayardlaw.com
**Bayard P.A.**
600 North King Street, Suite 400
Wilmington, DE 19801
Direct: +1 302-429-4238 | Fax: +1 302-658-6395
Mobile: +1 609-972-3577

---

**From:** Sean Tu <saj.tu@outlook.com>
**Sent:** Tuesday, November 21, 2023 11:59 AM
**To:** Benjamin Eichel <beichel@bonizack.com>; Ronald P. Golden III <rgolden@bayardlaw.com>
**Cc:** Joshua Snyder <jsnyder@bonizack.com>; Brett M. McCartney <BMcCartney@bayardlaw.com>; Peter Leckman <pleckman@langergrogan.com>; David Nagdeman <dnagdeman@langergrogan.com>
**Subject:** Re: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

Hi Ben,

Thank you for pointing it out.  Likely human error.

Emails that have attorneys or law firms are supposed to be privileged between VBit and the attorney/firm.

--
*The content of this email is confidential and intended for the recipient specified in message only. It is strictly forbidden to share any part of this message with any third party, without a written consent of the sender. If you received this message by mistake, please reply to this message and follow with its deletion, so that we can ensure such a mistake does not occur in the future.*

---

**From:** Benjamin Eichel <beichel@bonizack.com>
**Date:** Tuesday, November 21, 2023 at 10:50 AM
**To:** Ronald P. Golden III <rgolden@bayardlaw.com>
**Cc:** Joshua Snyder <jsnyder@bonizack.com>, Brett M. McCartney
<BMcCartney@bayardlaw.com>, Sean Tu <saj.tu@outlook.com>, Peter Leckman
<pleckman@langergrogan.com>, David Nagdeman <dnagdeman@langergrogan.com>
**Subject:** RE: Request for Extension to Respond to First Amended Class Action Complaint to
November 22, 2023.

Ron,

Do you have any greater clarity on when Sean Tu's document production will be complete and when we can expect to receive a privilege log? On the issue of privilege, we noticed that the production includes what appear to be privileged communications between Mr. Tu and Mitchell Kim of K&L Gates and later Buchalter. Please advise whether Mr. Tu maintains that these documents are privileged and how we should treat them. We will hold off on any additional review until you provide direction.

Thank you.

---

**From:** Ronald P. Golden III <rgolden@bayardlaw.com>
**Sent:** Friday, November 17, 2023 9:53 PM
**To:** Benjamin Eichel <beichel@bonizack.com>
**Cc:** Joshua Snyder <jsnyder@bonizack.com>; Brett M. McCartney <BMcCartney@bayardlaw.com>; Sean
Tu <saj.tu@outlook.com>
**Subject:** RE: Request for Extension to Respond to First Amended Class Action Complaint to November
22, 2023.

Please see the link below to find a document production for Sean Tu in the Dettmering case.  Password to zip to follow by separate email.

https://bayardlaw.sharefile.com/d-s0dac9b9878c74ec9bfa0ab8943e6e4df

**Ronald P. Golden III**
Associate | rgolden@bayardlaw.com

**Bayard P.A.**
600 North King Street, Suite 400
Wilmington, DE 19801
Direct: +1 302-429-4238  | Fax: +1 302-658-6395
Mobile: +1 609-972-3577

. .
Bayard P.A. places the highest priority on the security and privacy of our Clients.
Therefore, we have put our efforts into ensuring that this message is free of errors and
viruses. Despite our efforts, you should always scan all emails for any threats with
proper software, as the sender does not accept liability for any damage inflicted by
viewing the content of this email.
. . . .

**From:** Ronald P. Golden III
**Sent:** Wednesday, November 8, 2023 11:44 PM
**To:** Benjamin Eichel <beichel@bonizack.com>
**Cc:** Joshua Snyder <jsnyder@bonizack.com>; Brett M. McCartney <BMcCartney@bayardlaw.com>
**Subject:** RE: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

Ben,

The Joint Status Report is due on or before 5:00 PM ET on Monday, November 13, 2023.  We are working with Mr. Tu and his criminal counsel to get clarity on when the requested documents in Mr. Tu's possession will be produced.  As of now, we hope to facilitate a production of documents by Mr. Tu by November 17, 2023.  At this time, we are not able to provide a date when the document production will be complete, but we are working diligently to get clarity on that.

Ron

---

**From:** Benjamin Eichel <beichel@bonizack.com>
**Sent:** Wednesday, November 8, 2023 4:29 PM
**To:** Ronald P. Golden III <rgolden@bayardlaw.com>
**Cc:** Joshua Snyder <jsnyder@bonizack.com>
**Subject:** FW: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

Ron,

Can you please get back to us on the status of the document production. We would like to be able to get the letter to Judge Fallon with the status report on file this week.

Thanks.

