# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROSS DETTMERING, FRANCIS MANGUBAT, and all other similarly situated individuals,<br><br>    Plaintiffs,<br><br>    v.<br><br>VBIT TECHNOLOGIES CORP., VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, PHUONG D VO a/k/a KATIE VO, SEAN TU, JIN GAO, and JOHN DOE INDIVIDUALS 1-10, and ABC COMPANIES 1-10,<br><br>    Defendants. | C.A. No. 22-1482-CFC-SRF |
| MICHAEL EICHLER, and all other similarly situated individuals,<br><br>    Plaintiffs,<br><br>    v.<br><br>VBIT TECHNOLOGIES CORP., VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, PHUONG D VO a/k/a KATIE VO, SEAN TU, JIN GAO, and JOHN DOE INDIVIDUALS 1-10, and ABC COMPANIES 1-10,<br><br>    Defendants. | C.A. No. 22-1574-JLH-SRF |

**DEFENDANT PHUONG D. VO A/K/A KATIE VO'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED AND CONSOLIDATED COMPLAINT**

RLF1 33959936v.1

**SUMMARY OF ARGUMENT**

Despite Plaintiffs' best efforts to hide their undue delay and mismanagement of the instant matter, Plaintiffs' eleventh-hour attempt to amend an already amended Complaint after several Motions to Dismiss have been deliberated is simply <u>not</u> practically, procedurally, and legally reasonable. Plaintiffs have had nearly two years since their filing of their operative First Amended Complaint ("FAC") back on October 25, 2023. (D.I. 131). Even when Defendants filed their Unopposed Motion to Modify the Scheduling Order to extend the fact discovery deadline on July 18, 2025, Plaintiffs represented that they were prepared to move forward with the matter even if the Court denied the requested relief. (D.I. 234). Further, the Parties did not stipulate or even attempt to extend the deadline to amend or supplement the pleadings from the initial date of March 10, 2023. (D.I. 45). Yet, Plaintiffs now intend to sneak in a complex claim against two Defendants, including Ms. Vo, nearly a month after the expiration of the fact discovery deadline. By doing so, Plaintiffs are denying Ms. Vo the fundamental right to due process to have a fair and reasonable opportunity to defend against a complex, fraud-based claim that seeks significant relief against Ms. Vo. Plaintiffs' tardy Motion for Leave to Amend the operative FAC should be denied.

**NATURE AND STAGE OF PROCEEDINGS AND FACTUAL BACKGROUND**

Plaintiffs filed their initial Complaint on November 10, 2022. (D.I. 1.) Shortly after, the Scheduling Order was entered by the Court setting all appropriate deadlines, including the deadline to amend or supplement the pleadings. (D.I. 45). Plaintiffs then filed the operative FAC on October 25, 2023. (D.I. 131.) Thereafter, the parties proceeded with discovery, which was initially set to conclude on July 25, 2025. (D.I. 234). On or about March 20, 2023, Ms. Vo served Plaintiffs the divorce settlement agreement as part of the initial document production allowing Plaintiffs to have express knowledge that Ms. Vo had received divorce payments from Mr. Don Vo. (D.I. 64).

On July 18, 2025, Defendants filed a motion requesting the Court modify the scheduling order to extend the deadline to conclude discovery and to file dispositive motions. (D.I. 234.) In the aforementioned motion, Plaintiffs represented that they were prepared to move forward with the matter even if the Court denied the requested relief of extending the fact discovery deadline. *Id.* The Court granted Defendants' Motion and entered an Order setting the close of factual discovery as September 5, 2025, and the deadline for dispositive motions as December 5, 2025. (D.I 235.)

On September 22, 2025, Plaintiffs filed a Motion for Leave to File an Amended and Consolidated Complaint, seeking to add a claim for fraudulent conveyance under of 12 Pa.C.S § 5104 of Pennsylvania's Uniform Voidable Transfer Act ("PUVTA") against two Defendants, including Ms. Vo. This new cause of action alleges that payments Ms. Vo received pursuant to a divorce settlement between herself and Mr. Don Vo were fraudulent conveyances.

