# Exhibit B

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT DELAWARE

| | |
|---|---|
| ROSS DETTMERING, FRANCIS MANGUBAT, and all other similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>VBIT TECHNOLOGIES CORP., VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, PHUONG D VO a/k/a KATIE VO, SEAN TU, JIN GAO, and JOHN DOE INDIVIDUALS 1-10, and ABC COMPANIES 1-10,<br><br>Defendants. | C.A. No. 22-1482-CFC-SRF |

### DEFENDANT PHUONG D. VO A/K/A KATIE VO'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. Proc. Rule 33, Defendant Phuong D. Vo a/k/a Katie Vo ("Responding Party" or "Ms. Vo") responds to Plaintiffs' First Set of Interrogatories, as follows:

### PRELIMINARY STATEMENT

The following Responses are made solely for the purpose of this action. Each Response is subject to all appropriate objections, which would require the exclusion of any statement contained herein if the interrogatory were asked of, or if the answer

1

were made by, a witness present and testifying in Court. All such objections and grounds are reserved and may be interposed at the time of trial.

Except for explicit facts submitted herein, no admissions of any nature, whatsoever, are implied or should be inferred. The fact that any request herein has been answered should not be taken as an admission or acceptance of the existence of any fact or facts set forth or assumed by any interrogatory, or that such answer constitutes admissible evidence.

Responding Party bases the Response on Responding Party's present knowledge of the documents and information that Responding Party requests in the interrogatory. Responding Party reserves the right to amend the Response in any way prior to trial in this action, or trial of the causes of action and the defenses alleged in this action in any other action, case, or proceeding, if Responding Party discovers additional documents or information that Responding Party requests in the interrogatory during Responding Party's investigation of the facts underlying the causes of action and the defenses alleged in this action. This Preliminary Statement is, by this reference, incorporated into each and every of the following Responses.

## **GENERAL OBJECTIONS**

Responding Party objects to each and every interrogatory as set forth below. These objections are incorporated into each and every Response, and are set forth herein to avoid the duplication and repetition of restating them for each Response.

The failure to specifically incorporate a general objection should not be construed as a knowing waiver of a potentially applicable objection.

Responding Party objects to each interrogatory to the extent that it seeks documents, information or communications that are protected by the attorney-client privilege and/or the attorney work-product doctrine, and/or the common interest doctrine, or any constitutional, statutory or common law privilege or doctrine, including but not limited to the protections afforded by the United States Constitution. The inadvertent production of such information shall neither constitute a waiver of any privilege nor a waiver of any rights Responding Party may have to object to the use of any of her responses at pretrial proceedings or at trial.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify your current holdings of digital assets including type and amount.

### RESPONSE TO INTERROGATORY NO. 1:

Responding Party objects to this Interrogatory as seeking information that is not reasonably calculated to lead to discovery of admissible evidence. Responding Party also objects to the undefined term "holdings" as overbroad, not limited in scope and calling for speculation. Responding Party further objects to this Interrogatory as seeking information beyond the scope allowed under Fed. R. of Civ. P. Rule 26(b)(1). Additionally, Responding Party objects to this Interrogatory as

seeking personal financial information that is entitled to privacy protection. *Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia*, 812 F.2d 105, 115 (3d Cir. 1987); *see also, In re McVane v. Federal Deposit Insurance Corp.*, 44 F.3d 1127, 1140 n. 4 (2d Cir. 1995)(rejecting argument that there are no constitutionally protected privacy interests in bank statements and financial data); *DeMasi v. Weiss*, 669 F.2d 114, 119 (3d Cir. 1982)(private individuals have legitimate privacy expectation regarding income); *Plante v. Gonzalez*, 575 F.2d 1119, 1136 (5th Cir. 1978)("Financial privacy is a matter of serious concern, deserving strong protection."). Responding Party will not respond to this Interrogatory as written.

### INTERROGATORY NO. 2:

Identify the addresses, accounts, or wallets used by you for holding or transacting digital assets.

### RESPONSE TO INTERROGATORY NO. 2:

Responding Party objects to this Interrogatory as seeking information that is not reasonably calculated to lead to discovery of admissible evidence. Responding Party also objects to the undefined terms "holdings" and "transacting" as overbroad, not limited in scope and calling for speculation. Responding Party further objects to this Interrogatory as seeking information beyond the scope allowed under Fed. R. of Civ. P. Rule 26(b)(1). Additionally, Responding Party objects to this Interrogatory as seeking personal financial information that is entitled to privacy protection.

*Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia*, 812 F.2d 105, 115 (3d Cir. 1987); *see also, In re McVane v. Federal Deposit Insurance Corp.*, 44 F.3d 1127, 1140 n. 4 (2d Cir. 1995)(rejecting argument that there are no constitutionally protected privacy interests in bank statements and financial data); *DeMasi v. Weiss*, 669 F.2d 114, 119 (3d Cir. 1982)(private individuals have legitimate privacy expectation regarding income); *Plante v. Gonzalez*, 575 F.2d 1119, 1136 (5th Cir. 1978)("Financial privacy is a matter of serious concern, deserving strong protection."). Responding Party will not respond to this Interrogatory as written.

## **INTERROGATORY NO. 3:**

Identify all assets held by you, and the present value thereof.

## **RESPONSE TO INTERROGATORY NO. 3:**

Responding Party objects to this Interrogatory as seeking information that is not reasonably calculated to lead to discovery of admissible evidence. Responding Party also objects to the undefined term "held" and undefined phrase "present value thereof" as overbroad, not limited in scope and calling for speculation. Responding Party further objects to this Interrogatory as seeking information beyond the scope allowed under Fed. R. of Civ. P. Rule 26(b)(1). Additionally, Responding Party objects to this Interrogatory as seeking personal financial information that is entitled to privacy protection. *Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia*, 812 F.2d 105, 115 (3d Cir. 1987); *see also, In re McVane v. Federal*

5

*Deposit Insurance Corp.*, 44 F.3d 1127, 1140 n. 4 (2d Cir. 1995)(rejecting argument that there are no constitutionally protected privacy interests in bank statements and financial data); *DeMasi v. Weiss*, 669 F.2d 114, 119 (3d Cir. 1982)(private individuals have legitimate privacy expectation regarding income); *Plante v. Gonzalez*, 575 F.2d 1119, 1136 (5th Cir. 1978)("Financial privacy is a matter of serious concern, deserving strong protection."). Responding Party will not respond to this Interrogatory as written.

**INTERROGATORY NO. 4:**

Identify all accounts, virtual wallets, cash holdings, and other investments used by VBit.

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party objects to the undefined phrase "other investments used by VBit" as vague, overbroad, not limited in scope and calling for speculation. Responding Party also objects to this Interrogatory as being propounded against a party who lacks the necessary knowledge and seeking information that should have been obtained from other source(s) that is/are more convenient or less burdensome. Fed. R. Civ. P. Rule 26(b)(2)(C). Subject to and without waiving said objections and general objections, and as Responding Party understands the Interrogatory, Responding Party responds as follows: It has been nearly three years since Responding Party has been an administrative employee of VBit Tech. Given the

amount of time Responding Party has been distant and/or away from VBit Tech along with her limited administrative role even when she was an employee, Responding Party does not have the necessary knowledge and/or information.

**INTERROGATORY NO. 5:**

Identify all exchanges, protocols, brokerages, applications, marketplaces, or other methods used to acquire, swap, and/or sell any digital assets on behalf of yourself or VBit.

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party objects to the undefined terms "exchanges," "protocols," "applications," "marketplaces," "other methods," "acquire," "swap," and the undefined phrases "used to" and "on behalf of yourself or VBit" as vague, overbroad, not limited in scope and calling for speculation. Responding Party also objects to this Interrogatory as being propounded against a party who lacks the necessary knowledge in regards to VBit and seeking information that should have been obtained from other source(s) that is/are more convenient or less burdensome. Fed. R. Civ. P. Rule 26(b)(2)(C). Responding Party further objects to this Interrogatory as seeking information beyond the scope allowed under Fed. R. of Civ. P. Rule 26(b)(1). Additionally, Responding Party objects to this Interrogatory as seeking personal financial information that is entitled to privacy protection. *Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia*, 812 F.2d 105, 115 (3d Cir. 1987); *see*

7

*also, In re McVane v. Federal Deposit Insurance Corp.*, 44 F.3d 1127, 1140 n. 4 (2d Cir. 1995)(rejecting argument that there are no constitutionally protected privacy interests in bank statements and financial data); *DeMasi v. Weiss*, 669 F.2d 114, 119 (3d Cir. 1982)(private individuals have legitimate privacy expectation regarding income); *Plante v. Gonzalez*, 575 F.2d 1119, 1136 (5th Cir. 1978)("Financial privacy is a matter of serious concern, deserving strong protection.").

