# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROSS DETTMERING, FRANCIS MANGUBAT, and all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>VBIT TECHNOLOGIES CORP., VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, KATIE VOE, SEAN TU, JIN GAO, LILLIAN ZHAO, JOHN DOE INDIVIDUALS 1-10, and ABC COMPANIES 1-10,<br><br>Defendants. | C.A. No.: 1:22-cv-1482-JLH-SRF |
| MICHAEL EICHLER, and all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>VBIT TECHNOLOGIES CORP., VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, KATIE VOE, SEAN TU, JIN GAO, LILLIAN ZHAO, JOHN DOE INDIVIDUALS 1-10, and ABC COMPANIES 1-10,<br><br>Defendants. | C.A. No.: 1:22-cv-1574-JLH-SRF |

## **MEMORANDUM ORDER**

At Wilmington this **9th** day of **December 2025**, the court having considered the parties' letter briefing (D.I. 284; D.I. 286; and D.I. 295) and arguments presented at the discovery dispute teleconference on this date, regarding Plaintiffs' motion to compel Defendant, Katie Vo, to supplement her written discovery responses and reopen discovery. (D.I. 277) IT IS ORDERED that the motion is **GRANTED-IN-PART** for the following reasons:

**1. Background.** On November 10, 2022, and December 6, 2022, respectively, Plaintiffs filed these actions against VBit Technologies Corp, VBit Mining LLC, Advanced Mining Group, Dahn Vo a/k/a Don Cong Vo, Phuong D Vo a/k/a Katie Vo, Sean Tu, and Jin Gao (collectively, "Defendants"). Plaintiffs allege violations of 18 U.S.C. § 1962(c) and (d) as well as common law and statutory violations in connection with an alleged Bitcoin mining business which Plaintiffs claim operated as a Ponzi scheme. (D.I. 1 at 1) These actions were consolidated for discovery purposes. (D.I. 136; D.I. 51)

**2.** On December 16, 2024, the court entered a scheduling order which imposed a fact discovery deadline of July 25, 2025. (D.I. 184) Trial is scheduled to begin on May 16, 2026. *Id.*

**3.** On July 21, 2025, the court granted the unopposed motion to extend discovery. (D.I. 234) The court entered deadlines for completion of fact and expert discovery on September 5, 2025, and September 29, 2025, respectively. *Id.*

**4.** Plaintiffs served a document subpoena under Fed. R. Civ. P. 45 on Truist Bank on August 6, 2025. Plaintiffs received the production from Truist bank on October 7, 2025. (D.I. 284 at 2) The production revealed transfers of assets to Defendant Katie Vo from Don Vo and from Defendant Katie Vo to an irrevocable trust. (D.I. 284 at 2)

5. After receiving Truist Bank document production regarding Defendant Katie Vo's transactions, Plaintiffs requested that Defendant Katie Vo supplement her discovery responses on October 15, 2025. (D.I. 284 at 2)

6. **Legal Standard.** Federal Rule of Civil Procedure 26(e)(1) imposes a continuing obligation on parties to timely supplement or correct discovery responses or disclosures, requiring that "[a] party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court." Fed. R. Civ. P. 26(e)(1)(A) & (B). However, the duty to supplement "does not require that a party volunteer information that was not encompassed within the scope of an earlier discovery request." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 540 (3d Cir. 2007) (quoting *Polec v. Northwest Airlines, Inc.*, 86 F.3d 498, 539 (6th Cir. 1996)); *see also Bistrian v. Levi*, C.A. No. 08-3010, 2022 WL 888878, at *7 (E.D. Pa. Mar. 25, 2022).

7. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Therefore, in order to reopen fact discovery, the movant must make a showing of "good cause." *McGoveran v. Amazon Web Servs., Inc.*, No. 1:20-cv-01399-SB, 2024 WL 4533598, at *3 (D. Del. Oct. 18, 2024) (Bibas, J., sitting by designation). "There is no set formula to apply" when determining whether a good cause showing has been made. *Xcoal Energy & Res. v. Bluestone Energy Sales Corp.*, C.A. No. 18-819-LPS, 2020 WL 5369109, at *6 (D. Del. Sept. 8, 2020) (cleaned up); *see also McGoveran*, 2024 WL 4533598, at *3 ("[T]he

standard is just 'good cause.' "). However, "implicit in such a showing is proof that more diligent discovery was impossible." *Lehman Bros. Holdings v. Gateway Funding Diversified Mortg. Servs., L.P.*, 785 F.3d 96, 102 (3d Cir. 2015) (quoting *Hewlett v. Davis*, 844 F.2d 109, 113 (3d Cir. 1988)). Courts may also consider "prejudice to the party opposing the modification." *Dow Chem. Canada Inc. v. HRD Corp.*, 287 F.R.D. 268, 270 (D. Del. 2012), *aff'd*, 587 F. App'x 741 (3d Cir. 2014).

