# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROSS DETTMERING, FRANCIS MANGUBAT, and all other similarly situated individuals,<br><br>      Plaintiffs,<br><br>vs.<br><br>VBIT TECHNOLOGIES CORP, VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, PHUONG D VO a/k/a KATIE VO, SEAN TU, JIN GAO, and JOHN DOE INDIVIDUALS 1-10, and ABC COMPANIES 1-10,<br><br>      Defendants, | Case No.: 22-cv-01482-JLH-SRF |
| MICHAEL EICHLER, and all other similarly situated individuals,<br><br>      Plaintiffs,<br><br>vs.<br><br>VBIT TECHNOLOGIES CORP, VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, PHUONG D VO a/k/a KATIE VO, SEAN TU, JIN GAO, and JOHN DOE INDIVIDUALS 1-10, and ABC COMPANIES 1-10,<br><br>      Defendants, | Case No.: 22-1574-CFC-SR |

# DEFENDANT SEAN TU'S MOTION FOR SUMMARY JUDGMENT

1

**Table of Contents**

*I. INTRODUCTION*..................................................................................................... 3

*II. NATURE AND STAGE OF PROCEEDINGS* ................................................ 4

*III. SUMMARY OF ARGUMENT*........................................................................ 5

*IV. LEGAL STANDARD* ...................................................................................... 7

*V. ARGUMENT*..................................................................................................... 15

*VI. CONCLUSION*................................................................................................ 28

# I. INTRODUCTION

This case has proceeded through extensive discovery, including sworn depositions of each Named Plaintiff, the depositions of Defendant Sean Tu, co-defendants, and two non-party witnesses, as well as the production of documentary evidence by the parties. After more than two years of litigation and full fact discovery, Plaintiffs still cannot identify a single actionable statement, decision, or act by Sean Tu that caused any Plaintiff to invest, suffer a loss, or otherwise sustain any legally cognizable injury.

The undisputed record establishes that Sean Tu was not a founder, owner, shareholder, or controlling person of any Defendant entity. He had no role in sales, marketing, investor solicitation, affiliate programs, or the deployment or investment of customer funds. Each Named Plaintiff admitted under oath that he never communicated with Tu, never relied on any statement by him, and cannot identify any act by Tu that caused his investment or alleged losses.

Plaintiffs instead rely on generalized assumptions, collective allegations against "Defendants," and speculation based on Tu's job title rather than any evidence of personal participation in misconduct. That is not enough to defeat summary judgment. Because Plaintiffs cannot establish reliance, causation, scienter, enterprise participation, or wrongful dominion as to Sean Tu, there is no genuine dispute of material fact for trial.

Accordingly, because there is no genuine dispute of material fact and Plaintiffs cannot meet their burden on any essential element of their claims, summary judgment must be entered in favor of Sean Tu on all claims pursuant to Federal Rule of Civil Procedure 56.

## II. NATURE AND STAGE OF PROCEEDINGS

This is a civil action brought by Plaintiffs asserting claims arising out of their purchase of cryptocurrency mining packages offered by VBit Technologies Corp. and related entities. Plaintiffs' First Amended Complaint asserts claims for civil RICO and RICO conspiracy, common law fraud, conversion, statutory consumer fraud under Delaware and Pennsylvania law, negligent misrepresentation, and related causes of action against multiple defendants, including Sean Tu.

Sean Tu is sued solely in his individual capacity based on his former roles as an employee of VBit, first as Chief Technology Officer beginning in July 2020, and later as Chief Operating Officer beginning in or about June 2022. He is not a founder, owner, shareholder, or controlling person of any Defendant entity.

The Court has exercised jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper in this District.

Fact discovery has now closed. Defendants took sworn depositions of the named Plaintiffs. Plaintiffs, in turn, took sworn depositions of Sean Tu, Katie Vo, and Jin Gao, as well as two non-party witnesses, Kenneth Ho and Ted Mucellin. The parties have exchanged written discovery and produced documents. Plaintiffs have had a full and fair opportunity to develop evidentiary support for their claims.

Sean Tu now moves for summary judgment under Federal Rule of Civil Procedure 56 on all claims asserted against him. As set forth below, the undisputed record establishes that Plaintiffs cannot identify any actionable conduct by Tu, cannot establish reliance on any statement by him, and cannot establish that any act by him proximately caused their alleged losses. Accordingly, summary judgment is appropriate at this stage of the proceedings.

# III. SUMMARY OF ARGUMENT

After full discovery, Plaintiffs cannot identify a single actionable statement, act, or decision by Defendant Sean Tu that caused any Plaintiff to invest or suffer any alleged loss. The undisputed record establishes that Tu was not a founder, owner, shareholder, or controlling person of VBit, and that his roles as CTO and later COO were limited to technical systems and internal operations under the direction of the CEO. Tu had no authority over sales, marketing, affiliate programs, corporate wallets, customer funds, or investment decisions.

Each named Plaintiff admitted under oath that he never communicated with Tu, never relied on any statement by him, and cannot identify any act by Tu that caused his investment or alleged losses. Independent executive testimony confirms that Tu had no discretionary financial authority and no control over customer cryptocurrency, mining pool assets, or corporate investment decisions. Because Plaintiffs cannot establish reliance, causation, scienter, enterprise participation, or financial control as to Tu, summary judgment must be entered in his favor on all claims.

