## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROSS DETTMERING, FRANCIS MANGUBAT, and all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>VBIT TECHNOLOGIES CORP., VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, KATIE VOE, SEAN TU, JIN GAO, LILLIAN ZHAO, JOHN DOE INDIVIDUALS 1-10, and ABC COMPANIES 1-10,<br><br>Defendants. | C.A. No.: 1:22-cv-1482-JLH-SRF |
| MICHAEL EICHLER, and all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>VBIT TECHNOLOGIES CORP., VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, KATIE VOE, SEAN TU, JIN GAO, LILLIAN ZHAO, JOHN DOE INDIVIDUALS 1-10, and ABC COMPANIES 1-10,<br><br>Defendants. | C.A. No.: 1:22-cv-1574-JLH-SRF |

1

## **MEMORANDUM ORDER**

At Wilmington this **19th** day of **December, 2025**, presently before the court in this consolidated civil action for racketeering, fraud and related state law claims is the motion for leave to amend the first amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), filed by Plaintiffs, individually, and on behalf of others similarly situated.[1] (D.I. 259) For the following reasons, Plaintiffs' motion to amend is DENIED.

**1. Background.** On November 10, 2022, Plaintiffs filed the original complaints[2] against VBit Technologies Corp, VBit Mining LLC, Advanced Mining Group ("VBit Entities"), and Dahn Cong Vo a/k/a Don Vo, Phuong D Vo a/k/a Katie Vo, Sean Tu, and Jin Gao, collectively, ("Defendants") accusing Defendants of perpetrating a massive "Bitcoin mining Ponzi scheme" that duped the Plaintiffs into buying so-called "mining packages." (D.I. 1 at 1, D.I. 1 at 1)

**2.** Following an initial round of motion practice by the individual Defendants, Gao (D.I. 30) and Katie Vo (D.I. 33), the original complaints were dismissed without prejudice and leave to amend was granted. (D.I. 128, adopting Report and Recommendation D.I. 112) Defaults in appearances were entered against the Vbit Entities. (D.I. 107), and individual Defendant Danh Cong Vo. (D.I. 62)

**3.** The First Amended Complaint ("FAC") asserts two counts under the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. §§ 1962, 1964 and various state law claims. (D.I. 131 at 57-71)

---

[1] Briefings and related filings are found at: D.I. 265; D.I. 266; D.I. 267; D.I. 270. The court denied the unopposed motion to file the instant motion under seal. (D.I. 263)
[2] The cases were consolidated for all purposes on November 6, 2023. (D.I. 136, D.I. 51 in C.A. No.: 1:22-cv-1574)

**4.** The individual Defendants Katie Vo and Gao briefed a second round of motions to dismiss (D.I. 140, D.I. 145) which were denied. (D.I. 178, adopting Report and Recommendation D.I. 171) All individual Defendants answered the amended pleading and discovery commenced in or around December of 2024. (D.I. 144, D.I. 181, D.I. 183)

**5.** On December 16, 2024, the court entered a scheduling order. (D.I. 184) The order required the completion of discovery on or before July 25, 2025, and scheduled the case for trial beginning on May 16, 2026. *Id.*

**6.** On July 21, 2025, the court granted Defendants' unopposed motion to extend certain deadlines in the scheduling order. (D.I. 235) The deadlines for the completion of fact and expert discovery were extended to September 5, 2025, and September 29, 2025, respectively. *Id.* The parties did not seek any extension of the original scheduling order's deadline for amending pleadings which had expired on March 10, 2023. (D.I. 45 ¶ 2)

**7.** Plaintiffs filed the instant motion for leave to amend on September 22, 2025, more than two years after the deadline in the scheduling order had expired. (D.I. 259) By way of their motion for leave to amend, Plaintiffs seek to add voidable transfer claims in proposed new counts XI and XII against Defendants Katie Vo and Gao, respectively, under the Pennsylvania Uniform Voidable Transactions Act (PUVTA) 12 Pa. C.S.A. § 5104(a). (D.I. 259, Ex B at 58-60) The individual Defendants oppose any further amendments to the operative complaint. *Pro se* Defendant, Sean Tu, opposes the amendment, even though it does not propose to amend the claims asserted against him in the operative pleading. (D.I. 267) Therefore, it is not necessary to separately address Defendant Tu's arguments, which are largely duplicative of those asserted by Defendants Gao and Katie Vo. On October 13, 2025, Plaintiffs submitted their reply brief. (D.I. 270) Oral argument was held on November 18, 2025.

