# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROSS DETTMERING, FRANCIS MANGUBAT, and all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>VBIT TECHNOLOGIES CORP., VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, PHUONG D VO a/k/a KATIE VO, SEAN TU, JIN GAO, and JOHN DOE INDIVIDUALS 1-10, and ABC COMPANIES 1-10,<br><br>Defendants. | C.A. No. 22-1482-JLH-SRF |
| MICHAEL EICHLER, and all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>VBIT TECHNOLOGIES CORP., VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, PHUONG D VO a/k/a KATIE VO, SEAN TU, JIN GAO, and JOHN DOE INDIVIDUALS 1-10, and ABC COMPANIES 1-10,<br><br>Defendants. | C.A. No. 22-1574-JLH-SRF |

## [PROPOSED] ORDER

Upon consideration of Plaintiffs' Motion for Class Certification and accompanying Memorandum, any opposition thereto, and any further briefing and argument thereon, it is hereby ORDERED that the Motion is GRANTED. The Court makes the following determinations as required by Federal Rule of Civil Procedure 23:

1. Pursuant to Rule 23(c)(1)(B), the Class, which shall hereinafter be denominated the "Class," is defined as follows:

> All persons or entities who, at any time up to the present ("Class Period"), entered into an agreement to purchase, acquire or lease Bitcoin mining equipment from Defendants that withdrew less in Bitcoin from their VBit virtual wallet than paid towards their Bitcoin Mining Packages. Excluded from the Class are Defendants, any parent, subsidiary, affiliate, agent, or employee of any Defendant, any co-conspirator and any governmental entity. Also excluded from the Class are residents of Washington State.

2. Pursuant to Rule 23(a)(1), the Court determines that the Class, which includes more than 5,000 members is so numerous that joinder of all members is impracticable and thus the numerosity requirement has been satisfied.

3. The Court also determines that the commonality requirement of Rule 23(a)(2) is satisfied because Plaintiffs have alleged one or more central questions of fact or law common to the Class, including whether Defendants knew or should have known that VBit was a fraudulent scheme and agreed to participate in or to facilitate that scheme.

4. The Court hereby approves the following individuals as representatives of the Class pursuant to Rule 23(a)(3) and finds that these Representatives' claims are typical of the claims of the Class: Ross Dettmering, Francis Mangubat, and Michael Eichler. The claims of the Representative Plaintiffs and Class members rely on the same legal theories and arise from the same alleged conspiratorial conduct by Defendants, namely, their participation in the fraudulent VBit Bitcoin mining scheme.

5. The Court also finds that the Representative Plaintiffs will fairly and adequately protect the interests of the Class in satisfaction of the requirements of Rule 23(a)(4) because: (1) the interests of the Representative Plaintiffs are consistent with those of the Class members; (2) there appear to be no conflicts between or among the Representative Plaintiffs and the other Class

members; (3) the Representative Plaintiffs have been and appear to be capable of continuing to be active participants in the prosecution of this litigation; and (4) the Representative Plaintiffs and the Class members are represented by qualified, reputable counsel, who are experienced in prosecuting complex class actions, including those concerning violations of RICO.

6. The Court further finds that Rule 23(b)(3) is satisfied because questions of law or fact common to members of the Class predominate over questions affecting only individual members of the Class. The Court has evaluated the evidence put forward by the Plaintiffs in support of class certification, including, but not limited to, the expert reports of Thomas Magbee. Upon evaluating all the evidence, the Court finds that Plaintiffs have met their burden of establishing predominance of common issues under Rule 23(b). Plaintiffs' claims are capable of being established with evidence predominantly common to the Class as a whole. Furthermore, Plaintiffs have presented a workable means of computing damages to the Class, and which will not require individualized evidence.

7. A class action would be superior to other available methods for a fair and efficient adjudication of this litigation. In making these findings, the Court has considered, *inter alia*: (1) the interest of the Class members in individually controlling the prosecution of separate actions; (2) the impracticality or inefficiency of prosecuting separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and, (4) the desirability of concentrating the litigation of the claims in a particular forum.

8. The Court also determines that this litigation would be manageable at trial as a class action because it will focus on common evidence and issues that apply to all Class members.

9. The Court approves Saltz Mongeluizzi Bendesky and Langer, Grogan & Diver PC as Co-Lead Counsel, and Chimicles Schwartz Kriner & Donaldson-Smith LLP as Liaison Counsel

for the above class. The Court finds that counsel for the Class have prosecuted this litigation effectively to date, and, having considered the factors provided in Rule 23(g)(1)(A), hereby confirms the respective appointments as counsel for the Class pursuant to Fed. R. Civ. P. 23(c)(1)(B) and 23(g).

**IT IS SO ORDERED.**

Dated: _____    _____
United States Magistrate Judge