---

**From:** Brett M. McCartney <BMcCartney@bayardlaw.com>
**Sent:** Monday, November 6, 2023 1:16 PM
**To:** Benjamin Eichel <beichel@bonizack.com>; Ronald P. Golden III <rgolden@bayardlaw.com>
**Cc:** Michael Boni <mboni@bonizack.com>; Joshua Snyder <jsnyder@bonizack.com>; scotttucker@chimicles.com; Milena Dolukhanyan <mdolukhanyan@gghslaw.com>; Sean Tu

<[saj.tu@outlook.com](mailto:saj.tu@outlook.com)>
**Subject:** RE: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

Ben,

As we have said repeatedly, Mr. Tu has terminated Bayard as his counsel. While we remain in this litigation as counsel of record, we do not speak for Mr. Tu. Please address your questions to him and he should absolutely be a separate signature on any stipulation.

I'll defer to Ron on the timing of the document production.

Brett

**Brett M. McCartney**
**Director** | [BMcCartney@bayardlaw.com](mailto:BMcCartney@bayardlaw.com)

<image001.png>                <image002.png>

**Bayard P.A.**
600 North King Street, Suite 400
Wilmington, DE 19801
Direct: [+1 302-429-4218](tel:+13024294218) | Fax: [+1 302-658-6395](tel:+13026586395)

Bayard P.A. places the highest priority on the security and privacy of our Clients. Therefore, we have put our efforts into ensuring that this message is free of errors and viruses. Despite our efforts, you should always scan all emails for any threats with proper software, as the sender does not accept liability for any damage inflicted by viewing the content of this email.

**From:** Benjamin Eichel <[beichel@bonizack.com](mailto:beichel@bonizack.com)>
**Sent:** Monday, November 6, 2023 1:13 PM
**To:** Ronald P. Golden III <[rgolden@bayardlaw.com](mailto:rgolden@bayardlaw.com)>
**Cc:** Michael Boni <[mboni@bonizack.com](mailto:mboni@bonizack.com)>; Joshua Snyder <[jsnyder@bonizack.com](mailto:jsnyder@bonizack.com)>; [scotttucker@chimicles.com](mailto:scotttucker@chimicles.com); Brett M. McCartney <[BMcCartney@bayardlaw.com](mailto:BMcCartney@bayardlaw.com)>; Milena Dolukhanyan <[mdolukhanyan@gghslaw.com](mailto:mdolukhanyan@gghslaw.com)>; Sean Tu <[saj.tu@outlook.com](mailto:saj.tu@outlook.com)>
**Subject:** RE: Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

**CAUTION EXTERNAL**

Ron,

I am sending our response to Mr. Tu's email to you given that Mr. Tu remains a represented party for purposes of Rule 4.2 of the Delaware Rules of Professional Conduct and because it's not clear from Mr. Tu's email whether Bayard has reviewed and agrees with Mr. Tu's request.

While we are not necessarily opposed to the requested extension, can you give some additional information on why it is necessary? Does Mr. Tu intend to file an answer to the First Amended Complaint? If Mr. Tu intends to file a motion to dismiss the First Amended Complaint, we ask that the stipulation include a similar two-week extension for us to file our brief in opposition. There is also no

need for Mr. Tu to be a separate signatory on the stipulation given that he is not a *pro se* party at this time. *See* D.I. 117 at ¶ 9.

Finally, please let us know when you expect to complete Mr. Tu's document production pursuant to Judge Fallon's August 9, 2023 Order. As stated in Judge Fallon's November 3 Order, we need to file a joint status report by November 13 concerning the status of that production.

Thank you.

Regards,
-Ben

---

**From:** Sean Tu <saj.tu@outlook.com>
**Sent:** Monday, November 6, 2023 12:14 PM
**To:** Benjamin Eichel <beichel@bonizack.com>
**Cc:** Michael Boni <mboni@bonizack.com>; Joshua Snyder <jsnyder@bonizack.com>; scotttucker@chimicles.com; Brett M. McCartney <BMcCartney@bayardlaw.com>; Milena Dolukhanyan <mdolukhanyan@gghslaw.com>; Ronald P. Golden III <rgolden@bayardlaw.com>
**Subject:** Request for Extension to Respond to First Amended Class Action Complaint to November 22, 2023.

DATE: November 6, 2023

Dear Mr. Benjamin J. Eichel et all:

I trust this email finds you well. I am writing to formally request an extension to respond to the First Amended Class Action Complaint, as initiated by Mr. Jin Gao. I kindly request that the response deadline for myself be extended until **November 22, 2023**. Attached for your Delaware counsel's approval is a stipulation to extend time.  Please let me know if I can get it on file.

Your understanding and cooperation in this matter would be greatly appreciated.

Sincerely,

Sean Tu

612-888-0068
saj.tu@outlook.com
1390 Braun Ct, Eagan, MN 55123


--
*The content of this email is confidential and intended for the recipient specified in message only. It is strictly forbidden to share any part of this message with any third party, without a written consent of the sender. If you received this message by mistake, please reply to this message and follow with its deletion, so that we can ensure such a mistake does not occur in the future.*