## ARGUMENT

### A.  LEGAL STANDARD

Though amendments sought under Rule 15(a) are to be freely given, they remain subject to well established limitations. A motion for leave to amend may be denied if the amendments (1) would be futile, (2) are the result of undue delay or (3) would cause undue prejudice against the non-moving party. *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). A court has "substantial leeway" to decide whether to grant a plaintiff's request to amend their complaint. *Lake*, 232 F.3d at 373. "The question of undue delay, as well as the question of bad faith, requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier; the issue of prejudice requires that we focus on the effect on the defendants." *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984).

As a result of Plaintiffs' untimely Motion for Leave to Amend, the more restrictive provisions of Rule 16(b)(4) should apply in the Court's evaluation of the Motion. *Ryanair DAC v. Booking Holdings Inc.*, No. 20-1191-WCB, 2023 WL 8650180, at *2 (D. Del. Dec. 8, 2023). Pursuant to Rule 16(b)(4), Plaintiffs must provide a showing of "good cause" or a "showing of diligence." *Id.*, *citing*, *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020).

Further, the Third Circuit has noted that "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (citation omitted). Amendments are prejudicial when they would impose a hardship on the non-moving party such as "additional discovery, cost, and [needing to prepare] to defend against new facts or new theories." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001) ("The issue of prejudice requires that we focus on the hardship to the defendants if the amendment were permitted. [citation omitted]. Specifically, we have considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories.")

Even if there is an absence of prejudice, a motion for leave to amend can be denied on the grounds that the moving party acted with undue or unexplained delay in seeking to amend their complaint. *Bechtel*, 886 F.2d at 653. "Delay may become undue when a movant has had previous opportunities to amend a complaint." *Cureton,* 252 F.3d at 273.

Finally, when "assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). When the proposed amendments constitute a claim involving actual fraud, such as a fraudulent conveyance based on actual fraud, the heightened Rule

4

9 pleading standard applies. *See Burt v. Key Trading LLC*, No. 12-6333 (KM-SCM), 2014 WL 5437070, *4(D.N.J. Oct. 22, 2014) (Rule 9 pleading standard applies to fraudulent transfer).

B. **DEADLINE TO AMEND PLEADINGS HAVE LONG BEEN EXPIRED**

Although the fact discovery deadline along with other related deadlines have been extended through Defendants' unopposed motion, neither Plaintiffs nor Defendants ever requested to extend the deadline to amend or supplement the pleadings from the initial scheduling order. (D.I. 45, 234). In fact, the initial scheduling order makes clear that, "[a]ll motions to join other parties, and to amend or supplement the pleadings shall be filed on or before March 10, 2023." (D.I. 45). The fact pattern of the instant matter closely resembles the one detailed in *Ryanair DAC*, 2023 WL 8650180, at *2.

In *Ryanair DAC*, the moving party filed a motion to amend its counterclaims <u>after</u> the date for filing amendments to the pleadings had passed. *Id*. The moving party attempted to argue that the filing deadline for any amendments to the pleadings was extended when the previous order entered by the court extended the deadlines for various matters in the case. *Id*. However, this was found not to be the case. *Id*. Therefore, the court applied the "more restrictive provisions" of Rule 16(b)(4) and required the moving party to show good cause or a showing of diligence. *Id*. Upon the application of Rule 16(b)(4) and further analysis of the procedural facts, the court found that the moving party failed to "act with special expedition to move to amend its counterclaims." *Id*.

Likewise, here, Plaintiffs are seeking to amend their FAC <u>more than two (2) years after the deadline</u> to amend or supplement the pleadings has passed. (D.I. 45). Significantly, Plaintiffs <u>never</u> requested or attempted to extend the deadline to amend or supplement the pleadings at any time. As a result, Rule 16(b)(4) requires Plaintiffs to provide a clear showing of good faith or diligence to justify the excessively tardy attempt to amend the FAC. *Ryanair DAC*, 2023 WL

5

8650180, at *2. Yet, Plaintiffs fail to provide any showing of good cause, let alone any reasonable showing of diligence. Thus, Plaintiffs' Motion for Leave to Amend should be denied in its entirety with prejudice.