Subject to and without waiving said objections and general objections, and as Responding Party understands the Interrogatory, Responding Party responds as follows: It has been nearly three years since Responding Party has been an administrative employee of VBit Tech. Given the amount of time Responding Party has been distant and/or away from VBit Tech along with her limited administrative role even when she was an employee, Responding Party does not have the necessary knowledge and/or information in regards to VBit. Responding Party will not respond to this Interrogatory as written.

**INTERROGATORY NO. 6:**

Identify and describe all orders and/or transactions by which Vbit received or transferred digital assets directly or indirectly including information sufficient to identify:

a. Every wallet address currently or previously in Vbit's control used to send or receive any such transaction;

8

  b. Either the transaction hash for each transaction or information sufficient to identify the transaction hashes (including the precise date, time, and amount of the transaction and either the sending or receiving address); and

  c. The natural person(s) in possession or control of the sending and receiving blockchain addresses for each transaction.

**RESPONSE TO INTERROGATORY NO. 6:**

  Responding Party objects to the undefined terms "orders," "transactions," "received," "transferred," "directly," "indirectly," "currently," "previously," "transaction hash(es)" and the undefined phrases "information sufficient to identify," and "in Vbit's control used to send or receive any such transaction" as vague, overbroad, not limited in scope and calling for speculation. Responding Party also objects to this Interrogatory as being propounded against a party who lacks the necessary knowledge and seeking information that should have been obtained from other source(s) that is/are more convenient or less burdensome. Fed. R. Civ. P. Rule 26(b)(2)(C). Subject to and without waiving said objections and general objections, and as Responding Party understands the Interrogatory, Responding Party responds as follows: It has been nearly three years since Responding Party has been an administrative employee of VBit Tech. Given the amount of time Responding Party has been distant and/or away from VBit Tech along with her limited administrative role even when she was an employee, Responding Party does not have the necessary

9

knowledge and/or information.

**INTERROGATORY NO. 7:**

Identify any and all methods used to secure digital assets on behalf of yourself and/or Vbit.

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party objects to the undefined term "methods" and the undefined phrases "used to" and "on behalf of yourself or VBit" as vague, overbroad, not limited in scope and calling for speculation. Responding Party also objects to this Interrogatory as being propounded against a party who lacks the necessary knowledge in regards to VBit and seeking information that should have been obtained from other source(s) that is/are more convenient or less burdensome. Fed. R. Civ. P. Rule 26(b)(2)(C). Responding Party further objects to this Interrogatory as seeking information beyond the scope allowed under Fed. R. of Civ. P. Rule 26(b)(1). Additionally, Responding Party objects to this Interrogatory as seeking personal financial information that is entitled to privacy protection. *Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia*, 812 F.2d 105, 115 (3d Cir. 1987); *see also, In re McVane v. Federal Deposit Insurance Corp.*, 44 F.3d 1127, 1140 n. 4 (2d Cir. 1995)(rejecting argument that there are no constitutionally protected privacy interests in bank statements and financial data); *DeMasi v. Weiss*, 669 F.2d 114, 119 (3d Cir. 1982)(private individuals have legitimate privacy expectation regarding

income); *Plante v. Gonzalez*, 575 F.2d 1119, 1136 (5th Cir. 1978)("Financial privacy is a matter of serious concern, deserving strong protection.").

Subject to and without waiving said objections and general objections, and as Responding Party understands the Interrogatory, Responding Party responds as follows: It has been nearly three years since Responding Party has been an administrative employee of VBit Tech. Given the amount of time Responding Party has been distant and/or away from VBit Tech along with her limited administrative role even when she was an employee, Responding Party does not have the necessary knowledge and/or information in regards to VBit. Responding Party will not respond to this Interrogatory as written.

### INTERROGATORY NO. 8:

Identify all persons, including accountants, consultants, mining equipment servicers, insurers, lawyers or law firms, hired, engaged, or used by VBit.

### RESPONSE TO INTERROGATORY NO. 8:

Responding Party objects to the undefined terms "hired," "engaged," and "used" as vague, overbroad, not limited in scope and calling for speculation. Responding Party also objects to this Interrogatory as being propounded against a party who lacks the necessary knowledge and seeking information that should have been obtained from other source(s) that is/are more convenient or less burdensome. Fed. R. Civ. P. Rule 26(b)(2)(C). Subject to and without waiving said objections

11

and general objections, and as Responding Party understands the Interrogatory, Responding Party responds as follows: It has been nearly three years since Responding Party has been an administrative employee of VBit Tech. Given the amount of time Responding Party has been distant and/or away from VBit Tech along with her limited administrative role even when she was an employee, Responding Party does not have the necessary knowledge and/or information.