**8. Analysis**: Plaintiffs seek to compel supplemental discovery from Defendant Katie Vo based on documents recently obtained from a third party, Truist Bank, after the close of fact discovery. (D.I. 284 at 2) Plaintiffs contend that Defendant Katie Vo withheld information during the initial discovery phase and Plaintiffs only became aware of the missing information after receiving Truist's subpoena response after the close of fact discovery. *Id.* Defendant Katie Vo argues that the motion is a tactic to circumvent the close of discovery and the documents would be inadmissible even if the court were to grant the Plaintiffs' request. (D.I. 286 at 1-2) Defendant Katie Vo relies upon SEC Regulation 17 CFR Sec. 230.122 to support her argument that she is not required to produce documents obtained in a Securities and Exchange Commission ("SEC") investigation. *Id* at 2. She did not raise this objection in her previous responses to the discovery in issue.

**9. Supplementation and Reopening of Discovery is GRANTED-IN-PART.** The court grants-in-part Plaintiffs' motion, requiring Defendant Katie Vo to supplement her responses to Plaintiffs' Interrogatories and Requests for Production with respect to documents within her possession, custody, or control relating to the materials produced by Truist in response to the

4

document subpoena[1]. The supplementation is due on or before **January 9, 2026.** Although Plaintiffs did not include any sampling of the documents produced by Truist, the court is satisfied based on the arguments presented in the teleconference, that Defendant Katie Vo should supplement her discovery responses with documents and emails relating to the Truist accounts, regardless of whether they are duplicative.

**10.** Notwithstanding the court's order requiring defendant Katie Vo to supplement her discovery responses, the court denies Plaintiff's motion to reopen discovery. Reopening discovery would necessarily affect all parties and is wholly unsupported by the record before the court. Furthermore, to the extent Plaintiffs move to compel discovery from Defendant Katie Vo about her methods for searching and producing discovery, courts disfavor engaging in "discovery on discovery." *See In re Diisocyanates Antitrust Litig.*, 2023 WL 11938951, at *3 (W.D. Pa. Nov. 7, 2023) (citing cases recognizing that "discovery on discovery is the exception, not the norm," due to "the danger of extending the... discovery process *ad infinitum.*")

**11. The court need not address SEC Regulation 17 CFR Sec. 230.122.** The regulation requires officers and employees of the SEC to maintain the confidentiality of materials obtained in the course of an SEC examination or investigation. The court has ordered Defendant Katie Vo to supplement discovery pursuant to FRCP 26(e)(1) and any confidentiality concerns may be addressed pursuant to the parties' protective order. (D.I. 49) To be clear, the court makes no ruling at this time regarding the admissibility at trial of any records produced by Truist in

---

[1] Defendant Katie Vo shall supplement her responses to the written discovery requests served by Plaintiffs and shall produce discovery relating to the Truist account including emails she originated, received and on which she was copied.

response to Plaintiffs' subpoena. Rulings regarding the admissibility of evidence will be made by Judge Hall at the appropriate stage of the proceedings.

12. Plaintiffs' request for an award for reasonable expenses associated with the instant motion is **DENIED**.

13. **Conclusion**. For the foregoing reasons, IT IS ORDERED that:

>   **i.** Plaintiff's motion requiring Defendant Katie Vo to supplement her responses to written discovery requests pursuant to FRCP 26(e)(1) is **GRANTED**. The supplementation is due on or before **January 9, 2026.**
>
>   **ii.** Plaintiff's motion to reopen discovery and to compel "discovery on discovery" from Defendant Katie Vo is **DENIED.**
>
>   **iii.** Plaintiff's request for an award of expenses incurred in bringing the instant motion is **DENIED.**

14. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **December 16, 2025**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court

determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

**15.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

**16.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated November 21th, 2025, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon<br>
United States Magistrate Judge