Plaintiffs' civil RICO claim fails as a matter of law for multiple independent reasons. It is barred by the Private Securities Litigation Reform Act because Plaintiffs' own theory characterizes the mining packages as investment contracts governed by federal securities law. Even apart from the PSLRA bar, Plaintiffs cannot establish any element of a substantive RICO violation as to Tu: he did not participate in the conduct or management of any enterprise, committed no racketeering predicate acts, engaged in no pattern of racketeering activity, and proximately caused no Plaintiff's alleged injury. The RICO conspiracy claim necessarily fails because there is no underlying RICO violation and no evidence of any knowing agreement or shared criminal objective involving Tu.

Plaintiffs' fraud-based claims fail because they cannot identify a single false statement made by Tu to any Plaintiff. Instead, Plaintiffs admit in their own pleading that the mining calculation methodology and wallet crediting process were disclosed through the company's website FAQs and were independently verifiable using public hash-rate calculators. Where the

system's operation was disclosed and verifiable, Plaintiffs cannot establish any misrepresentation, concealment, reliance, or deceptive intent as a matter of law. Because Tu made no statements, had no marketing role, and had no customer-facing communications, he cannot be liable for common law fraud, statutory consumer fraud, or negligent misrepresentation.

The conversion claim fails because Tu never possessed, controlled, or exercised wrongful dominion over customer cryptocurrency or corporate mining assets. The undisputed record confirms that all corporate cryptocurrency and investment decisions were controlled solely by the CEO. Tu's technical access as CTO and later COO does not constitute legal dominion. His limited debit-card use in early 2023 was authorized, disclosed, and utilized solely as substitute compensation during a period when payroll operations had ceased, and therefore cannot constitute conversion as a matter of law.

Plaintiffs' breach of contract and implied covenant claims do not apply to Tu because he is not a party to any Plaintiff contract and owed no contractual duties to Plaintiffs.

Finally, even if Plaintiffs could establish wrongdoing by some defendant, the undisputed record establishes that the 2022–2023 liquidity collapse was caused by independent investment decisions made solely by the CEO to deploy company-controlled cryptocurrency into third-party external crypto projects that later collapsed. Those independent decisions constitute a superseding cause that breaks any chain of causation as a matter of law. Tu neither authorized, directed, nor controlled those investments.

Because Plaintiffs cannot establish reliance, duty, misrepresentation, scienter, enterprise participation, wrongful dominion, or proximate causation as to Sean Tu, summary judgment must be entered in his favor on all claims.

# IV. LEGAL STANDARD

## A. Summary Judgment Standard Under Rule 56

Summary judgment must be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is "material" only if it might affect the outcome of the suit under governing law, and is "genuine" only if a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Once the moving party demonstrates the absence of evidence supporting an essential element of the non-moving party's claim, the burden shifts to the non-moving party to come forward with admissible evidence sufficient to show that a genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). The non-moving party may not rely on conclusory allegations, speculation, or unsupported assertions in its pleadings, but must produce competent evidence establishing each essential element of its claims. Id.; Anderson, 477 U.S. at 249–50.

To survive summary judgment, the non-moving party must present affirmative evidence sufficient to support each essential element of its claims. Celotex Corp. v. Catrett, 477 U.S. 317, 322–24 (1986). Mere speculation, conjecture, or metaphysical doubt is insufficient to create a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249–52 (1986); Huggins v. Teamsters Loc. 312, 585 F. Supp. 148, 150–51 (E.D. Pa. 1984). Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment must be granted. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).

If the non-moving party fails to make a sufficient showing on an essential element for which it bears the burden of proof, summary judgment must be entered as a matter of law. Celotex, 477 U.S. at 323.

## B. Individual Officer Liability Requires Personal Participation

Corporate officers and employees may not be held individually liable for corporate acts absent evidence of personal participation in the alleged tortious or unlawful conduct. Liability must be based on the individual's own acts, not solely on their corporate title or position. See, e.g., Donsco, Inc. v. Casper Corp., 587 F.2d 602, 606 (3d Cir. 1978).

Conclusory allegations of "control," "authority," or "involvement," without evidence of actual personal conduct, are insufficient to impose individual liability as a matter of law.

## C. Group Pleading and Collective Allegations Are Insufficient to Impose Individual Liability

Plaintiffs may not rely on collective or "group" allegations to impose individual liability on a defendant. Where fraud, misrepresentation, conspiracy, or RICO violations are alleged, Plaintiffs must plead and prove the specific statements or actions attributable to each individual defendant. Undifferentiated allegations that "Defendants" collectively engaged in misconduct are legally insufficient as a matter of law.

Courts routinely dismiss claims based on group pleading where the Complaint fails to identify which defendant made which alleged statement, committed which act, or caused which injury. Liability must be established on a defendant-by-defendant basis, not through generalized accusations against a group.

Here, Plaintiffs admitted under oath that they never communicated with Sean Tu, never received any statements from him, and never relied on any representation made by him. (SUMF ¶¶ 16–20.) As a matter of law, Plaintiffs cannot impose individual liability on Tu through collective allegations directed at "Defendants" as a group.

## D. Corporate Officers Are Not Personally Liable Absent Direct Participation

Under Delaware and Third Circuit law, a corporate officer or employee may be held personally liable only for torts in which he personally participated. Corporate status, job title, or inclusion in the chain of command is insufficient to impose individual liability as a matter of law. Donsco, Inc. v. Casper Corp., 587 F.2d 602, 606 (3d Cir. 1978); Geyer v. Ingersoll Publ'ns Co., 621 A.2d 784, 787 (Del. Ch. 1992).

Where a plaintiff cannot identify any specific wrongful act personally committed by the officer, all claims against that officer must be dismissed at summary judgment.