3

**8. Legal Standard.** Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, a party may amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend lies within the discretion of the court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *See Dole v. Arco,* 921 F.2d 484, 487 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman,* 371 U.S. at 182; *In re Burlington,* 114 F.3d at 1434.

If a party seeks leave to amend after a deadline imposed by the scheduling order, the court must apply Rule 16 of the Federal Rules of Civil Procedure. *See WebXchange Inc. v. Dell Inc.,* C.A. No. 08-132-JJF, 2010 WL 256547, at *2 (D. Del. Jan. 20, 2010). A court-ordered schedule "may be modified only for good cause and with the judge's consent." Fed. R. Vic. P. 16(b)(4). "The good cause element requires the movant to demonstrate that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner." *Venetec Int'l v. Nexus Med.,* 541 F. Supp. 2d 612, 618 (D. Del. 2010). The focus of the good cause injury is on diligence of the moving party, rather than on prejudice, futility, bad faith, or any of the other Rule 15 factors. *See Glaxosmithkline LLC v. Glenmark Pharms inc.,* C.A. No. 14-877-LPA-CJB, 2016 WL 7319670, at *1 (D. Del. Dec. 15, 2016). Only after having found the requisite showing of good cause will the court consider whether the proposed amended pleading meets the Rule 15(a) standard. *See E. Minerals & Chems. Co. v. Mahan,* 225 F.3d 330, 340 (3d Cir. 2000).

4

**9. Discussion.** Plaintiffs' motion for leave to amend the first amended complaint is DENIED. As the movants, Plaintiffs bear the burden of showing that they exercised due diligence in seeking the proposed amendment under Rule 16(b)(4). *See, Cordance Corp. v. Amazon.com, Inc.,* 255 F.R.D. 366, 371 (D. Del. 2009) ("The good cause element requires the movant to demonstrate that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner.") Defendants oppose Plaintiffs' Motion for Leave to Amend for the following reasons: (1) Plaintiffs lack good cause to amend under Rule 16(b)(4); (2) Defendants would be unduly prejudiced; and (3) the amendment would be futile. (D.I. 266 at 2-3)

**10. *Rule 16(b)(4)*.** Plaintiffs' opening brief in support of their motion fails to address the applicable good cause standard for motions to amend filed after the scheduling order deadline to amend pleadings has passed. (D.I. 259 at 3, D.I. 45 at 14) Plaintiffs' arguments under the Rule 15(a)(2) standard do not apply unless and until good cause has been shown under Rule 16(b)(4) where, as here, the deadline for amending pleadings has expired. *See E. Minerals & Chems. Co. v. Mahan,* 225 F.3d 330, 340 (3d Cir. 2000).

In addition, the record before the court does not support a finding that Plaintiffs exercised diligence in seeking the proposed amendments. Plaintiffs state in conclusory fashion that they should be permitted to amend the complaint for a second time because "the motion is in the interest of justice." (D.I. 259 at 2) Plaintiffs fail to address why they did not seek leave to amend earlier in the case.