### C.  MS. VO WILL BE PREJUDICED BY THE AMENDMENTS BECAUSE ADDITIONAL DISCOVERY WILL BE REQUIRED

Plaintiffs' Motion should be denied because the proposed amendments to the FAC would prejudice Ms. Vo. The Third Circuit has consistently noted that "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel*, 886 F.2d at 652 (quoting *Cornell & Co. v. Occupational Safety and Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). The proposed amendments contain an entirely new cause of action that will force Ms. Vo to pursue costly additional discovery, requiring the Court to reopen fact discovery and further delay a resolution. *Cureton*, 252 F.3d at 273 (noting that "substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend.") Furthermore, amendments that come after the close of discovery and would force the court to re-open discovery are viewed as especially prejudicial to the non-moving party. *Voilas v. GMC,* 173 F.R.D 389, 396 (D.N.J. 1997) ("If the proposed amendment requires the reopening of discovery, the prejudice to the non-moving party will be considered greater than if the proposed amendment presents only a new issue of law."); *McLean v. United States*, No. 1:14-cv-02298, 2017 WL 3485741, at *2 (M.D.P.A. Aug. 15, 2017) (listing cases where courts denied motions for leave to amend on the grounds that the "time and expense of re-opening discovery is sufficiently prejudicial to prevent the addition of new claims.")

Plaintiffs' Motion asserts that no additional discovery will be required because "any discovery that would be required to defend against the voidable transfer claims should already have been taken." (Motion at p. 7.) This assertion vastly understates the complexity of Section 5104 of the PUVTA as well as the number of new factual and legal issues that would arise from

its application to this on-going litigation. Section 5104 contains two distinct causes of action for fraudulent conveyance: actual fraud (12 Pa. Con. Stat. § 5104(a)(1)) and constructive fraud (12 Pa. Con. Stat. § 5104(a)(2)). Actual fraud occurs when a transfer is made "with actual intent to hinder, delay or defraud any creditor of the debtor". 12 Pa. Con. Stat. § 5104(a)(1). Since parties will rarely "readily admit that they intended 'to hinder, delay, or defraud and creditor'", Section 5104 includes eleven factors for courts to apply to determine if actual fraud occurred. *McLean*, 2017 WL 3485741, at *6. Investigating facts to properly assess these factors will be time intensive and require additional discovery, likely involving third parties. For example, one factor asks if the transfer was substantially all the debtor's assets and another asks if the debtor removed or concealed assets. Plaintiffs are well aware that Ms. Vo does not have access to Mr. Vo's financial information and would likely need to seek it from third party sources such as financial institutions that maintained or managed Mr. Vo's finances. Obtaining the information needed to properly assess these factors will be time-consuming and difficult to obtain, which would be highly prejudicial to Ms. Vo.

Constructive fraud occurs when a transfer is made "without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor: (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due." 12 Pa. Con. Stat. § 5104(a)(2). Plaintiffs do not address this provision in their Motion, so their theory of liability against Ms. Vo is unclear. Likewise, Plaintiffs leave open the reasonable possibility that additional discovery may be warranted, especially targeting

7

third party sources to either prosecute or defend the related claims. Permitting Plaintiffs to add these claims at this late stage is highly prejudicial to Ms. Vo and the request should be denied.

D. **THE PLAINTIFFS UNDULY DELAYED IN SEEKING TO AMEND THEIR COMPLAINT**

"Delay becomes 'undue' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008) (citation omitted). Even "bearing in mind the liberal pleading philosophy of [Rule 15(a)], the question of undue delay requires that we focus on the movant's reasons for not amending sooner." *Cureton*, 252 F.3d at 273. Plaintiffs' initial complaint was filed over three years ago, and the FAC was filed almost two years ago. Discovery has been taking place for years, during which Plaintiffs received documents from both Ms. Vo and VBit (through Sean Tu). Plaintiffs fail to provide any, let alone a valid, reason as to why they waited nearly two years after filing the FAC to assert the PUTVA claim. This unexplained delay imposes an unwarranted burden on the Court, which must now supervise new discovery and resolve disputes that could have been handled during the initial discovery period. The delay also requires yet another modification to the dispositive motions schedule.

Plaintiffs' Motion fails to justify this untimely amendment request. The Motion does not claim the proposed amendments are based on newly discovered information, nor why Plaintiffs were unable to plead the claim two years ago when they filed the FAC. The FAC presently alleges that "Don Vo paid Ms. Vo significant sums in cryptocurrency from the account that Mr. Vo used to manage VBit's cryptocurrency assets." (FAC ¶ 94). This allegation contains the central element of a fraudulent transfer claim—that she received a transfer from a debtor. Plaintiffs have been aware of the core facts underlying the alleged transfer to Ms. Vo for years, as evidenced by their

8

prior pleadings. *Id.* The proposed amendments add three new factual details: (1) the payments were part of a divorce settlement, (2) the specific amounts paid, and (3) the years the payments occurred. (Exh. B, p. 17-18.) Plaintiffs have known that Ms. Vo received a divorce settlement since March 20, 2023. The dates and amounts of these payments were discussed in documents produced by Ms. Vo on or about March 20, 2023, more than two years ago. (D.I. 64). Yet, Plaintiffs offer no explanation for why these minor details were prerequisites to bringing their PUTVA claim such that it could not have been included in the FAC. Delay is especially undue where, as here, Plaintiffs had prior opportunities to amend and the new claim is based on facts long in their possession. *See Cureton*, 252 F.3d at 273. Given that the FAC already contained the core fraudulent transfer allegation, Plaintiffs' delay is further unjustified.

E. **PLAINTIFFS' RELIANCE ON *SCHOLES V. LEHMANN* IS ENTIRELY MISPLACED**

Despite Plaintiffs' heavy reliance on *Scholes v. Lehmann*, 56 F.3d 750 (7th Cir. 1995), there are numerous flaws that prevent Plaintiffs' effective legal use of *Scholes* in the instant matter. First and foremost, *Scholes* is a 7th Circuit matter that is neither binding on nor precedential to this Court. *Villines v. Harris*, 487 F. Supp. 1278, 1279 n.1 (D.N.J. 1980) ("Decisions of the Court of Appeal for a given circuit are binding on the district courts within the circuit, but are not binding on courts in other circuits.") Second, there are clear factual and procedural distinctions between *Scholes* and the instant matter. In *Scholes*, the transfers at issue were made from entities wholly controlled by the alleged fraudster (Douglas) to third parties, including his ex-wife, with the clear purpose of dissipating assets to frustrate creditors. *Scholes*, 56 F.3d at 754. The ex-wife's entitlement to the funds was not established, and the court remanded for a determination of whether she gave commensurate value. *Id.* at 754-763. Here, the transfers to Ms. Vo were made pursuant to a formal divorce settlement, a context in which courts are especially deferential to the legitimacy

9

of the transfer. *Id.* at 755-756; also see, 11 U.S.C. Sec. 547(c)(7). Plaintiffs have not alleged, nor can they show, that the divorce settlement was somehow a sham or that Ms. Vo was complicit in any alleged fraud.

Further, in *Scholes*, the receiver's claims were brought in the context of a receivership, with the receiver acting on behalf of defrauded investors after the scheme had collapsed and the facts were fully developed. *Scholes, supra,* 56 F.3d at 753. In contrast, Plaintiffs here seek to add a new, complex claim after the close of fact discovery, requiring significant additional factual development, including third-party discovery involving sources that have not been contemplated during the already extended fact discovery period.

Similarly, *Scholes* does not address the procedural prejudice of adding new claims after the close of fact discovery. *See generally, Scholes, supra,* 56 F.3d 750. Here, the addition of a voidable transfer claim would require reopening discovery, causing undue delay and prejudice to Ms. Vo, who would need to defend against new factual and legal theories not previously at issue. Thus, Plaintiffs heavy reliance on *Scholes* is entirely misplaced and erroneous.

F.  **THE PROPOSED AMENDMENTS ARE FUTILE BECAUSE PLAINTIFFS' FRAUDULENT CONVEYANCE CLAIM WILL FAIL**

Futility of the request amendment is sufficient basis to deny a motion for leave to amend. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) ("Under Rule 15(a), futility of amendment is a sufficient basis to deny leave to amend.") "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d at 1434 (citations omitted). When seeking leave to amend a complaint to include claims that fall under Rule 9's heightened pleading standard, the proposed amendment must plead those claims with the requisite

10

particularity. *See Holst v. Oxman*, 290 F. App'x 508, 510 (3d Cir. 2008) (affirmed denial of leave to amend complaint on basis of futility where proposed amendment to RICO claim failed to meet Rule 9(b)'s heightened pleading requirement).

Plaintiffs' proposed amendments are futile because their PUTVA claim against Ms. Vo does not state a claim on which relief can be granted. Plaintiffs appear to be alleging a fraudulent conveyance on the grounds of both actual and constructive fraud against Ms. Vo. Claims of actual fraud must be plead to the heightened standard of Rule 9. *Hamill v. Twin Cedars Senior Living, LLC*, 2022 WL 16840356, *7 (M.D. Pa. Aug. 5, 2022) ("The requirements of Rule 9(b) apply to fraudulent transfer claims under Pennsylvania's Uniform Fraud Transfer Act ('PUVTA').") Neither claim is sufficiently plead, and the amendments are futile.

Actual fraud, (12 Pa. Con. Stat. § 5104(a)(1)), occurs when the debtor makes a transfer "with actual intent to hinder, delay or defraud any creditor of the debtor". To determine if a debtor acted with intent, the statute provides eleven factors, listed under Section 5104(b), for the court to consider. Plaintiffs' motion only addresses one of these factors—that Mr. Vo absconded after or around the transfer. (Motion at 5.) This is insufficient to showcase that the amendments plead the new cause of action with sufficient particularity to satisfy Rule 9. The proposed amendments themselves, which are not discussed in detail in the Motion, are no better. The proposed amendments are merely conclusory statements modeled after some, but not all, of the factors listed in Section 5104(b). For example, "Don Vo concealed the Transfers" (Exh. B at 58.) These conclusory statements, without any specific factual allegations to support them, fall short of the particularity required by Rule 9.

Constructive fraud, (12 Pa. Con. Stat. § 5104(a)(2)), is a transfer made "without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor: (i) was

11

engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due." Plaintiffs entirely fail to argue in their Motion that Ms. Vo's waiver of rights was insufficient value for divorce settlement. Nor do any of the proposed amendments directly make this point. *Belitskus v. Pizzingrilli*, 343 F.3d 632, 645 (3d Cir. 2003) (When a party does not raise an argument in district court, that failure "constitutes a waiver of the argument.") (citation omitted). Rather, Plaintiffs include yet another conclusory allegation that merely re-states the statutory language. (Exh. B at 59.) It is important to note that even the court in *Scholes* remanded for further proceedings to determine whether the ex-wife had a legitimate claim to the funds, underscoring that a transfer pursuant to a divorce settlement is not automatically voidable. *See generally, Scholes, supra,* 56 F.3d 750. Plaintiffs' failure to allege any facts showing that the divorce settlement was not for reasonably equivalent value renders the amendment futile. Given that such an allegation is essential to Plaintiffs' theory of fraudulent conveyance based on constructive fraud, the proposed amendments in their entirety are futile.

## CONCLUSION

WHEREFORE, for each of the foregoing reasons, Ms. Vo respectfully requests that the Court deny Plaintiffs' Motion for Leave to Amend.

| | |
|---|---|
| OF COUNSEL:<br><br>Mitchell S. Kim<br>Thompson Hine, LLP<br>2040 Century Park E, Suite 3500<br>Los Angeles, CA 90067<br>(310) 382-1333<br>mitchell.kim@thompsonhine.com<br><br>Dated: October 6, 2025 | /s/ Travis S. Hunter<br>Travis S. Hunter (#5350)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>hunter@rlf.com<br><br>*Attorneys for Defendant Phuong D Vo a/k/a Katie Vo* |

13