**INTERROGATORY NO. 9:**

Identify all property, real estate, or physical locations leased, purchased, or otherwise used by VBit for any purpose, including to host Bitcoin mining equipment.

**RESPONSE TO INTERROGATORY NO. 9:**

Responding Party objects to the undefined phrases "otherwise used" and "for any purpose" as vague, overbroad, not limited in scope and calling for speculation. Responding Party also objects to this Interrogatory as being propounded against a party who lacks the necessary knowledge and seeking information that should have been obtained from other source(s) that is/are more convenient or less burdensome. Fed. R. Civ. P. Rule 26(b)(2)(C). Subject to and without waiving said objections and general objections, and as Responding Party understands the Interrogatory, Responding Party responds as follows: It has been nearly three years since Responding Party has been an administrative employee of VBit Tech. Given the amount of time Responding Party has been distant and/or away from VBit Tech

along with her limited administrative role even when she was an employee, Responding Party does not have the necessary knowledge and/or information.

**INTERROGATORY NO. 10:**

Identify all transfers of money, cryptocurrency, or other assets from Don Vo to you, including but not limited to the December 2021 payment of USD Coin (valued at $999,803) from Don Vo's Coinbase account to you.

**RESPONSE TO INTERROGATORY NO. 10:**

Responding Party objects to the undefined term "transfers" as vague, overbroad, not limited in scope and calling for speculation. Responding Party also objects to this Interrogatory as being cumulative and/or duplicative from information Propounding Party already possess from what appears to be Don Vo's Coinbase account that Propounding Party already appears to possess and have reviewed. Fed. R. Civ. P. Rule 26(b)(2)(C). Responding Party further objects to this Interrogatory as seeking information beyond the scope allowed under Fed. R. of Civ. P. Rule 26(b)(1). Additionally, Responding Party objects to this Interrogatory as seeking personal financial information that is entitled to privacy protection. *Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia*, 812 F.2d 105, 115 (3d Cir. 1987); *see also, In re McVane v. Federal Deposit Insurance Corp.*, 44 F.3d 1127, 1140 n. 4 (2d Cir. 1995)(rejecting argument that there are no constitutionally protected privacy interests in bank statements and financial data); *DeMasi v. Weiss*, 669 F.2d 114, 119

13

(3d Cir. 1982)(private individuals have legitimate privacy expectation regarding income); *Plante v. Gonzalez*, 575 F.2d 1119, 1136 (5th Cir. 1978)("Financial privacy is a matter of serious concern, deserving strong protection.").

Subject to and without waiving said objections and general objections, and as Responding Party understands the Interrogatory, Responding Party responds as follows: Don Vo made a series of divorce settlement payments as per the divorce agreement.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Mitchell S. Kim<br>BUCHALTER<br>1000 Wilshire Boulevard, Suite 1500<br>Los Angeles, CA 90017<br>(213) 891-0700<br>mkim@buchalter.com | /s/ Travis S. Hunter<br>Travis S. Hunter (#5350)<br>Jessica E. Blau (#7163)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>hunter@rlf.com<br>blau@rlf.com<br><br>*Attorneys for Defendant Phuong D Vo a/k/a Katie Vo* |

Dated: February 3, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2025, I caused true and correct copies of the foregoing document to be served on the following counsel in the manner indicated:

**VIA ELECTRONIC MAIL**
Robert J. Kriner, Jr. (Del. Bar No. 2546)
Scott M. Tucker (Del. Bar No. 4925)
CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH LLP
2711 Centerville Road Suite 201
Wilmington, DE 19808
Tel: 302 656-2500
Fax: 302-656-9053
rjk@chimicles.com
smt@chimicles.com

**VIA ELECTRONIC MAIL**
Michael J. Boni
Joshua D. Snyder
Benjamin J. Eichel
BONI, ZACK & SNYDER LLC
15 St. Asaphs Road
Bala Cynwyd, PA 19004
Tel: 610-822-0200
Fax: 610-822-0206
mboni@bonizack.com
jsnyder@bonizack.com
beichel@bonizack.com

**VIA ELECTRONIC MAIL**
Peter Leckman
Mary Catherine Roper
David Nagdeman
LANGER, GROGAN & DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: 215-320-5660
Fax: 215-320-5703
pleckman@langergrogan.com
mroper@langergrogan.com
dnagdeman@langergrogan.com

                                          */s/ Jessica E. Blau*
                                          Jessica E. Blau (#7163)