**E. Proximate Causation and Reliance Are Required Across Plaintiffs' Claims**

For claims sounding in fraud, RICO, statutory consumer fraud, civil conspiracy, conversion, and negligent misrepresentation, Plaintiffs must prove both (i) actual reliance on the defendant's conduct or statements and (ii) proximate causation—that the defendant's conduct was a substantial factor in causing the alleged loss. See Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 268 (1992); Metro Communication Corp. v. Advanced Mobilecomm Technologies Inc., 854 A.2d 121, 143 (Del. 2004).

Where a plaintiff admits that he never communicated with the defendant, never received any statement from the defendant, and never relied on the defendant in making any decision, reliance and proximate causation fail as a matter of law. Without proof of reliance and causation, no tort-based recovery is permitted.

**F. Civil RICO Requires Proof of Every Statutory Element**

To establish liability under 18 U.S.C. § 1962(c), a plaintiff must prove:

1. Conduct or participation in the conduct

2. Of an enterprise

3. Through a pattern

4. Of racketeering activity

5. That proximately caused the plaintiff's injury

Reves v. Ernst & Young, 507 U.S. 170, 179 (1993); H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 239 (1989).

Failure to establish any one of these elements requires dismissal as a matter of law.

Courts applying Reves distinguish between those who direct the enterprise's affairs and those who merely perform technical or ministerial functions within the organization. The

9

"operation or management" test requires proof that the defendant participated in directing the enterprise's core business decisions or racketeering conduct itself; mere status as an employee or officer, without such decision-making authority, is insufficient as a matter of law.

## G. RICO Conspiracy Requires Proof of an Underlying Violation and a Knowing Agreement

A claim under 18 U.S.C. § 1962(d) requires proof both of (1) an underlying substantive RICO violation and (2) that the defendant knowingly agreed to participate in the commission of such a violation. Where the substantive RICO claim fails, the conspiracy claim necessarily fails as well. Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1191 (3d Cir. 1993).

Mere association with alleged wrongdoers, or employment by an entity accused of misconduct, is legally insufficient to establish a RICO conspiracy.

## H. The PSLRA Bars Civil RICO Claims Predicated on Securities-Based Conduct

The Private Securities Litigation Reform Act ("PSLRA") bars civil RICO claims that are based on conduct which would be actionable as securities fraud. 18 U.S.C. § 1964(c). Plaintiffs may not evade this statutory bar by re-labeling securities-based allegations as mail or wire fraud predicates. Bald Eagle Area School District v. Keystone Financial, Inc., 189 F.3d 321, 327–28 (3d Cir. 1999).

Where a RICO claim is predicated on the same investment-based conduct that would support a securities fraud claim, the RICO claim must be dismissed as a matter of law.

## I. Tort Liability Requires the Existence of a Legal Duty

Under Delaware and Pennsylvania law, no tort claim may proceed absent the existence of a legal duty owed by the defendant to the plaintiff. Where no duty exists, the claim fails as a matter of law. See, e.g., Althaus ex rel. Althaus v. Cohen, 756 A.2d 1166, 1168–69 (Pa. 2000); Bartels v. W. & S. Fin. Grp., Inc., 609 F. Supp. 2d 925, 930 (W.D. Mo. 2009) (applying Delaware law).

Absent a relationship giving rise to a duty of disclosure, supervision, or protection, a defendant cannot be held liable in negligence, misrepresentation, or consumer fraud as a matter of law.

### J. Fraud and Misrepresentation Require an Actual Statement Attributable to the Defendant

Fraud and negligent misrepresentation claims require proof of an actual misrepresentation attributable to the defendant. Absent an identifiable statement made by the defendant, such claims fail as a matter of law. See Restatement (Second) of Torts § 525; Rosen v. Chrysler Corp., 198 A.2d 551, 554 (Del. 1964).

Where a plaintiff cannot identify any statement made by the defendant to him, neither fraud nor negligent misrepresentation may be sustained.

### K. Civil Conspiracy Requires Proof of an Agreement and an Overt Act

To establish civil conspiracy, a plaintiff must prove (1) an agreement between two or more persons to commit an unlawful act and (2) an overt act done in furtherance of the conspiracy. Mere parallel conduct, knowledge, or association is insufficient. See Reid v. Spazio, 970 A.2d 176, 182 (Del. 2009); Skipworth v. Lead Indus. Ass'n, 690 A.2d 169, 174 (Pa. 1997).

Absent proof of an actual agreement and an overt unlawful act attributable to the defendant, civil conspiracy fails as a matter of law.

### L. Conversion Requires Wrongful Dominion, Not Mere Technical Access

Conversion requires proof of intentional exercise of wrongful dominion over property in denial of or inconsistent with the owner's rights. Lawful authority, consent, or permitted access defeats conversion as a matter of law. See Drug, Inc. v. Hunt, 168 A. 87, 93 (Del. 1933); Stevenson v. Economy Bank of Ambridge, 197 A.2d 721, 727 (Pa. 1964).

Mere access, employment authority, or technical control—without proof of wrongful appropriation—cannot establish conversion.

### M. Proximate Cause Requires a Direct, Non-Speculative Causal Connection

11

Proximate causation requires proof of a direct causal connection between the defendant's conduct and the plaintiff's alleged injury. Liability may not be premised on speculation, intervening decisions of third parties, or attenuated causal chains. See Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 268 (1992); Duphily v. Del. Elec. Coop., Inc., 703 A.2d 1202, 1207 (Del. 1997).

Where independent third-party conduct constitutes a superseding cause, liability cannot attach as a matter of law.

### N. The Gist of the Action and Economic Loss Doctrines Bar Tort Claims Based on Contract Duties

Under Delaware and Pennsylvania law, tort claims are barred where they merely restate or duplicate a breach of contract claim. The "gist of the action" doctrine prevents a plaintiff from re-casting contract claims as tort claims where the duties allegedly breached arise solely from the contract itself. Battle Born Munitions Inc. v. Dick's Sporting Goods, Inc., 2023 WL 4758449, at *3–4 (3d Cir. July 26, 2023); Bruno v. Erie Ins. Co., 106 A.3d 48, 67 (Pa. 2014).

Similarly, the economic loss doctrine bars tort recovery where the alleged damages arise solely from contractual expectations. Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 620 (3d Cir. 1995).

Where the alleged "misrepresentations" concern performance under a contract, tort claims for fraud, misrepresentation, and consumer fraud are barred as a matter of law.

### O. Failure of Performance Alone Cannot Support an Inference of Fraud

It is black letter law that the mere failure of a business or failure to perform a contract does not permit an inference of fraud. "The mere fact that an act did not occur is never, under any circumstances, sufficient to justify an inference of fraud." Murphy v. O'Toole, Inc., 47 Del. 99 (1952).

Where circumstances "raise but a bare suspicion of fraud," they are legally insufficient to sustain a fraud claim. Id. Likewise, "a broken promise to perform a future act, alone, is not the basis for a fraud claim." Textile Biocides, Inc. v. Avecia, Inc., 52 Pa. D. & C. 4th 244 (2001).

Accordingly, allegations based solely on later operational failure, business collapse, or inability to perform cannot establish fraudulent intent as a matter of law.

## P. Fully Integrated Contracts Bar Fraud-Based Reliance as a Matter of Law

Where a contract is fully integrated and contains a no-reliance clause, a plaintiff is barred from asserting reliance on prior or extrinsic representations as a matter of law. Cutrone v. Daimler-Chrysler Motors Co., LLC, 160 F. App'x 215, 218 (3d Cir. 2005); Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2d 425 (Pa. 2004).

Where Plaintiffs executed fully integrated agreements disclaiming reliance on outside representations, fraud and negligent misrepresentation claims fail as a matter of law.

## Q. Summary Judgment Requires Defendant-Specific Proof — Group Allegations Are Legally Insufficient

At the summary judgment stage, a plaintiff must present specific, admissible evidence establishing each element of each claim as to each individual defendant. Collective or generalized allegations against "Defendants" are legally insufficient to defeat summary judgment.

A defendant is entitled to judgment as a matter of law where the record lacks evidence tying that specific defendant to the alleged misrepresentation, scheme, transaction, or injury. Liability may not be imposed by association, job title, or mere presence within a corporate structure.

## R. No Vicarious Liability for Fraud, RICO, or Intentional Torts

Liability for fraud, civil RICO, and conspiracy must be based on a defendant's own knowing and intentional misconduct. There is no vicarious liability or respondeat superior liability

for intentional torts such as fraud or racketeering based solely on corporate employment or executive title.

Absent evidence that the individual defendant personally made a misrepresentation, participated in a racketeering act, or knowingly furthered an unlawful scheme, liability cannot be imposed as a matter of law.

# V. ARGUMENT

## A. Plaintiffs Cannot Meet Their Burden Under Rule 56

Under Federal Rule of Civil Procedure 56, Plaintiffs bear the burden of producing admissible evidence sufficient to establish every essential element of each claim asserted against Defendant Sean Tu. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). Where the nonmoving party fails to make a sufficient showing on an element for which it bears the burden of proof, summary judgment must be entered. Id. at 323.

After full discovery, Plaintiffs cannot identify:

- A single statement by Sean Tu to any Plaintiff (SUMF ¶¶ 16–20);

- A single marketing communication by Tu (SUMF ¶¶ 12–15, 21);

- A single solicitation by Tu (SUMF ¶¶ 12–15, 21);

- A single decision by Tu approving sales, marketing, or the business use, redirection, or investment of customer funds (SUMF ¶¶ 12–15);

- A single act showing enterprise-level operational control, financial authority, or fraudulent intent by Tu (SUMF ¶¶ 1–15).

Each named Plaintiff testified under oath that he never communicated with Sean Tu, never relied on any statement by Tu, and cannot identify any action by Tu that caused his investment or alleged losses. (SUMF ¶¶ 16–20.) Independent executive testimony further confirms that Tu had no sales authority, no marketing authority, and no discretionary financial control over customer assets, or the use of company or customer funds. (SUMF ¶¶ 12–15.)

Because Plaintiffs lack evidence of any actionable conduct by Tu, they necessarily fail as a matter of law to establish reliance, causation, scienter, enterprise participation, or financial control—elements required across every claim asserted against him. Under Celotex, this complete failure of proof on essential elements requires the entry of summary judgment in Tu's favor on all counts.

## B. Count I – RICO (18 U.S.C. § 1962(c)) Fails as a Matter of Law as to Sean Tu

Plaintiffs' civil RICO claim is barred as a matter of law by the Private Securities Litigation Reform Act ("PSLRA"), which prohibits the use of civil RICO to recover for conduct that would be actionable as securities fraud. 18 U.S.C. § 1964(c). Under the PSLRA, a RICO claim must be dismissed where the alleged racketeering activity is based on conduct that would be actionable under the federal securities laws, regardless of whether a securities claim is actually pleaded.

Here, Plaintiffs' own theory of the case is that the mining "packages" were marketed as profit-generating investment opportunities in which returns allegedly depended entirely on the efforts of others. Without any admission by Tu, and solely for purposes of this motion, such allegations—if assumed true—are the type of allegations that courts have found sufficient in appropriate circumstances to trigger application of the federal securities laws under the Howey investment-contract framework. See SEC v. W.J. Howey Co., 328 U.S. 293 (1946). Because Plaintiffs' RICO allegations are predicated entirely on the same alleged investment-based misconduct, the PSLRA independently bars their civil RICO claim as a matter of law.

Even if the PSLRA bar did not apply, Plaintiffs' RICO claim independently fails on every required element.

First, Plaintiffs cannot establish that Tu participated in the "conduct or management" of any alleged RICO enterprise as required by Reves v. Ernst & Young, 507 U.S. 170, 179 (1993). The undisputed record establishes that Tu had no role in sales, marketing, or investor solicitation. (SUMF ¶¶ 1–15.) No witness identified Tu as directing or managing any alleged enterprise activity.

Under Reves, it is not enough to show that a defendant held a corporate title or performed internal functions within a business. The question is whether the defendant was part of the decision-making chain that directed the enterprise's alleged racketeering conduct. Here, even accepting Plaintiffs' theory of an "enterprise," the undisputed record shows that Tu's roles as CTO and later COO were limited to technical systems, platform infrastructure, and internal budgeting at the direction of the CEO, while all final decisions regarding marketing, investor solicitation, and the deployment or investment of customer assets remained exclusively with the CEO. (SUMF ¶¶

16

1–15, 21–27.) These facts place Tu outside any alleged "operation or management" of the RICO enterprise as a matter of law.

Second, Plaintiffs cannot establish that Tu participated in any RICO enterprise. An enterprise requires coordinated structure and shared control. Plaintiffs have produced no evidence that Tu exercised any control over entity operations, finances, or the business use, redirection, or investment of customer funds, or that he participated in any coordinated racketeering scheme. (SUMF ¶¶ 1–15.)

Third, Plaintiffs cannot identify a single racketeering predicate act committed by Tu. They cannot point to any act of mail fraud, wire fraud, or any other qualifying predicate offense attributable to Tu. (SUMF ¶¶ 16–20.)

Fourth, without any predicate acts, Plaintiffs necessarily cannot establish a "pattern" of racketeering activity as to Tu under 18 U.S.C. § 1961(5).

Finally, Plaintiffs cannot establish proximate causation. Proximate cause under RICO requires that the defendant's conduct directly caused the plaintiff's injury. Plaintiffs admitted under oath that they never communicated with Tu, never received any statement from Tu, never relied on Tu for any investment decision, and cannot identify any action by Tu that caused their alleged losses. (SUMF ¶¶ 16–20.) As a matter of law, RICO causation cannot be established on this record.

Because Plaintiffs' RICO claim is independently barred by the PSLRA and fails on every substantive element of § 1962(c)—including operation or management, enterprise participation, predicate acts, pattern, and causation—summary judgment must be entered in favor of Sean Tu on Count I.

**C. Count II – RICO Conspiracy (18 U.S.C. § 1962(d)) Fails as a Matter of Law**

Plaintiffs' RICO conspiracy claim under 18 U.S.C. § 1962(d) fails as a matter of law because they cannot establish either (1) an underlying substantive RICO violation as to Sean Tu, or (2) any knowing agreement by Tu to participate in any alleged racketeering enterprise.

17

First, where a plaintiff fails to establish a substantive RICO violation under § 1962(c), a RICO conspiracy claim under § 1962(d) necessarily fails as well. Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1191 (3d Cir. 1993). As demonstrated above, Plaintiffs' substantive RICO claim fails against Tu for multiple independent reasons, including the absence of operation or management participation, enterprise involvement, predicate acts, pattern, and proximate causation. Accordingly, the conspiracy claim fails as a matter of law on this basis alone.

Second, Plaintiffs have produced no evidence that Tu knowingly agreed to participate in any unlawful scheme or shared any criminal objective with any other defendant. To establish a RICO conspiracy, Plaintiffs must show that Tu knowingly agreed to facilitate the commission of a RICO offense and knowingly entered into a conspiratorial agreement. They cannot do so.

The undisputed evidence establishes that Tu had no role in sales, marketing, investor solicitation, affiliate compensation, revenue generation, investment of customer assets, or corporate financial decision-making. (SUMF ¶¶ 1–15.) No Plaintiff communicated with Tu, relied on Tu, or received any representation from Tu. (SUMF ¶¶ 16–20.) No witness has identified any agreement, discussion, or coordinated plan involving Tu to engage in fraud, racketeering, or any unlawful enterprise conduct. Id.

At most, the undisputed record demonstrates that Tu served first in a technical leadership role as CTO overseeing software systems and platform infrastructure, and later in an operational advisory role as COO focused on internal budgeting, forecasting, and execution at the direction of the CEO, while all final business strategy, investment decisions, and financial use of company or customer assets remained exclusively under the control of the CEO. (SUMF ¶¶ 21–26.) Such circumstances are legally insufficient to establish knowing participation in a RICO conspiracy. Mere association with an entity that is later accused of misconduct is not enough to impose conspiracy liability.

Because Plaintiffs cannot establish an underlying RICO violation as to Tu, cannot establish any knowing agreement or meeting of the minds, and cannot establish that Tu had knowledge of or intent to further any alleged criminal enterprise, summary judgment must be entered in Tu's favor on Count II.

18

**D. Count III – Common Law Fraud Fails as a Matter of Law**

Plaintiffs' common law fraud claim against Sean Tu fails as a matter of law because they cannot establish any of the required elements of fraud: (1) a material misrepresentation, (2) knowledge of falsity (scienter), (3) intent to induce reliance, (4) actual and justifiable reliance, or (5) damages proximately caused by reliance.

First, Plaintiffs cannot identify a single false statement made by Tu to any Plaintiff. Each named Plaintiff testified under oath that he never communicated with Tu, never received any statement from Tu, and never relied on any representation by Tu in making any investment decision. (SUMF ¶¶ 16–20.) Without a statement, there can be no misrepresentation as a matter of law.

Plaintiffs' own First Amended Complaint further confirms the absence of any actionable misrepresentation. Plaintiffs admit that the company's website FAQs explained that mining output was calculated using publicly available third-party mining calculators based on disclosed hash power, and that customers could independently verify their expected daily Bitcoin yields using those calculators. FAC ¶ 112. Plaintiffs also admit that the FAQs disclosed that mined Bitcoin would be credited directly to customer wallets. FAC ¶ 113. These judicial admissions establish that the basic mechanics of mining credit calculation and wallet crediting were openly disclosed, not concealed. Where the operative system design is disclosed and independently verifiable, Plaintiffs cannot establish any false statement, omission, or deceptive scheme as a matter of law.

Second, Plaintiffs cannot establish scienter. There is no evidence that Tu knew of any alleged misrepresentation, fraud, or unlawful scheme. No witness testified that Tu had knowledge of any false statements, deceptive practices, or fraudulent intent. (SUMF ¶¶ 1–15.)

Third, Plaintiffs cannot establish intent to induce reliance. The undisputed evidence shows that Tu played no role in marketing, sales, promotion, investor solicitation, or customer recruitment. (SUMF ¶¶ 1–15.) Because Tu made no statements to Plaintiffs and did not participate in any promotional communications, he could not have intended to induce Plaintiffs' reliance as a matter of law.

Fourth, Plaintiffs cannot establish actual or justifiable reliance. Plaintiffs admitted they never spoke with Tu, never saw Tu present, and never relied on any representation by Tu. (SUMF ¶¶ 16–20.) Reliance on unknown third parties or general internet content cannot be attributed to Tu as a matter of law.

Finally, Plaintiffs cannot establish causation or damages attributable to Tu. Because no Plaintiff relied on any statement or conduct by Tu, no Plaintiff can show that any alleged loss was caused by Tu. Absent reliance, proximate causation necessarily fails. (SUMF ¶¶ 16–20.)

Because Plaintiffs cannot establish misrepresentation, scienter, intent, reliance, or causation as to Sean Tu, summary judgment must be entered in his favor on Count III.

## E. Count IV – Civil Conspiracy Fails as a Matter of Law

To the extent Plaintiffs assert a standalone civil conspiracy claim separate from their RICO conspiracy theory, that claim fails for the same reasons addressed above: Plaintiffs cannot establish any agreement, meeting of the minds, or overt unlawful act attributable to Sean Tu. Plaintiffs admit they never communicated with Tu, and no witness has identified any conspiratorial agreement involving him. Absent proof of both agreement and an overt act, civil conspiracy fails as a matter of law.

## F. Count V – Conversion Fails as a Matter of Law

Plaintiffs' conversion claim fails as a matter of law because they cannot establish that Sean Tu ever wrongfully possessed, controlled, or exercised dominion over Plaintiffs' assets in a manner inconsistent with Plaintiffs' rights.

Under Delaware and Pennsylvania law, conversion requires proof that the defendant intentionally exercised dominion or control over property belonging to another, without lawful justification, and in a manner that seriously interfered with the owner's rights. Plaintiffs cannot make this showing as to Tu.

First, Plaintiffs cannot establish that Tu ever possessed or controlled any customer funds, customer cryptocurrency, or mining pool assets. The undisputed record establishes that all

corporate cryptocurrency funding and mining pool assets were controlled solely by the CEO. (SUMF ¶¶ 1–15.) Tu did not control company-owned cryptocurrency, mining pool wallets, external exchange accounts, or corporate funding decisions.

Second, while Tu served as Chief Technology Officer and later Chief Operating Officer, his authority over software systems and platform infrastructure involved technical functionality, security response, and system integrity—not the business use, investment, or financial disposition of customer or corporate assets. (SUMF ¶¶ 1–15.) Technical access to software systems is not legal dominion over customer property for purposes of conversion.

Third, Plaintiffs cannot establish any wrongful intent. There is no evidence that Tu acted with intent to appropriate customer property for personal use or to deprive Plaintiffs of their assets. To the contrary, the undisputed record shows that Tu acted transparently and within the scope of his employment responsibilities.

Fourth, to the extent Plaintiffs rely on Tu's limited debit-card and banking use in early 2023, the undisputed evidence establishes that such transactions were fully disclosed, conducted transparently, and undertaken as substitute compensation during a period when regular payroll operations had ceased. (SUMF ¶¶ 21–26.) Tu had not received his regular contracted salary during this time, and these limited transactions were utilized as interim compensation with the knowledge of the CEO. Authorized and disclosed compensation—regardless of the payment mechanism—cannot, as a matter of law, constitute conversion.

Finally, Plaintiffs cannot establish causation or damages attributable to Tu. Plaintiffs admitted they never communicated with Tu, never received any statement from Tu, and never relied on any conduct by Tu in making any investment decision. (SUMF ¶¶ 16–20.) Because no Plaintiff can trace any alleged deprivation of property to any wrongful act by Tu, proximate causation necessarily fails.

Because Plaintiffs cannot establish wrongful dominion, lack of authorization, intent, or causation as to Sean Tu, summary judgment must be entered in his favor on Count V.

**G. Count VI – Delaware Consumer Fraud Act / UDTPA Fails as a Matter of Law**

Plaintiffs' claim under the Delaware Consumer Fraud Act ("DCFA"), 6 Del. C. § 2511 et seq., and the Delaware Uniform Deceptive Trade Practices Act ("UDTPA"), 6 Del. C. § 2531 et seq., fails as a matter of law as to Sean Tu because Plaintiffs cannot establish any of the required elements of a deceptive consumer transaction attributable to him.

First, Plaintiffs cannot identify any false statement, deceptive act, or misleading practice made or committed by Tu. Each named Plaintiff admitted under oath that he never communicated with Tu, never received any statement from Tu, and never relied on Tu in making any investment decision. (SUMF ¶¶ 16–20.) The absence of any representation by Tu is fatal to both DCFA and UDTPA liability.

Plaintiffs' own pleading confirms disclosure rather than deception. The First Amended Complaint admits that the company's website FAQs expressly explained how mining output was calculated using publicly available hash-rate calculators and how mined Bitcoin would be credited to customer wallets. FAC ¶¶ 112–113. These admissions establish that the system's design and operation were disclosed to customers and independently verifiable, defeating any claim of a deceptive act or misleading practice as a matter of law under the DCFA or UDTPA.

Second, Plaintiffs cannot establish that Tu was involved in any consumer transaction with them. Tu was not a contracting party to any Plaintiff agreement, did not sell or advertise any product or service to Plaintiffs, and did not engage in any consumer-facing marketing or solicitation. (SUMF ¶¶ 1–15.) Without a consumer transaction involving Tu, these statutory claims necessarily fail.

Third, Plaintiffs cannot establish reliance. Delaware consumer fraud requires proof that the plaintiff relied on the defendant's deceptive act in entering the transaction. Because Plaintiffs never interacted with Tu and never relied on anything he said or did, reliance is legally impossible as a matter of law. (SUMF ¶¶ 16–20.)

Fourth, Plaintiffs cannot establish causation or damages attributable to Tu. There is no evidence that any act by Tu caused any Plaintiff to invest, lose funds, or suffer any alleged injury. Proximate causation is therefore entirely absent.

Because Plaintiffs cannot establish a deceptive act, a consumer transaction, reliance, or causation as to Sean Tu, summary judgment must be entered in his favor on Count VI.

## H. Count VII – Pennsylvania UTPCPL Fails as a Matter of Law

Plaintiffs' claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1 et seq., fails as a matter of law as to Sean Tu because Plaintiffs cannot establish any deceptive act, justifiable reliance, or ascertainable loss attributable to him.

First, Plaintiffs cannot identify any deceptive act, misleading representation, or unlawful practice committed by Tu. Each named Plaintiff testified under oath that he never communicated with Tu, never received any statement from Tu, and never reviewed any advertisement, promotion, or solicitation authored or delivered by Tu. (SUMF ¶¶ 16–20.) The absence of any deceptive conduct by Tu is fatal to UTPCPL liability.

Plaintiffs further admit that the website FAQs disclosed both the method for calculating mining output using publicly available hash-rate calculators and the manner in which mined Bitcoin would be credited to customer wallets. FAC ¶¶ 112–113. Where the operational methodology is disclosed and independently verifiable, Plaintiffs cannot establish any deceptive practice or justifiable reliance as required under the UTPCPL as a matter of law.

Second, Plaintiffs cannot establish that Tu engaged in any promotion, advertising, or consumer-facing activity directed at them. The undisputed record establishes that Tu was not involved in sales, marketing, affiliate promotion, or consumer solicitation. (SUMF ¶¶ 1–15.) Without promotional conduct by Tu, Plaintiffs' UTPCPL claim necessarily fails.

Third, Plaintiffs cannot establish justifiable reliance. The UTPCPL requires proof that a plaintiff justifiably relied on the defendant's deceptive conduct in making a purchasing decision. Because Plaintiffs never interacted with Tu and never relied on any statement or conduct by Tu, justifiable reliance is legally impossible. (SUMF ¶¶ 16–20.)

Fourth, Plaintiffs cannot establish any ascertainable loss attributable to Tu. There is no evidence that any act by Tu caused Plaintiffs to enter into any transaction, part with funds, or

suffer any alleged financial harm. Proximate causation and ascertainable loss are therefore absent as a matter of law.

Because Plaintiffs cannot establish a deceptive act, promotional conduct, justifiable reliance, or ascertainable loss as to Sean Tu, summary judgment must be entered in his favor on Count VII.

## I. Count VIII – Breach of Contract (Not Asserted Against Tu)

Count VIII is asserted only against the Entity Defendants. Sean Tu is not a party to any Plaintiff contract, is not in contractual privity with any Plaintiff, and owed no contractual duties to Plaintiffs. Accordingly, summary judgment must be entered in Tu's favor on Count VIII as a matter of law.

## J. Count IX – Implied Covenant of Good Faith (Not Asserted Against Tu)

Count IX is asserted only against the Entity Defendants. Sean Tu is not a party to any Plaintiff contract, exercised no contractual discretion over Plaintiffs' agreements, and owed no implied contractual duties to Plaintiffs. Accordingly, summary judgment must be entered in Tu's favor on Count IX as a matter of law.

## K. Count X – Negligent Misrepresentation Fails as a Matter of Law

Plaintiffs' negligent misrepresentation claim fails as a matter of law as to Sean Tu because Plaintiffs cannot establish that Tu supplied any false information to them, owed them any pecuniary duty, or that any Plaintiff relied on or was damaged by any statement attributable to Tu.

To prevail on a negligent misrepresentation claim, Plaintiffs must establish that: (1) the defendant supplied false information, (2) for the guidance of others in their business transactions, (3) the defendant failed to exercise reasonable care in obtaining or communicating the information, and (4) the plaintiffs justifiably relied on the information to their detriment. Plaintiffs cannot satisfy any of these elements as to Tu.

First, Plaintiffs cannot identify a single statement—written or oral—made by Tu to any Plaintiff. Each named Plaintiff testified under oath that he never communicated with Tu and never received any statement from Tu in connection with his investment. (SUMF ¶¶ 16–20.) Without a statement, a negligent misrepresentation claim fails as a matter of law.

Even independent of Tu, Plaintiffs' own allegations confirm that the mining calculation methodology and wallet crediting process were disclosed to customers through the website FAQs and were independently verifiable using publicly available hash-rate calculators. FAC ¶¶ 112–113. Where the operative methodology is disclosed and verifiable, Plaintiffs cannot establish that any false information was supplied for their guidance, nor can they establish justifiable reliance as a matter of law.

Second, Tu owed no pecuniary duty to Plaintiffs. He was not involved in marketing, solicitation, sales communications, or investor outreach. (SUMF ¶¶ 1–15.) Plaintiffs cannot impose a tort-based disclosure duty on a technical executive who provided no investment-related guidance to them.

Third, Plaintiffs cannot establish justifiable reliance. By their own testimony, Plaintiffs relied on third-party affiliates, online materials, or other individuals—not Tu—in making their investment decisions. (SUMF ¶¶ 16–20.) Reliance on a non-existent statement is legally impossible.

Finally, Plaintiffs cannot establish proximate causation or damages attributable to Tu. Because no Plaintiff relied on any statement by Tu, no Plaintiff can trace any alleged loss to any conduct by him as required under negligent misrepresentation law.

Because Plaintiffs cannot establish any false statement by Tu, any duty owed by Tu, any reliance, or any causation, summary judgment must be entered in Tu's favor on Count X.

## L. Plaintiffs' Claims Independently Fail for Lack of Reliance and Proximate Causation

All of Plaintiffs' claims independently fail as a matter of law because Plaintiffs cannot establish either reliance on Sean Tu or proximate causation attributable to any act by him—both of which are essential elements across every cause of action asserted against Tu.

Each named Plaintiff admitted under oath that he never met Sean Tu, never spoke with him, never exchanged messages with him, never received any documents from him, and never relied on any statement by him in deciding to invest. (SUMF ¶¶ 16–20.) As a matter of law, a plaintiff cannot establish reliance on a person with whom he never had any contact.

Likewise, Plaintiffs cannot establish proximate causation. Proximate cause requires proof that the defendant's conduct was a substantial factor in bringing about the alleged injury. Here, Plaintiffs admitted that none of their investment decisions, losses, or expectations were based on any action by Tu. (SUMF ¶¶ 16–20.) Where a plaintiff cannot identify any conduct by the defendant that influenced the plaintiff's decision-making, proximate cause fails as a matter of law.

This failure of reliance and causation is independently fatal to Plaintiffs' claims for RICO, RICO conspiracy, fraud, civil conspiracy, conversion, statutory consumer fraud, negligent misrepresentation, and all other tort-based theories asserted against Tu. Without reliance and proximate cause, no Plaintiff can legally recover against him under any theory.

Because Plaintiffs cannot establish that they relied on Tu or that any act by Tu proximately caused their alleged losses, summary judgment must be entered in Tu's favor on all remaining claims.

**M. Plaintiffs' Alleged Losses Were Proximately Caused by Independent CEO Investment Decisions, Not by Sean Tu**

Even if Plaintiffs could establish misconduct by some defendant (which they cannot as to Tu), the undisputed record establishes that the proximate cause of the company's 2022–2023 liquidity crisis and resulting operational disruptions was the independent investment decision of VBit's CEO to deploy company-controlled cryptocurrency into third-party external crypto projects that subsequently collapsed.

In internal written communications, VBit's CEO admitted that she directed substantial cryptocurrency assets into external projects, including the Terra ecosystem, in pursuit of a 14% interest program, and that those investments resulted in massive losses following the market

collapse. (SUMF ¶ 27; Ex. Q at 3, 5.) The CEO further confirmed that these losses materially impaired the company's ability to fund refunds and ongoing operations. Id.

These admissions establish that any alleged inability of the company to meet customer obligations stemmed from independent, intervening investment decisions made solely by the CEO, not from any act or omission by Sean Tu. Tu neither authorized, directed, nor controlled those investments, and he had no authority over the deployment of corporate cryptocurrency assets into external financial projects. (SUMF ¶¶ 1–15, 27.)

Under settled principles of proximate causation, where an independent decision by another actor constitutes a superseding cause of the alleged harm, liability cannot be imposed on a defendant who neither caused nor controlled that decision. Plaintiffs therefore cannot establish that any alleged loss was proximately caused by Tu as required for any of their claims.

Accordingly, even assuming arguendo that Plaintiffs suffered losses, the undisputed evidence establishes that those losses were caused by independent third-party investment decisions at the CEO level, not by any conduct of Sean Tu. Summary judgment is required on this independent ground as well.

# VI. CONCLUSION

After full discovery, Plaintiffs have failed to produce any admissible evidence establishing that Sean Tu made a misrepresentation, participated in any sales or marketing activity, exercised control over customer funds, engaged in any racketeering conduct, entered into any conspiratorial agreement, or caused any Plaintiff's alleged loss. Plaintiffs further admitted that they never communicated with Tu and never relied on any statement or act by him.

Because Plaintiffs cannot establish reliance, causation, scienter, enterprise participation, wrongful dominion, or any other essential element of their claims as to Sean Tu, there is no genuine dispute of material fact for trial.

Accordingly, Defendant Sean Tu respectfully requests that this Court grant summary judgment in his favor on all claims and enter judgment in his favor as a matter of law.

Dated: December 10, 2025

Respectfully submitted,

*/S/ Sean Tu*
Sean Tu
*Pro Se*
1390 Braun Ct, Eagan, MN 55123
(612) 888-0068
saj.tu@outlook.com