**11.** Plaintiffs' arguments in the opening brief focus solely on the merits of their proposed cause of action under the PUVTA. In support of their merits-based argument, Plaintiffs rely extensively on an out-of-Circuit case, *Scholes v. Lehmann, et al.,* 56 F.3d 750 (7th

5

Cir. 1995). Aside from the fact that it is not binding precedent, *Scholes* is inapposite to the pending motion. In *Scholes*, the court affirmed a summary judgment ruling permitting a court-appointed receiver to pursue fraudulent conveyance claims against certain individuals who had allegedly profited from money obtained from investors duped by fraudulent representations in a Ponzi-like scheme. *Id* at 762. The Court allowed the receiver to pursue recovery from the ex-wife of the alleged mastermind of the scheme and from an investor to the extent of his profits in excess of his initial investment. *Id*. The case has nothing to do with the standard for late amendments to the pleadings.

12. Plaintiffs argue for the first time in their reply that, during discovery, new facts were revealed in July of 2025, that form the basis for the PUVTA claim. (D.I. 270 at 4). Plaintiffs represent that the new facts include documents revealing alleged fraudulent transfers made to Defendant, Katie Vo, from her ex-husband, Co-Defendant, Dahn Cong Vo, and documents demonstrating the extent to which Defendant, Gao, benefited financially from the alleged fraudulent transfers. (D.I. 270 at 4–5) On the other hand, Defendants point out that there are no new facts that were not previously disclosed in discovery. Defendant Gao argues that Plaintiffs were in possession of documents summarizing Gao's relevant financial transactions in bitcoin well before Gao's August 12, 2025, deposition and questioned him at the deposition about the transactions. (D.I. 266, Ex. A at 8-14) In addition, Plaintiffs possessed information regarding transfers paid from Co-Defendant Dahn Cong Vo to Defendant Katie Vo, as early as October of 2023, because such transfers are referenced within the operative complaint. (D.I. 131 ¶ 94) Based on the foregoing, the record before the court does not support a finding that Plaintiffs exercised diligence in seeking the proposed amendment.

13. ***Rule 15(a)***. Defendants Gao and Katie Vo argue that, aside from Plaintiffs' lack of diligence, Plaintiffs should be denied leave to amend because Defendants would be unduly prejudiced, and the proposed amendment is futile. With respect to prejudice, Defendants argue that the amendment would necessitate reopening discovery and further delay a resolution of the case. Defendants contend that reopening discovery at this stage of litigation would necessitate costly and extensive additional discovery, and another round of motions related to complex, multi-factor PUVTA claims. (D.I. 265 at 6, D.I. 266 at 8) In their reply brief, Plaintiffs argue that no additional discovery is required as relevant information regarding their claims under PUVTA has already been produced. (D.I. 270 at 6) Plaintiffs represent that the factual predicates for the PUVTA claims are "substantially the same as the claims in the operative FAC." (D.I. 259 at 5) Plaintiffs' argument is inconsistent with their contention that they exercised diligence in seeking leave to amend. If the same core facts and discovery support all claims Plaintiffs seek to assert, then no reasonable basis exists for not asserting them sooner.

14. Even if the Plaintiffs could demonstrate that they acted diligently, the proposed amendment is futile. "In assessing futility, the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (internal citations omitted). In the Third Circuit, to survive a 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); see also *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). A claim is plausible when the facts alleged allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Threadbare recitals of the elements of a cause of

action or conclusory statements are insufficient. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

15. Plaintiffs' proposed amendments fail to identify any of the statutory elements of the PUVTA nor how the elements apply to each of the individual Defendants. For example, there are eleven factors for determining actual intent under 12 Pa. C.S.A. § 5104(b), but none of them are mentioned in either of the proposed counts, XI and XII, against Defendants Katie Vo and Gao, respectively. (D.I. 259, Ex B at 58-60) Accordingly, the proposed additional counts are conclusory and fail to describe Plaintiffs' theories of PUVTA liability against each Defendant, therefore, the proposed amendment counts, XI and XII, do not cross the threshold of plausibly pleaded claims.

16. **Conclusion.** For the foregoing reasons, Plaintiffs' motion for leave to file a second amended complaint is DENIED. (D.I. 259) This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

17. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated November 21, 2025, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge